**NOT FOR PUBLICATION**                                      **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRIE RUSSELL-BROWN,<br><br>                      Plaintiff,<br><br>        v.<br><br>THE UNIVERSITY OF FLORIDA<br>BOARD OF TRUSTEES et al.,<br><br>                     Defendants. | **Civil Action No. 09-2479 (SRC)**<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to dismiss or transfer venue filed by Defendants The University of Florida Board of Trustees, The University of Florida Levin College of Law, and Robert H. Jerry, II (collectively, "Defendants"). The Court has considered the parties' submissions in support of and in opposition to this motion. Pursuant to Federal Rule of Civil Procedure 78, it rules on the motion based on the papers submitted. For the reasons that follow, the Court grants Defendants' motion and transfers this action to the United States District Court for the Northern District of Florida.

      In brief, the Complaint alleges, *inter alia*, that Plaintiff had been employed by the University of Florida Levin College of Law (the "Law School") and that she experienced adverse employment actions on account of her race, in violation of Title VII. The Complaint contains fifteen counts, two of which allege violations of Title VII.

Although the general venue statute, 28 U.S.C. § 1391, governs some of the claims in the Complaint, Title VII claims are subject to their own, more restrictive venue provisions. Rojas v. Trans States Airlines, 204 F.R.D. 265, 267 (D.N.J. 2001). According to the relevant provisions of Title VII, an action under the statute for employment discrimination may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3).

As to the facts relating to venue, the Complaint alleges that Plaintiff "returned to academic service <u>at</u> the Law School on January 5, 2007." (Compl. ¶ 47) (emphasis added). The Complaint refers to a number of adverse employment actions performed in the State of Florida. (Compl. ¶¶ 48-51, 58, 61, 62, 64, 67, 69.) Plaintiff alleges that, fearing for her safety, she moved from Florida to New Jersey at some point in 2007. (Compl. ¶ 70.) The Complaint alleges that Plaintiff and personnel at the Law School communicated on several occasions while she was at her residence in New Jersey. (Compl. ¶¶ 72, 74, 83.)

Defendants are correct that the Complaint alleges no facts that would support laying venue in the District of New Jersey under any of the criteria specified by the statute. The unlawful employment practices of which Plaintiff complains were allegedly committed in Florida. The Complaint does not allege that the unlawful employment practices were committed anyplace but Florida. Plaintiff does not allege that the Law School maintained or administered its employment records in New Jersey, nor that the job required her to work in New Jersey, such

that the judicial district in which she would have worked but for the alleged unlawful employment practice was in New Jersey. But for the alleged unlawful employment practices, it appears that Plaintiff would have taught law school in Florida.

As to venue, Plaintiff objects to Defendants' motion on two grounds: 1) Plaintiff contends that the first prong of the venue provision should be read broadly and should include a district in which the plaintiff felt the effects of the alleged discrimination; and 2) Plaintiff contends that her work in her New Jersey home office comes within the third prong of the venue provision. These arguments rely on allegations not contained in the Complaint, but supported by an additional affidavit by Plaintiff, that she often worked in a home office in New Jersey during her employment with the Law School. Plaintiff does not argue that her employer committed any unlawful employment practices in New Jersey.

As to the first argument, Plaintiff relies on Passantino v. Johnson & Johnson Consumer Products, Inc., a Ninth Circuit decision which held that venue under Title VII is proper "both in the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." 212 F.3d 493, 506 (9th Cir. 2000). This Court finds that Passantino's holding is at odds with the plain language of 42 U.S.C. § 2000e-5(f)(3), which clearly defines the bases for venue and which is unambiguous.[1] The Ninth Circuit's broadening of the scope of the venue provision has no basis in the statutory language. Furthermore, that Court found its justification for the expansion in the law of personal jurisdiction. Id. at 505. Passantino does not convince this Court that the concepts of venue and personal jurisdiction

---

[1] The Ninth Circuit stated that the Title VII venue provision was ambiguous. Id. at 505 n.8. This Court does not discern the ambiguity.

should be blended, nor is there anything in the language of 42 U.S.C. § 2000e-5(f)(3) that would suggest that Congress intended that courts should do so.

Moreover, the Passantino Court broadened the scope of the provision in the context of fairness concerns not present in the instant case. The Passantino Court explained its concerns as follows:

> It is of more concern that national companies with distant offices might try to force plaintiffs to litigate far away from their homes, as CPI seeks to do here. Forcing the plaintiff to litigate in a federal court on the other side of the country would significantly increase the plaintiffs' costs of prosecuting her action. CPI's theory would create a substantial burden on plaintiffs working for national sales companies, a burden inconsistent with the beneficent purposes of Title VII.

Id. at 505. In the instant case, Plaintiff does not allege that the Law School is a national company. Nor does Plaintiff allege that her trips to New Jersey were beneficial to her employment. Unlike national sales or service companies, which may benefit from having employees in home offices spread across the nation, schools tend to get little benefit from having teaching staff far from the students. The Ninth Circuit was concerned about the fairness of a national company's employing workers in home offices in distant places but then forcing employees to litigate far from home. Here, the equities weigh differently: it seems unfair for the employee of a company that is not national, and which has not been alleged to have benefitted from Plaintiff's maintaining a distant home office, to force the company to litigate on the other side of the country. The Passantino Court's fairness concerns are not present in the instant case. Rather, a balancing of the equities tips toward the other side.

Second, Plaintiff points to an unreported decision by a sister court to this Court in Dean v. Handysoft Corp., 2005 WL 362662 (E.D.Pa. 2005), following Passantino. This is unpersuasive

for two reasons. First, as just discussed, this Court disagrees with the legal reasoning of Passantino. Second, again, Dean is factually similar to Passantino and distinguishable from the instant case. In Dean, the employee lived and worked in a home office in a distant state because his employer needed him there to service local customers. Id. at *1. No such allegations have been made here. The Court found that Dean's use of a home office came within the scope of the provision laying venue in the district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

This appears entirely fair in the context of Dean's facts, but not so here. Plaintiff has not alleged that the Law School sought to have her work in New Jersey, nor that the Law School benefitted from her working in New Jersey, as opposed to Florida. Plaintiff, in short, has pointed to no equitable considerations which call for a broadening construction of the venue provision. The district in which the aggrieved person would have worked, but for the alleged unlawful discrimination, is the Northern District of Florida.

Lastly, Plaintiff argues that Defendants have failed to show that a transfer of venue is warranted under 28 U.S.C. § 1404(a). Because this Court has concluded that venue in this District is not proper, § 1404(a) does not apply.

This Court finds that venue for Plaintiff's Title VII claims does not lay in the District of New Jersey. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." It is in the interest of justice for this case to be transferred to the Northern District of Florida, where, pursuant to Title VII's venue provision, the action could have been brought.

Accordingly, for the foregoing reasons,

**IT IS** on this 7th day of December, 2009,

**ORDERED** that Defendants' motion to transfer venue [Docket Entry No. 11] be and hereby is **GRANTED**; and it is further

**ORDERED** that this action be and hereby is **TRANSFERRED** to the United States District Court for the Northern District of Florida; and it is further

**ORDERED** that this case is **CLOSED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge