IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                                    CASE NO. 1:09-cv-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

    Defendants.
_____/

## DEFENDANTS' MOTION TO WITHDRAW EXHIBITS FROM THE PUBLIC RECORD AND FOR LEAVE TO RE-FILE EXHIBITS UNDER SEAL

Defendants, the University of Florida Board of Trustees, the University of Florida, Levin College of Law, and Robert H. Jerry, II, by and through their undersigned counsel and pursuant to Fed.R.Civ.P. 5.2, hereby move to withdraw from the public record Exhibit Nos. 3 through 11, attached to the Declaration of Robert H. Jerry, II, filed in support of Defendants' Motion to Dismiss Complaint or, Alternatively, for Summary Judgment [Doc. 6], and seek leave to re-file those exhibits, which reference medical information concerning plaintiff Sherrie Russell-Brown, under seal. The grounds upon which the instant motion is based set forth below in the following Supporting Memorandum of Law.

# SUPPORTING MEMORANDUM OF LAW

## I.

## PRELIMINARY STATEMENT

On August 7, 2009, defendants filed a Motion to Dismiss Complaint or, Alternatively, for Summary Judgment ("motion to dismiss") in the United States District Court for the District of New Jersey. [Doc. No. 6]. Defendants requested that this action be dismissed for improper venue, or be transferred to this Court, where plaintiff initially had filed her claims.

Defendants' motion to dismiss also requested dismissal of plaintiff's claims because the Separation Agreement and General Release she executed upon her resignation from the University of Florida, Levin College of Law bars such claims. In addition, defendants asserted that they were entitled to judgment as a matter of law on plaintiff's Family and Medical Leave Act ("FMLA") claim. On December 7, 2009, the United States District Court for the District of New Jersey granted defendants' motion to transfer venue to this Court but did not reach the other grounds raised in defendants' motion to dismiss.

Plaintiff subsequently filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC") (Charge No. 510-2010-01318), alleging, *inter alia,* that defendants unlawfully retaliated against her by publically disclosing her FMLA medical certification in contravention of FMLA regulations. Plaintiff's allegation apparently stems from defendants' filing of Exhibit Nos. 3 through 11, attached to the Declaration of Robert H. Jerry, II, in support of defendants' motion to dismiss.

Exhibit Nos. 3 through 11 to Jerry's Declaration consist of email and written correspondence regarding plaintiff's medical condition, a medical certification form, and a leave of absence request, the filing of which were necessary to demonstrate that plaintiff's FMLA claim lacks merit.

## II.

## ARGUMENT

At the outset, defendants believe that their filing of the referenced exhibits was neither improper nor retaliatory. Defendants did so based on a good faith belief that their actions were not in violation of the FMLA and were necessary to defend against plaintiff's FMLA claim.

29 C.F.R. § 825.500(g), the regulation issued by the Department of Labor[1], which sets forth an employer's recordkeeping and confidentiality obligations under the FMLA, states:

> Records and documents relating to certifications, recertifications or medical histories of employees or employees' family members, created for purposes of FMLA, shall be maintained as confidential medical records in separate files/records from the usual personnel files, and if the ADA, as amended, is also applicable, such records shall be maintained in conformance with ADA confidentiality requirements (see 29 CFR 1630.14(c)(1)), except that:
>
> (1) Supervisors and managers may be informed regarding necessary restrictions on the work or duties of an employee and necessary accommodations;
>
> (2) First aid and safety personnel may be informed (when appropriate) if the employee's physical or medical condition might require emergency treatment; and
>
> (3) Government officials investigating compliance with FMLA (or other pertinent law) shall be provided relevant information upon request.

The regulation does not address whether its requirements extend to the litigation context and undersigned counsel's research did not disclose any ruling on that issue. However, if Section 825.500(g) were to applied to the litigation context, employers would be in the untenable position of being unable to defend themselves against FMLA claims. It would be fundamentally unfair for employers not to be able to rely on a plaintiff's own submissions regarding her medical condition after a plaintiff injected those issues into a proceeding by raising an FMLA claim. Moreover, courts

---

[1] The FMLA itself is silent as to confidentiality obligations. 29 U.S.C. § 2601, *et seq.*

would be unable to reference or make use of information contained in medical certifications in ruling on FMLA claims.

