IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                                                          CASE NO. 1:09-cv-00257-MP-AK

ROBERT H JERRY, II, LEVIN COLLEGE OF LAW, THE UNIVERSITY OF FLORIDA, THE
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Motion for Entry of Default by Clerk and for Default Judgment by Sherrie Russell-Brown, Doc. 58. Plaintiff argues that Defendants' Answer, Affirmative Defenses, and Counterclaim are a "nullity" because they were "not verified personally by the Defendants," and therefore that she is entitled to a default judgment. Defendants promptly responded, Doc. 61.

On April 27, 2010, Plaintiff filed a Notice, Doc. 57, which asserted that Defendants' responsive pleadings were a "nullity." The Notice maintained that, because Plaintiff's Complaint was verified, "every subsequent pleading must also be verified, unless verification is excused." Plaintiff's Notice failed to cite a single point of authority in support of Plaintiff's argument.

On April 29, 2010, Defendants sent a letter to Plaintiff's counsel requesting Plaintiff provide, by May 4, 2010, some legal authority supporting Plaintiff's asserted proposition that Defendants' responsive pleadings must be verified. Doc. 61, Ex. 1. Rather than responding to the correspondence, Plaintiff filed the instant motion for default.

Federal Rule of Civil Procedure 11(a) provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified. . .." There is no verification requirement in the Fed.R.Civ.P. or any of the federal statutes under which Plaintiff has asserted claims. The only applicable case research has disclosed is contrary to Plaintiff's asserted proposition. <u>Harris Technical Sales, Inc. v. Eagle Test Systems, Inc.</u>, 2007 U.S. Dist. LEXIS 48044 (D. Ariz. June 29, 2007) (District court denied plaintiff's motion to compel verified answer, holding "[p]laintiff has not pointed to, nor is the court aware of any, federal rule or federal statute mandating verification of answers."). Plaintiff's counsel failed also to include any argument for the reversal of this rule of law, or the modification or extension of any rule of law that would entitle Plaintiff to relief. Accordingly, this Court agrees with Defendants that Plaintiff's proposition is legally unfounded. Defendants' responsive pleadings need not be verified.

Additionally, Defendants mention that counsel for Plaintiff failed to make any effort to conciliate Plaintiff's motion under Local Rule 7.1(B). Local Rule 7.1(A) requires memoranda of law in support of all motions except those listed, and lists application for default specifically. Local Rule 7.1(B) requires counsel for the moving party to confer with opposing counsel prior to filing motions, except the types of motions listed, and lists motions for which memoranda are not required under Local Rule 7.1(A) specifically. Thus, prior conference is not required before the filing of an application for default such as this one, though it is also not prohibited.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Motion for Entry of Default by Clerk, Doc. 58, is DENIED.

2. Counsel for Plaintiff is directed to SHOW CAUSE by May 21, 2010 why he should not be sanctioned under Fed.R.Civ.P. 11 for filing a motion without legal

basis, and without argument as to why existing law should be extended or modified.

**DONE AND ORDERED** this  *4th* day of May, 2010

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
