IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

                                         CASE NO. 1:09-cv-00257-MP-AK

    v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DOC. 62)

Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown"), by and through her undersigned Counsel, respectfully responds to the Court's Order to Show Cause (Doc. 62), dated May 4, 2010 as follows:

    1.    Because court-initiated sanctions under Fed.R.Civ.P. 11(c)(3) do not involve the "safe harbor" provision contained in Fed.R.Civ.P. 11(c)(1)(2), with the opportunity to withdraw or to correct the challenged submission, the Eleventh Circuit has held that the initiating Court must employ a higher standard ("akin to contempt") than in the case of party-initiated sanctions. See Kaplan v. Daimlerchrysler, A.G., 331 F.3d 1251, 1255-56 (11th Cir. 2003). *Sua sponte* Rule 11 sanctions are reviewed by the Eleventh Circuit, therefore, with "particular stringency." Id. at 1255.

    2.    Respectfully, Ms. Russell-Brown's Motion for Entry of Default (Doc. 58) does not meet the contempt-of-court standard. It was not an "outlandish" motion. Id. at 1256. Further, as the Court explained in its Order (Doc. 62), "Local Rule 7.1(A) requires memoranda of law in support

of all motions except those listed, and lists application for default specifically." Consequently, by not including legal authority, Ms. Russell-Brown's Motion did not violate the Local Rules. Moreover, the Motion was modelled after a Motion for Clerk's Entry of Default filed with Your Honor March 30, 2009, in the matter of *Exactech, Inc. v. Diamicron, Inc.*, Case No. 1:09-cv-7 (Doc. 6), which also did not include case law. Finally, and most importantly, there is legal authority in support of Ms. Russell-Brown's Motion for Entry of Default.

3. For example, according to *Corpus Juris Secundum*, the general rule is that, "if any pleading or a particular pleading is verified, all subsequent pleadings of fact must be verified." 71 C.J.S. *Pleading* § 490 (2009). In addition, "[a]n unverified pleading subsequent to a pleading which is verified is a nullity." Id. Federal courts may look to such sources as the restatement of law, treatises, law review commentary, and the "majority rule." See Nat'l Shipping Co. of Saudi Arabia v. S. SS. Agency, Inc., 817 F.2d 717, 719 (11th Cir. 1987).

4. By contrast, the Defendants cite to one case in their Responsive Memorandum (Doc. 61, ¶ 4) in support of their argument that Ms. Russell-Brown's pronouncement, that Defendants' responsive pleading is a nullity because it was not verified, is legally unfounded, Harris Technical Sales, Inc. v. Eagle Test Sys., Inc., 2007 U.S. Dist. LEXIS 48044 (D. Ariz. June 29, 2007), an unreported case from a district court outside the Eleventh Circuit, which is neither binding nor persuasive authority. See 11th Cir. R. 36-2; see, e.g., Kneebusch v. Mutual of Omaha Ins. Co., No. 8:06-CV-1976-T-17TBM, 2007 WL 1174121, at *2 (M.D.Fla. April 18, 2007).

5. In addition, the Defendants further erroneously argued that Ms. Russell-Brown's Motion for Entry of Default should be denied because her counsel failed to conciliate the Motion, when Local Rule 7.1(B)(1) plainly provides that prior conference is not required. (Doc. 61, ¶ 8). And, there are other deficiencies with the Defendants' Responsive Memorandum, including that

most of the cited cases within the Eleventh Circuit, are unreported cases which are not binding (Doc. 61, ¶ 7, n.3, ¶¶ 7-9).

6. In sum, Ms. Russell-Brown's counsel did not act in bad faith in filing the Motion for Entry of Default. The Motion was not filed for any improper purpose and the legal contentions therein were warranted by existing law.

WHEREFORE, Plaintiff's counsel respectfully requests this Court not to impose sanctions.

DATED this 20th day of May, 2010.

                                          Respectfully submitted,

                                          /s/ Lennox S. Hinds
                                          Lennox S. Hinds
                                          New York Bar No. 8196
                                          Stevens, Hinds & White, PC
                                          116 West 111th Street
                                          New York, NY 10026-4206
                                          (212) 864-4445
                                          (212) 222-2680 (fax)
                                          lawfirmshw@yahoo.com
                                          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 20, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff