IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

Plaintiff,

v. CASE NO. 1:09-cv-00257-MP-AK

ROBERT H JERRY, II, LEVIN COLLEGE OF LAW, THE UNIVERSITY OF FLORIDA, THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,

Defendants.

_______________________________/

**O R D E R**

This matter is before the Court on Motion for Recusal by Sherrie Russell-Brown, Doc. 76. In this motion, Plaintiff alleges that the court's impartiality might reasonably be questioned in this proceeding and therefore this court should recuse itself. Defendants have responded, Doc. 82. Recusal of federal judges is governed by 28 U.S.C.A. § 455 (West Supp.1989), which provides, in section 455(a), that a "judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although 28 U.S.C.A. § 144 continues to provide for recusal upon affidavit submitted by a party, Congress rewrote section 455 in 1974 for the specific purpose of "broaden[ing] and clarify[ing] the grounds for judicial disqualification." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 2197, 100 L.Ed.2d 855 (1988).

Under the new version of section 455, a judge is under an affirmative, self-enforcing obligation to recuse himself or herself sua sponte whenever the proper grounds exist. Section 455 does away with the old "duty to sit" doctrine and requires judges to resolve any doubts they may have in favor of disqualification. See United States v. Alabama, 828 F.2d 1532, 1540 (11th

Cir.1987), *cert. denied sub nom.* Alabama State Univ. v. Auburn Univ., 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988).

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg, 108 S.Ct. at 2205. Neither actual partiality, nor knowledge of the disqualifying circumstances on the part of the judge during the affected proceeding, are prerequisites to disqualification under this section. The duty of recusal applies equally before, during, and after a judicial proceeding, whenever disqualifying circumstances become known to the judge. See id. at 2202-03. The standard for recusal under section 455(a) is " 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.' " United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir.1989) (*quoting* Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir.1988), cert. denied, 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989)).

28 U.S.C. § 144, on its face, requires a party filing a motion to recuse to support it with a "sufficient" affidavit. The test for legal sufficiency of an affidavit in support of recusal under Section 144 includes showing that the facts are stated with particularity. United States v. State of Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). *See also* Roussel v. Tidelands Capital Corp., 438 F.Supp. 684, 690 (N.D. Ala. 1977) (under Section 144, "[a] minimal requirement would be sufficient detail in the affidavit that the affiant would expose himself to a charge of perjury, if he were guilty of swearing to statements that he knew to be false").

Similarly, 28 U.S.C. § 455(a) does not require a judge to accept as true all allegations

in determining whether a reasonable person would harbor doubts concerning his impartiality. Phillips v. Joint Legislative Committee, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981), cert. denied, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed. 2d 483 (1982). "If a party could bind a judge by its factual allegations in a section 455 motion, free from the formal requirements and more demanding standard of proof of section 144, the result would be a virtual open season for recusal. *Id.* "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. If this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986).

Plaintiff alleges that this Court has gained and continues to gain extra-judicial knowledge of facts in dispute in this case from interaction with the University. Plaintiff fails to explain, either in her memorandum of law or supporting affidavit, how this Court received any extra-judicial knowledge of facts in dispute. Plaintiff likewise fails to explain with any particularity how she comes to assert that this Court has such extra judicial knowledge. Rather, she merely alleges that this Court is Field Supervisor for interns assigned by the Levin College of Law, and then speculates that I have acquired and continue to acquire knowledge of several facts in dispute, such as her leaves of absence and her performance evaluations. Doc. 76, p. 6. She fails to allege any personal knowledge of any meetings or circumstances at which I attained such alleged extra-judicial knowledge.

Courts have repeatedly rejected motions to recuse that were not supported with affidavits based upon personal knowledge. See Henderson v. Department of Public Safety and Corrections, 901 F.2d 1288, 1266 (5th Cir. 1990), (district court had correctly determined that

the affidavit submitted in support of recusal was legally insufficient because it was not based on personal knowledge); Weatherhead v. Globe International, Inc., 832 F.2d 1226 (10th Cir. 1987) (trial judge did not abuse his discretion in denying motion to recuse where, inter alia, the recusal affidavits did not allege personal knowledge of bias and prejudice on the part of the judge and, consequently, were insufficient to warrant recusal); Jaris v. Macey, 2009 U.S. Dist. LEXIS 116961 (E.D. Pa. Dec. 14, 2009) ("his affidavit is insufficient to support recusal because he has not attested the facts within his personal knowledge, rather, he has based his affidavit on conjecture and unfounded belief"); Edwards v. Nestle Beverage Co., 1994 U.S. Dist. LEXIS 238 (E.D. La. Jan. 11, 1994).

