IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

CASE NO. 1:09-cv-00257-MP-AK

**PLAINTIFF SHERRIE RUSSELL-BROWN'S MOTION TO RECONSIDER ORDER (DOC. 94) DENYING MOTION TO RECUSE (DOC. 76)**

Pursuant to Fed.R.Civ.P. Rules 54(b), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves for reconsideration of the Court's Order (Doc. 94) denying her Motion to Recuse (Doc. 76). The Court in its Order: 1) applied the wrong legal standard; 2) erroneously failed to consider controlling decisions or data, that might reasonably be expected to alter the conclusion reached by the Court; and 3) patently misunderstood the bases of Ms. Russell-Brown's Motion to Recuse. Injustice will result if reconsideration is refused. In further support of this Motion for Reconsideration, Ms. Russell-Brown states as follows:

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**PRELIMINARY STATEMENT**

1.    Ms. Russell-Brown filed her Motion to Recuse (Doc. 76) and Motion to Stay (Doc. 77), on June 7, 2010 and June 9, 2010, respectively. On June 9, 2010, the Defendants filed a

Response to Plaintiff's Motion to Stay, regarding her Motion to Recuse (Doc. 78). A Motion Hearing on Ms. Russell-Brown's Motions to Recuse and to Stay was held on Thursday, June 10, 2010, from 1:02 p.m. until 1:35 p.m., at the conclusion of which, the Court stated that a written order would soon follow (Doc. 79). The Court did not direct or request the parties to file supplemental memoranda.

2. On Monday, June 21, 2010, the Defendants filed a Response to Ms. Russell-Brown's Motion to Recuse (Doc. 82), which raised new issues Ms. Russell-Brown was unable to respond to in the June 10 Motion Hearing and which misstated the facts and mischaracterized applicable law. Consequently, Tuesday morning, June 22, 2010, Ms. Russell-Brown sought leave to file a reply memorandum (Doc. 83), for "good cause." Thereafter, on Tuesday morning, June 22, 2010, the Defendants filed a second Response (Doc. 87), clarifying that, according to the full docket text for document 87, it was a "supplemental" Response to Ms. Russell-Brown's Motion to Stay and her Motion to Recuse. Again, the Defendants' second Response (Doc. 87) raised new issues Ms. Russell-Brown was unable to respond to in the June 10 Motion Hearing and misstated the facts and mischaracterized applicable law. And, again, on June 22, 2010, Ms. Russell-Brown sought leave to file a reply memorandum (Doc. 88), for "good cause," now clarifying that it was also in Reply to the Defendants' most recent filing.

3. In both of her June 22, 2010 filings (Docs. 83 & 88), Ms. Russell-Brown specifically **sought leave** to file a reply memorandum. For the Court's convenience, Ms. Russell-Brown included the *proposed* reply memorandum. In doing so, Ms. Russell-Brown followed the procedure as set forth in a recent case before Northern District of Florida (Gainesville Division), Chief United States District Court Judge, the Honorable Stephan P. Mickle, Infinite Energy, Inc. v. Thai Henry "Hank" Chang, No. 1:07-CV-023-SPM, 2008 WL 419530, at * 1-2 (N.D.Fla. Sept. 9, 2008) (Mickle, J.).

4.      In <u>Infinite Energy</u>, plaintiff Infinite Energy sought leave to file a reply memorandum because the defendant's response misstated the facts and mischaracterized the applicable law. The defendant Chang moved to strike the plaintiff's reply memorandum, arguing that the plaintiff's reply memorandum was "untimely" filed, in violation of N.D. Fla. Loc. R. 7.1(C)(2), because it was "simultaneously" filed with the plaintiff's petition to the Court to file a reply memorandum, as opposed to separately filed, <u>after</u> the Court had granted the plaintiff's petition to file a reply memorandum. In its response, plaintiff Infinite Energy clarified that it had **sought permission** to file a reply memorandum and included the reply memorandum for the Court's convenience. In an Order dated September 9, 2008, Chief Judge Mickle granted plaintiff's petition to file a reply memorandum, accepting the "simultaneously" filed reply memorandum as "timely" filed, and denied the defendant's motion to strike. <u>See</u> <u>Infinite Energy, Inc. v. Thai Henry "Hank" Chang</u>, No. 1:07-CV-023-SPM, 2008 WL 419530, at * 1-2 (N.D.Fla. Sept. 9, 2008) (Mickle, C.J.).

5.      Likewise, here, Ms. Russell-Brown specifically **sought leave** to file a reply memorandum, for "good cause," because the Defendants' June 21 and June 22 Responses, collectively and separately, raised new issues she was unable to respond to in the June 10 Motion Hearing and because they misstated the facts and mischaracterized applicable law. Substantively, in her June 22, 2010 reply memoranda, Ms. Russell-Brown succinctly laid out the misstatements of facts and mischaracterizations of applicable law in the Defendants' June 21 and June 22 Responses, upon which the Court has now based its Order, almost verbatim. <u>See, also,</u> <u>U.S. v. Lander</u>, No.1:08cr44-SPM, 2010 WL 421122, at * 1 (N.D.Fla. February 1, 2010) (Mickle, C.J.) (accepting reply memorandum despite being "untimely filed" and party failed to seek leave of Court, in violation of N.D. Fla. Loc. R. 7.1(C)(2)).

3

II.

**ARGUMENT**

6.     The Court's Order is not a final judgment, but interlocutory in nature.  Motions for reconsideration of interlocutory orders are governed by Federal Rules of Civil Procedure 54(b), not Rule 59 or 60.  Fed.R.Civ.P. Rules 54(b) (noting that an order addressing fewer than all parties or claims is "subject to revision at any time").  The legal standard for reconsideration under Rule 54(b) is more flexible than the stricter standards applied under Rules 59(e) and 60(b).

7.     Reconsideration of an interlocutory decision is available under the standard, "as justice requires."  See, e.g., Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970); Canaday v. Household Servs., Inc., 119 F.Supp.2d 1258, 1260 (M.D.Ala. 2000) (granting motion for reconsideration of a summary judgment ruling).

8.     Under the "as justice requires" legal standard, considerations a court may take into account include whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, that might reasonably be expected to alter the conclusion reached by the court, or whether a controlling or significant change in the law has occurred.  See, e.g., Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Isse v. Am. Univ., 544 F.Supp.2d 25, 29 (D.D.C. 2008).

9.     Here, respectfully, the Court in its Order: 1) applied the wrong legal standard; 2) erroneously failed to consider controlling decisions or data, that might reasonably be expected to alter the conclusion reached by the Court; and 3) patently misunderstood the bases of Ms. Russell-Brown's Motion to Recuse.  Injustice will result if reconsideration is refused.

10.    More specifically; according to the Supreme Court in Berger, a disqualification affidavit based "upon information and belief" satisfies section 144.  See Berger v. United States, 255 U.S. 22, 34-35, 41 S.Ct. 230 (1921) ("[w]e are of opinion, therefore, that an affidavit upon

4

information and belief satisfies [section 144] and that upon its filing, if it show the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is his duty to 'proceed no further' in the case"). Therefore, contrary to the Court's Order (Doc. 94 ¶¶ 6-9, 11, 13, 19), personal knowledge is <u>not</u> required. <u>Id</u>. And, recusal <u>is</u> required where the presiding judge "may" have knowledge of facts in dispute. <u>See</u> <u>Murray v. Scott</u>, 253 F.3d 1308, 1312-13 (11th Cir. 2001) (wherein the Eleventh Circuit vacated the denial of a recusal motion, holding that the District Court judge should have recused himself based upon the fact that, 30 years prior, while serving as a government attorney, he had appeared as counsel of record in an action in which plaintiff was a party, "possibly" giving him knowledge of facts disputed in the action before him).

11.     The Defendants' citation to and the Court's subsequent reliance on <u>Pace v. Capabianco</u>, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (Doc. 82 ¶ 12, Doc. 94 ¶ 8), as an "example" of the alleged general proposition that Ms. Russell-Brown's disqualification affidavit is insufficient if made "upon information and belief," is erroneous. <u>Pace</u> does not involve recusal, at all, but rather the sufficiency of evidence, under Fed.R.Civ.P. 56(e), to defeat summary judgment.

12.     The Court in its Order (Doc. 94 ¶¶ 6, 8, 9, 11, 13, 19) also ignored clear Supreme Court precedent and incorrectly passed on the truth of the matters alleged in Ms. Russell-Brown's disqualification affidavit. According to the Supreme Court in <u>Berger</u>, once a disqualification affidavit is filed, the Judge must <u>not</u> pass on the truth of the matters in the affidavit but must assume them to be true, even where the Judge knows them to be false. <u>See</u> <u>Berger</u>, 255 U.S. at 34-35. As occurred in the instant action, any in-court inquiry into the facts of the disqualification affidavit is inappropriate. <u>Id</u>.

13.     The Court in its Order (Doc. 94 ¶¶ 6, 8-10, 12-14, 19) patently misunderstood the bases of Ms. Russell-Brown's recusal motion, incorrectly relying upon the statements of Ms. Russell-Brown's counsel in the June 10 Motion Hearing, instead of limiting its review to the statements made

in Ms. Russell-Brown's own disqualification affidavit. A disqualification affidavit signed by counsel is legally insufficient. <u>Davis v. Bd. of Sch. Comm'rs of Mobile County</u>, 517 F.2d 1044, 1051 (5th Cir. 1975). Consequently, the Court was limited to considering the legal sufficiency of Ms. Russell-Brown's own disqualification affidavit, not the oral statements of her counsel.

14. Contrary to the Court's Order (Doc. 94 ¶¶ 6, 9, 10, 12-14, 19), the second paragraph of Ms. Russell-Brown's disqualification affidavit (Doc. 76, p. 18, ¶ 2), plainly states that "adverse rulings" do <u>not</u> form a basis of her Motion to Recuse. And, nowhere does it state in Ms. Russell-Brown's disqualification affidavit, that Judge Paul's <u>status</u> as an alumnus of the University Defendants forms a basis for her Motion to Recuse. Nowhere does it state that "displeas[ure] at how the litigation has progressed so far with respect to [Judge Paul's] rulings on motions" or "motion practice setbacks," form a basis for her Motion to Recuse. On the contrary, it is Judge Paul abusing his discretion and precluding Ms. Russell-Brown from actually participating in motion practice, by deciding the Defendants' motions without affording her an opportunity to respond, which forms a basis of her Motion to Recuse.

15. In the second paragraph of her disqualification affidavit (Doc. 76, p. 18, ¶ 2), Ms. Russell-Brown explains that the bases of her Motion to Recuse stems from Judge Paul's personal, "extra-judicial" knowledge of disputed evidentiary facts in her case, his personal bias or prejudice against her and in favor of the Defendants, as well as his violations of the law, Local Rules, selectively, to her detriment and in favor of the Defendants.

16. As Ms. Russell-Brown explains in her disqualification affidavit (Doc. 76, pp. 20-23, ¶¶ 8-17), Judge Paul abused his discretion by deciding all but one of the Defendants' motions, <u>without</u> affording Ms. Russell-Brown an opportunity to respond, as required by Local Rule 7.1(C)(1). <u>See</u> <u>United States v. De La Mata</u>, 535 F.3d 1267, 1273-75 (11th Cir. 2008). Indeed, by violating the law and the court's rules, Judge Paul not only abused his discretion, but also violated Canon 2 of the

Code of Conduct for United States Judges. According to the Commentary to Canon 2, "actual improprieties" include violations of the law or the court's rules.

17. The Court's interpretation (Doc. 94 ¶ 15) of Local Rule 7.1(C)(1) is incorrect. Local Rule 7.1(C)(1) clearly does not limit a party's right to respond <u>only</u> to motions for which a memorandum of law is required.

18. For example, a memorandum of law is <u>not</u> required for motions for extension of time or for a continuance as well as motions to withdraw or substitute exhibits, the Defendants' Motions (Docs. 50, 66). However, a Certificate of Conference <u>is</u> specifically required for such motions, under Local Rule 7.1(B)(1), precisely so that the Court is apprised a party opposes the motion and will be filing a response.

19. More importantly, Ms. Russell-Brown's Motions for Default and to Continue (Docs. 58, 59, 69) were all <u>also</u> motions for which a memorandum of law was <u>not</u> required. According to the Court in its Order (Doc. 94 ¶ 15), it "routinely" rules on such motions without requiring comment from the opposing party. Yet, not only did the Court afford the Defendants an opportunity to respond, before deciding on Ms. Russell-Brown's Motions, the Court contacted the Defendants by telephone in order to orally ascertain their response (Doc. 94 ¶ 18). The Certificates of Conference for the Defendants' Motions (Doc. 50, 66), both clearly provided that Ms. Russell-Brown opposed the Motions. However, the Court did not afford Ms. Russell-Brown an opportunity to submit a response, either orally or in writing, before deciding the Defendants' Motions, and in so doing, abused its discretion.

20. Ms. Russell-Brown's disqualification affidavit further explains (Doc. 76, pp. 18-20, ¶¶ 3-8) that Judge Paul's abuse of his discretion and his violations of the law, the court's rules, the Code of Conduct for United States Judges, to Ms. Russell-Brown's detriment and in favor of the Defendants, is one manifestation of Judge Paul's personal bias or prejudice against Ms. Russell-

Brown and in favor of the Defendants, which he has developed as a result of personal, "extra-judicial" knowledge of material facts in dispute in Ms. Russell-Brown's case, acquired by Judge Paul through *ex parte* communications, contact and involvement with the Defendants.

21.     Once Ms. Russell-Brown's disqualification affidavit was filed, Judge Paul's role was narrowly circumscribed to three issues: (1) was the affidavit timely filed, (2) was it accompanied by a certificate of good faith executed by counsel of record for the movant; and (3) is the affidavit legally sufficient in its compliance with the statutory requirements?  See Parrish v. Bd. of Comm'rs of the Ala. State Bar, 524 F.2d 98, 100 (5th Cir. 1975); United States v. Alabama, 571 F.Supp. 958, 960 (N.D.Ala. 1983).

22.     To be legally sufficient in statutory terms, a disqualification affidavit must (1) be filed by a party to the proceeding, and (2) state such facts and reasons (their truth being assumed) for the belief that bias or prejudice exists as would convince a reasonable person that a bias exists.  See Parrish, 524 F.2d at 100; United States v. Alabama, 571 F.Supp. at 961.

23.     Here, Ms. Russell-Brown's disqualification affidavit was accompanied by the requisite certificate of good faith, executed by her counsel of record, and was timely filed.  See, e.g., United States v. Womack, 454 F.2d 1337, 1341 (5th Cir. 1972) (wherein the Court of Appeals held that an "[a]ffidavit of disqualification, though it was filed more than a year after defendant's plea of not guilty, 11 months after the trial judge first ruled on the series of defendant's pre-trial motions, and two months after the transcript of co-defendant's trial, which provided basis therefor, became a public record, was not untimely.").  In addition, the facts stated in Ms. Russell-Brown's disqualification affidavit, their truth being assumed, would convince a reasonable person that a bias exists.  See Parrish, 524 F.2d at 100; United States v. Alabama, 571 F.Supp. at 961.

24.     Upon the filing of Ms. Russell-Brown's affidavit of disqualification, it was Judge Paul's duty to "proceed no further."  See Berger, 255 U.S. at 34-35.  Indeed, there are indications in

the legislative history of section 144, that peremptory disqualification was the legislative intent. The chief sponsor of the bill, when asked if the judge retained any discretion after the filing of the recusal affidavit, replied: "No, it provides the judge shall proceed no further with the case." 46 Cong.Rec. 2627 (1911).

25.     Finally, unreported cases from within the Eleventh Circuit are not binding authority. See 11th Cir. R. 36-2. Save for Supreme Court jurisprudence, unreported or reported cases from outside the Eleventh Circuit are not binding authority, and, only decisions issued by the Fifth Circuit before October 1, 1981, are binding as precedent in the Eleventh Circuit. See, e.g., Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981).

26.     Consequently, approximately, more than half of the cases cited to by the Defendants in their Response (Doc. 82) and, subsequently, relied upon by the Court in its Order (Doc. 94), are not binding authority (Carter v. West Publ'g Co. (Doc. 82 ¶ 2); Hinman v. Rogers (Doc. 82 ¶¶ 2 & 4, Doc. 94 ¶ 4); FDIC v. Sweeney (Doc. 82 ¶ 3); Roussel v. Tidelands Capital Corp. ((Doc. 82 ¶ 4, Doc. 94 ¶ 4); Levitt v. Univ. of Tex. (Doc. 82 ¶ 10, Doc. 94 ¶ 12); McCann v. Communications Design Corp. (Doc. 82 ¶ 10, Doc. 94 ¶ 12); Lunde v. Helms (Doc. 82 ¶ 10, Doc. 94 ¶ 12); Henderson v. Dep't of Pub. Safety and Corr. (Doc. 82 ¶ 11, Doc. 94 ¶ 7); Weatherhead v. Globe Int'l, Inc. (Doc. 82 ¶ 11, Doc. 94 ¶ 7); Jaris v. Macey (Doc. 82 ¶ 11, Doc. 94 ¶ 7); Edwards v. Nestle Beverage Co. (Doc. 82 ¶ 11, Doc. 94 ¶ 7)).

27.     Further, Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1019 n.6 (5th Cir. 1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed. 2d 483 (1982) and United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (Doc. 82 ¶ 5, Doc. 94 ¶ 5), are inapposite. Ms. Russell-Brown did follow the formal requirements of section 144 by filing a disqualification affidavit.

9

## IV.

## **CONCLUSION**

28.     In conclusion, injustice will result if reconsideration is refused.  To quote the Supreme Court in Berger, "[w]e are of opinion, therefore, that an affidavit upon information and belief satisfies [section 144] and that upon its filing, if it show the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is his duty to 'proceed no further' in the case.  **And in this there is no serious detriment to the administration of justice nor inconvenience worth of mention, for of what concern is it to a judge to preside in a particular case; of what concern to other parties to have him so preside**." See Berger, 255 U.S. at 35 (emphasis added).

29.     Meaning, putting aside any personal affront the Court may have expressed at the June 10 Motion Hearing, in response to Ms. Russell-Brown exercising her right to move to recuse, of what urgency and moment is it for the Court or for the Defendants, that Judge Paul, specifically, preside over Ms. Russell-Brown's case, as opposed to any other District Judge in the Northern District of Florida, particularly in light of Ms. Russell-Brown's timely and legally sufficient affidavit of disqualification.  The public, Ms. Russell-Brown, the Defendants, benefit from this case proceeding and being adjudicated without prejudice, bias and partiality.

WHEREFORE, Ms. Russell-Brown respectfully requests that this Honorable Court reconsider its Order (Doc. 94) denying her Motion to Recuse (Doc. 76).  The Honorable Maurice M. Paul should recuse himself because he is not an impartial arbiter of this case.  In addition, a reasonable person would entertain a significant doubt about Judge Paul's impartiality.  Injustice will result if reconsideration is refused.

DATED this 15th day of July, 2010.

                                       Respectfully submitted,

                                       /s/ Lennox S. Hinds
                                       Lennox S. Hinds
                                       New York Bar No. 8196
                                       Stevens, Hinds & White, PC
                                       116 West 111th Street
                                       New York, NY 10026-4206
                                       (212) 864-4445
                                       (212) 222-2680 (fax)
                                       lawfirmshw@yahoo.com
                                       Attorney for Plaintiff

## **CERTIFICATE OF COUNSEL**

I certify that, on July 13, 2010, I complied with my obligations under Local Rule 7.1(B)(1), to confer with Defendants' counsel prior to filing this Motion. As of this filing, I have not received a response from Defendants' counsel, Mr. Richard C. McCrea, Jr., Esq., regarding the Defendants' position on the herein motion.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 15, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

    Ian S. Marx, Esq.
    Greenberg Taurig, LLP
    200 Park Avenue
    Florham Park, NJ 07932

    Richard C. McCrea, Jr., Esq.
    Greenberg Taurig, LLP
    Courthouse Plaza, Suite 100
    625 East Twiggs Street
    Tampa, FL 33602

    Attorneys for Defendants

                                       /s/ Lennox S. Hinds
                                       Lennox S. Hinds
                                       Attorney for Plaintiff