IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

  Plaintiff,

        v.

CASE NO. 1:09-cv-00257-MP-AK

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

  Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Pursuant to Fed.R.Civ.P. Rules 15, 20 and N.D. Fla. Loc. R. 7.1 and 15.1, Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully requests leave from this Court to file a First Amended Complaint, and in support states:

### SUPPORTING MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

1. On March 23, 2010, Ms. Russell-Brown filed the Complaint in the above-styled action (Doc. 45). Ms. Russell-Brown now desires to amend her Complaint to conform the pleadings to material obtained in discovery and to add the University of Oxford ("Oxford") as a named Defendant.

2. The Report of the Parties' Rule 26(f) Planning Meeting (Doc. 65) was filed on May 11, 2010.

3. Fed.R.Civ.P. Rule 16(b) requires the Court to issue a Final Scheduling Order <u>after</u> receiving the parties' joint report and the Court's Initial Scheduling Order (Doc. 48), itself, required that, within 14 days of the parties' joint report, the Court enter a Final Scheduling Order or set the matter for a Scheduling Conference. A Final Scheduling Order has not yet been entered in this action.

4. However, according to the Report of the Parties' Rule 26(f) Planning Meeting, the parties agreed to move to add parties or to amend pleadings, on or before July 15, 2010.

5. Consequently, Ms. Russell-Brown files this Motion by the deadline set forth in the Report of the Parties' Rule 26(f) Planning Meeting (Doc. 65). Accordingly, this Court should permit the First Amended Complaint docketed separately, in accordance with N.D. Fla. Loc. R. 15.1, to take effect.

6. No undue prejudice will be suffered by the Defendants University of Florida, Board of Trustees, University of Florida, Levin College of Law and Robert H. Jerry, II (collectively, the "University of Florida Defendants") in this action as a result of the addition of Oxford as a party Defendant. Jurisdiction is based upon federal question, not diversity.

7. Ms. Russell-Brown's claims against Oxford arise from the same transactions or occurrences as those complained of against the University of Florida Defendants. Questions of law and fact common to all Defendants will arise in the action.

8. This amendment will further the interest of justice, is filed in good faith, and will not cause any undue delay. It will also allow the parties the fair and just opportunity to pursue their claims and remedies in this case.

9. This is the first time Ms. Russell-Brown has requested leave to amend this action. The granting of this request will not result in delay or prejudice as discovery has just been commenced in this action and a trial has not been scheduled as of this date.

II.

**ARGUMENT**

10.     Fed.R.Civ.P. Rule 15(a) governs the amendments to pleadings and provides that, a plaintiff shall be "freely" granted leave to amend a complaint "when justice so requires." "'Discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Id. at 598; see also, Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) (holding that the District Court abused its discretion in dismissing petition without allowing petitioner to amend and remanding for further consideration).

11.     At the time of the conduct at issue, the clearly established law governing retaliation claims in the Eleventh Circuit provided that a plaintiff need only show that the employer's actions were "harmful to the point, that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." See, e.g., Hester v. N. Ala. Ctr. For Educ. Excellence, 353 Fed.Appx. 242, 244 (11th Cir. 2009) (vacating the District Court's grant of summary judgment because the Court incorrectly applied the Eleventh Circuit's pre-Burlington standard requiring plaintiff to show that she suffered "an adverse employment action" that had a "tangible, negative effect on her employment"), *citing to* Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006). Accord Crawford v. Carroll, 529 F.3d 961, 974 (11th Cir. 2008). As recently recognized in the Eleventh Circuit, "Burlington also strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered

'materially adverse' to him and thus constitute adverse employment actions." <u>Crawford v. Carroll</u>, 529 F.3d 961, 974, n. 13 (11th Cir. 2008).

12.  Here, unlike in <u>Park v. Oxford</u>, 35 F.Supp.2d 1165 (N.D.Cal. 1997), regardless of whether the University of Florida Defendants are immune from suit, Ms. Russell-Brown has a <u>cognizable</u> claim against Oxford under section 1983, on the basis of Oxford's <u>conspiracy</u> with the University of Florida Defendants, to deprive Ms. Russell-Brown of certain federally-protected statutory and constitutional rights, with acts in furtherance of the conspiracy undertaken or initiated in the State of Florida.  <u>See</u>, <u>e.g.</u>, <u>Kadivar v. Stone</u>, 804 F.2d 635, 637 (11th Cir. 1986) (Private person who conspires with state officials acting under color of state law may be held liable for damages in section 1983 action for participating in conspiracy regardless of whether the state officials are themselves immune from suit).

13.  Florida courts also recognize a civil conspiracy as an independent tort.  <u>See</u>, <u>e.g.</u>, <u>Wilcox v. Stout</u>, 637 So.2d 335, 336 (Fla. 2d DCA 1994).

14.  Oxford's conspiracy with the University of Florida Defendants provides further support for personal jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Hasenfus v. Secord</u>, 797 F.Supp. 958, 961-62 (S.D.Fla. 1989) (holding that personal jurisdiction could be asserted over non-resident defendant pursuant to "co-conspirator theory").  In addition, Florida courts have construed Florida's long-arm statute, Fla. Stat. 48.193(1)(b), to reach all alleged participants in a civil conspiracy, provided that one act in furtherance of the conspiracy is committed in Florida.  <u>See</u>, <u>e.g.</u>, <u>Wilcox</u>, 637 So.2d at 336-37 (if any member of a conspiracy commits tortious act within the state in furtherance of the conspiracy, then all conspirators are subject to jurisdiction).

15.  Alternatively, for the purpose of Florida's long-arm statute, Fla. Stat. 48.193(1)(b), the defendant does not have to be physically present in Florida and a defendant can commit the tortious act based on telephonic, electronic, or written communications into Florida so long as the cause of

action arises from those communications. See, e.g., Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla. 2002).

16. The minimum contacts of the resident conspirators are a sufficient basis for personal jurisdiction over the non-resident conspirators. See, e.g., Hasenfus, 797 F.Supp. at 961-62. In addition, directing a conspiracy toward Florida establishes sufficient minimum contacts to satisfy due process. See, e.g., Wendt, 822 So.2d at 1257-58; Avnet, Inc. v. Nicolucci, 679 So.2d 7, 8 (Fla. 2d DCA 1996) (reversing and remanding because the trial court mistakenly engrafted upon the holding in Wilcox, the notion that a minimum contacts element must exist before the long-arm statute will sustain *in personam* jurisdiction in a case based upon "co-conspirator theory").

17. Oxford purposely directed a conspiracy toward Florida. Florida's long-arm statute gave Oxford fair notice of the applicable Florida law at the time it embarked upon its conspiracy with the University of Florida Defendants. It can be concluded that Oxford could reasonably anticipate being haled into a Florida court to answer for its conduct.

18. And, Ms. Russell-Brown has a right to obtain jurisdictional discovery, for purposes of defending against any jurisdictional challenge to her First Amended Complaint, Oxford may file. See, e.g., Eaton v. Dorchester, 692 F.2d 727, 729-30 (11th Cir. 1982) (discussing the benefits of jurisdictional discovery which support the finding that such discovery should be considered a qualified right).

19. Adjudicating this dispute against all parties in Florida will provide Ms. Russell-Brown with convenient and effective relief and will serve judicial efficiency. See, e.g., Tara Prods., Inc. v. Hollywood Gadgets, Inc., No. 09-CV-61436, 2010 WL 1531489, at ** 13-14 (S.D.Fla. April 16, 2010). In addition, in April, Oxford retained counsel (Mark A. Fowler, Esq.) in the United States and technology, such as the CM/ECF system, will allow Oxford to conduct many activities related to this litigation from out of state and even abroad, if necessary. Id. Consequently, the burden on

Oxford of defending the suit in Florida is mitigated by modern methods of transportation and communication. Florida has a strong interest in policing conspiracies which take place in this state, and in precluding use of this situs as a link or conduit for conspiracies. See, e.g., Int'l Underwriters AG & Liberty Re-Ins. Corp., S.A. v. Triple I: Int'l Invs., Inc., No. 06-80966-CIV-Hurley/Hopkins, at 11-12 (S.D.Fla. May 30, 2007). Florida also has a legitimate interest in providing redress for persons inside or outside the state who are injured by tortious activity emanating from this state. Id. Except for Oxford, all of the defendants are residents of the State of Florida and the conspiracy was precipitated by the Florida defendants. Id.

20. Finally, as indicated in the Certificate of Service, along with counsel for the University of Florida Defendants, Oxford's counsel will also be receiving electronically today a courtesy copy of Ms. Russell-Brown's Motion for Leave to File a First Amended Complaint as well as the First Amended Complaint, itself. Consequently, Ms. Russell-Brown requests that, in an effort not to further and unnecessarily delay this matter, Oxford and the University of Florida Defendants are required to file their responses to Ms. Russell-Brown's First Amended Complaint within ten (10) days of the entry of the order granting this Motion.

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court to enter an Order:

A. Granting her leave to file an amended complaint in the form of the First Amended Complaint being filed separately and simultaneously herewith;

B. Directing that the First Amended Complaint be deemed served and filed upon the date of entry of the order granting this Motion; and

C. Requiring the Defendants to file their responses to the First Amended Complaint within ten (10) days of the entry of the order granting this Motion.

DATED this 15th day of July, 2010.

           Respectfully submitted,

           /s/ Lennox S. Hinds
           Lennox S. Hinds
           New York Bar No. 8196
           Stevens, Hinds & White, PC
           116 West 111th Street
           New York, NY 10026-4206
           (212) 864-4445
           (212) 222-2680 (fax)
           lawfirmshw@yahoo.com
           Attorney for Plaintiff

**CERTIFICATE OF COUNSEL**

I certify that, on July 13, 2010, I complied with my obligations under Local Rule 7.1(B)(1), to confer with Defendants' counsel prior to filing this Motion. As of this filing, I have not received a response from Defendants' counsel, Mr. Richard C. McCrea, Jr., Esq., regarding the Defendants' position on the herein motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 15, 2010, the foregoing has been filed with the Clerk of the Court and served on Mark A. Fowler, Esq., Saterlee Stephens Burke & Burke LLP, 230 Park Avenue, New York, New York 10169-0079 (Attorney for Defendant Oxford) via U.S. mail and e-mail (mfowler@ssbb.com) and electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for University of Florida Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff