UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                        CASE NO. 1:09-CV-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Plaintiff's Motion to Strike [Doc. 91] the defendants' attorney time records should be denied, for the following reasons:

1. The defendants' filing of the summaries of time records was not untimely. Defendants' attorneys' fees and costs in this case, as well as the predecessor action filed by plaintiff Russell-Brown, constitute part of defendants' damages on their counterclaims. On April 27, 2010, the defendants filed counterclaims against plaintiff Russell-Brown based upon her breach of the Separation Agreement and General Release she executed on November 30, 2007. [Doc. 54] On May 4, 2010, the Court denied plaintiff's motion for default, rejecting plaintiff's contention that defendants' Answer, Affirmative Defenses, and Counterclaims was a legal nullity. [Doc. 62]. Defendants filed their summary of attorney time records thereafter. Because defendants' attorneys' fees are an element of damages on the counterclaims, evidence of defendants' attorneys fees and costs will necessarily need to be introduced into evidence at the trial on the counterclaims.

Defendants believe that these circumstances fall outside the Local Rule 54.1(B), which pertains to a post-verdict "award of attorneys' fees" by the Court, as opposed to a damages verdict. Nonetheless, in the absence of any case law on the issue, defendants chose to file their attorney time summaries within a reasonable period of time following the filing of their counterclaims.

      2.      Plaintiff's argument that defendants attorney time records were filed in violation of Local Rule 7.1 also should be rejected. The summaries of time records are not a "motion" seeking relief. *See* Fed.R.Civ.P. 7(b)(1) ("[a] request for a court order must be made by motion"). Accordingly, compliance with Local Rule 7.1 is not required. Plaintiff apparently is now in agreement on this point, because plaintiff's counsel made no effort at conciliation in connection with plaintiff's recently-filed Summary of Time Records, which also was not supported by a memorandum of law. [Docs. 99, 100].

      3.      Finally, as conveyed to plaintiff's counsel before plaintiff filed Plaintiff's Motion to Strike, the initial filing of the summaries of time records in plaintiff Russell-Brown's predecessor action was the result of a clerical error, which was discovered and corrected the next day.

      /s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Counsel for defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 16[h], 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following::

Lennox S. Hinds, Esquire  
Stevens, Hinds & White, P.C.  
116 W. 111th Street  
New York, NY 10026  

<u>/s/ Richard C. McCrea, Jr.</u>
Attorney