Such an outcome would be inconsistent with courts' frequent reference to information contained within medical certifications in determining whether a FMLA violation has occurred. *See, e.g. Drago v. Jenne*, 453 F.3d 1301, 1306 (11th Cir. 2006) (relying on FMLA certification signed by psychologist, which stated that plaintiff did not have a serious health condition, to affirm district court's grant of summary judgment in employer's favor); *Andrews v. CSX Transp., Inc.*, 2009 WL 5176462, at *10 (M.D. Fla. Dec. 22, 2009) (citing medical certification letter); *Aboukora v. Keebler Co.*, 2006 WL 839238, at *9 (M.D. Ga. March 30, 2006) (directly quoting from plaintiff's medical certification, at length, to conclude that genuine issues of material fact existed concerning plaintiff's FMLA interference claim); *Baldwin-Love v. Elec. Data Sys. Corp.*, 307 F. Supp. 2d 1222 (M.D. Ala. 2004) (citing to record evidence, including plaintiff's medical certification form, and other doctors' notes, in granting summary judgment in favor of employer on plaintiff's FMLA claims).

Here, although plaintiff placed her medical condition in issue by asserting that defendants violated the FMLA, defendants seek, in an abundance of caution, to withdraw from the public record Exhibit Nos. 3 through 11 of Jerry's Declaration and to re-file them under seal. Doing so should alleviate plaintiff's concern that her medical information is available in the public record.

Rule 5.2 of the Federal Rules of Civil Procedure governs privacy protection for Court filings, and affords the Court discretion to allow a filing to be made under seal. Although there is a common law right of access to judicial records, such a right is not absolute. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The standard governing the right of access as it applies to particular documents requires the court to balance the competing interests of confidentiality and the right of public access on a case by case basis." *Id.* at 1312, 1313-15. In determining that interests favoring non-disclosure justify restricting the public's access, the court "must restrict access in a way that will minimize the burden on the public's right . . . by sealing or redacting only those records or portions thereof that contain sensitive information." *Curry v. McNeil*, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009).

Courts have, in some instances, sealed documents referencing a party's medical information from public access, so long as the request is narrowly tailored and the exhibits are specifically identified. *See Smith v. Daniels*, 2009 WL 2044653, at *1 (N.D. Ga. July 8, 2009) (only plaintiff's medical records, and not the entire court file, be sealed from public access); *U.S. v. Bradley*, 2007 WL 1703232 (requests to seal certain records must be specific and narrowly tailored) (*citing Keenan v. Town of Gates*, 414 F. Supp. 2d 295, 296 (W.D.N.Y. 2006), where the court denied a plaintiff's request to seal medical records because plaintiff sought to seal the entire record, rather than individual documents, and did not identify confidential information with any particularity).

In short, defendants respectfully request that the Court allow them to withdraw Exhibit Nos. 3 through 11 of Jerry's Declaration and re-file them under seal to assuage plaintiff's privacy concerns. Because this request is specific and narrowly tailored to particular exhibits, the public's access to the Court file will not be unduly restricted.

### III.

### CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court enter an Order granting them leave to withdraw Exhibit Nos. 3 through 11, attached to Jerry's Declaration, from the public record, and granting defendants leave to re-file those exhibits under seal.

## CERTIFICATE OF CONFERENCE

Undersigned counsel hereby certifies that, in compliance with N.D. Fla. Loc.R.7.1(B), he has conferred with opposing counsel in good faith effort to resolve by agreement the issues raised in the instant motion, and that counsel have not been able to reach agreement on the relief sought herein.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5704
Facsimile: (813) 318-5900

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 26th, 2010 I served the foregoing by electronic and U.S. Mail upon the following:

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 W. 111th Street
New Your, NY 10026

/s/ Richard C. McCrea, Jr.
**Attorney**