Here, plaintiff Russell-Brown's supporting Affidavit does not assert that it is based upon her personal knowledge. *See, e.g.* Pace v. Capabianco, 283 F.3d 1275, 1278-79 (11th Cir. 2002). Moreover, in the hearing conducted on June 9, plaintiff's counsel conceded that Paragraph No. 5 of Plaintiff's Affidavit is based upon nothing more than information and belief. Accordingly, Plaintiff's Affidavit fails to establish, through personal knowledge, that this Court has acquired personal, extra-judicial knowledge of material facts in this case.

As stated during the hearing, this Court has never discussed or allowed to be discussed the facts of Plaintiff's case; has never met with Defendant Jerry concerning Plaintiff's case; has never met with Professor Davis, who actually runs the Levin College of Law internship program, since 2001. As further stated at the hearing, this court does not even supervise the interns assigned by the Levin College of Law, such duties being administered by my career Senior Law Clerk . More importantly, though, there is simply no factual basis for Plaintiff's conclusory allegations. As her affidavit fails to explain how this Court could come into improper contact with the facts of her case, it is insufficient to create an appearance of impropriety in any rational

observer.

Plaintiff's argument may be summarized as follows: I am an alumnus of the University of Florida, and the University of Florida Levin College of Law. I have a student from the Levin College of Law interning in my chambers. *Because* I am an alumnus and have continuing nominal contact with the Levin College of Law, I must have met with and continue to meet with Defendants. *Because* I meet with Defendants, I have discussed her case with them. *Because* I have discussed her case with them, Plaintiff asserts, I have extra-judicial knowledge of facts in dispute and must recuse myself.

Conclusions such as those are not particularly alleged facts within the personal knowledge of the affiant. Because her affidavit does not contain specific facts within her personal knowledge, it is legally insufficient to support recusal. "In passing on the legal sufficiency of the affidavit, the court must assume the truth of the factual assertions even if it knows them to be false." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) (internal citations omitted). "At the same time, the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *Id.* The conclusions asserted by Plaintiff in her affidavit are anything but definite and particularly asserted facts.

Plaintiff is correct to argue that it is not my mere status as an alumnus, or my mere nominal continuing contact with Defendant University, that gives rise to this motion for recusal. Indeed, Plaintiff's counsel admits that such contacts would be insufficient to cause any reasonable observer to question my impartiality. *See* United States v. Alabama, 828 F.2d 1532, 1543 (11th Cir. 1987) (judge's "background and associations" did not justify recusal; Levitt v. University of Texas, 847 F.2d 221 (5th Cir. 1988) (school ties are insufficient to disqualify

judge); McCann v. Communications Design Corp., 775 F.Supp. 1535, 1543-44 (D.Conn. 1991) (same); Lunde v. Helms, 29 F.3d 367, 370-71 (8th Cir. 1994) (no abuse of discretion for failure to recuse when judge was an alumnus of the defendant university's law school, made financial contributions to an alumni organization, and had presented education programs at the university).

Yet, Plaintiff's counsel argues that *because* I have those nominal contacts, I have extra-judicial knowledge of facts in dispute, which he argues is an entirely different matter. Plaintiff's counsel is wrong. No particularly alleged facts connect this Court's status as an alumnus, or as judge who allows an intern to work in chambers, to the alleged extra-judicial knowledge of facts in dispute, making Plaintiff's argument a thinly-veiled simulacrum of an alumni-status argument that Plaintiff's counsel admits is insufficient as a matter of law to support recusal.

Instead of supporting her conclusions with particularly alleged facts, Plaintiff asserts that bias has "manifested itself" in this court's rulings so far in this case. "It is well settled that under either Section 144 or Section 455 an allegation of bias sufficient to require disqualification must demonstrate that the bias is personal as distinguished from judicial in nature. The alleged bias and prejudice, in order to be personal and therefore disqualifying, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" U.S. v. Phillips, 664 F.2d 971, 1002 (5th Cir. 1981) (quoting U.S. v. Grinnell Corp, 384 U.S. 563, 583 (1966). "Thus, a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case. An exception to the general rule that the disqualifying bias must stem from extrajudicial sources is the situation in which 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'" *Id* at 1002-03 (quoting Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975). It appears that Plaintiff is

familiar with the relevant doctrines, and instead of simply asserting that she is upset with this Court's rulings, she avers conclusions of extrajudicial sources to explain her motion practice setbacks.

Plaintiff complains specifically that she was not given an opportunity under Local Rule 7.1(C)(1) to respond to Defendants' Motion to Withdraw Exhibits, Doc. 50, and a Motion for Extension of Time, Doc. 66. Plaintiff does not explain how she is entitled to respond with Memoranda of Law under Local Rule 7.1(C)(1) to motions that do not require a Memorandum of Law under Local Rule 7.1. As neither the Motion to Withdraw Exhibits and Re-File Under Seal, Doc. 50, nor the Motion for an Extension of Time, Doc. 66, require a Memorandum of Law, the party opposing those motions is not entitled to respond to them before they are ruled on by the Court. Additionally, the Court rules routinely on motions such as these (motions for extensions, or to seal previously unsealed documents) without requiring comment from the opposing party.

Additionally, Plaintiff's Motion for Recusal fails to note that in the case of Defendant's request to remove exhibits from the public record and re-file them under seal, Doc. 50, was made to protect her own interests. Defendant requested to seal Plaintiff's medical records after she threatened additional lawsuits for alleged violations of the Family Medical Leave Act non-disclosure provisions based on their exhibits in this lawsuit. Plaintiff fails to explain in her Motion for Recusal how Defendant and the Court's swift action to seal those records, protecting her allegedly private information, is a manifestation of bias against her.

Plaintiff further complains that her allegedly confidential medical information should not be on the record. Plaintiff recites that she did not consent to Defendant filing records with the Court, and did not consent to them being re-filed under seal. The undersigned has not relied on these medical records in any of its legal analysis thus far. Additionally, the Court notes that

Plaintiff could have filed a Motion for Reconsideration of this Court's order granting Defendant's motion to withdraw those exhibits and re-file them under seal, Doc. 56, but she has not. Nor has she filed any motion to strike them from the record. Instead, she merely recites in her Motion for Recusal that it is her opinion that they are irrelevant and should be permanently withdrawn from the record.

Finally, Plaintiff complains of *ex parte* communication between chambers and Defendant's counsel concerning a pending motion. In Plaintiff's Motion to Continue and Extension of Time, Doc. 69, Plaintiff recited that she was unable to reach Defendant's counsel to ascertain if Defendant would oppose the motion. The motion was filed two days before the scheduled hearing that Plaintiff wished to continue, so chambers contacted Defendant's counsel to direct them to file a motion stating their opposition or non-opposition to Plaintiff's motion. The result of the complained-about communication is that the Plaintiff's motion was granted and the hearing continued in order to accommodate Plaintiff's schedule. Plaintiff fails to explain how the Court's grant of relief for Plaintiff would raise a perception of judicial bias against her in a reasonable, informed observer. Nor does Plaintiff describe how this instance of communication is different or more blameworthy than the time she personally called chambers to discuss her case with my law clerk.

In short, Plaintiff notes that I am an alumnus of Defendant law school, and have nominal contacts therewith. Plaintiff is displeased at how the litigation has progressed do far with respect to my rulings on motions. Neither of those two items would raise a doubt in any reasonable observer as to my impartiality. So, Plaintiff concludes that the reason I have ruled as I have on her motions is that I must be having some sort of impermissible *ex parte* communication with Defendants, and that communication must yield some sort of impermissible extra-judicial

knowledge of facts in dispute, and that impermissible knowledge must form in me some impermissible bias. No rational observer would credit Plaintiff's conclusory allegations. No reasonable jurist would hold her affidavit sufficiently pled based on facts of which she has personal knowledge to be legally sufficient to support a motion for recusal. Since recusal is not warranted, there is also no reason to stay this case pending analysis of the recusal request.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Motion for Recusal, Doc. 76, is DENIED.

2. Motion to Stay Regarding Motion for Recusal, Doc. 77, is DENIED.

3. The Clerk is directed to set a live hearing on open motions in this case by separate notice.

**DONE AND ORDERED** this *12th* day of July, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge