IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

    v.                                                                              CASE NO. 1:09-cv-00257-MP-AK

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO DEFENDANTS' RESPONSE (DOC. 102) TO PLAINTIFF'S MOTION TO STRIKE (DOC. 91)

Pursuant to N.D. Fla. Loc. R. 7.1(C), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves this Court for Leave to File a Reply Memorandum in further support of her Motion to Strike (Doc. 91), and advises the Court as follows:

1.    On July 2, 2010, Ms. Russell-Brown moved to strike the Defendants' attorney time records, for past work performed, untimely and erroneously filed in her predecessor action as well as the Defendants' attorney time records untimely filed in the instant action, arguing that the Defendants failed to comply with this Court's Initial Scheduling Order (Doc. 48, ¶ 9(b), (d)) as well as N.D. Fla. Loc. R. 54.1(B)(2).

2.    On July 16, 2010, in their Response (Doc. 102, ¶¶ 1-3), the Defendants argued that: 1) the requirements of N.D. Fla. Loc. R. 54.1(B)(2) do not apply to attorneys' fees as an element of damages in their breach of contract counterclaim; 2) they did not file their summary of time record

totalling 386.4 hours, for past work performed, as a "Motion for Miscellaneous Relief;" and, 3) they corrected the erroneous filing of their 386.4 hour summary of time record in Ms. Russell-Brown's predecessor action.

3.   The Defendants misstate facts, including: 1) the requirements of N.D. Fla. Loc. R. 54.1(B)(2); 2) whether they indeed filed their summary of time record as a "Motion for Miscellaneous Relief;" and, 3) whether they corrected the erroneous filing of their summary of time record in Ms. Russell-Brown's predecessor action.

4.   The Defendants also mischaracterize the authority regarding whether, under Florida law, attorneys' fees incurred while prosecuting or defending a claim are recoverable as damages.

5.   The Defendants' misstatements and mischaracterizations create good cause for granting leave to file a reply.

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court for an order granting her leave to file a reply to the Defendants' Response (Doc. 102) to her Motion to Strike (Doc. 91). Ms. Russell-Brown's proposed Reply is attached as Exhibit A.

DATED this 19th day of July, 2010.

Respectfully submitted,

/s/ Lennox S. Hinds
Lennox S. Hinds
New York Bar No. 8196
Stevens, Hinds & White, PC
116 West 111th Street
New York, NY 10026-4206
(212) 864-4445
(212) 222-2680 (fax)
lawfirmshw@yahoo.com
Attorney for Plaintiff

## CERTIFICATE OF COUNSEL

I certify that I complied with my obligations under Local Rule 7.1(B)(1), to confer with Defendants' counsel prior to filing this Motion. The Defendants oppose the herein motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 19, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                                      CASE NO. 1:09-cv-00257-MP-AK

   v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

## PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' RESPONSE (DOC. 102) TO PLAINTIFF'S MOTION TO STRIKE (DOC. 91)

Pursuant to Fed.R.Civ.P. 54(d)(2), N.D. Fla. Loc. R. 7.1(C), 54.1(B) and this Court's Initial Scheduling Order (Doc. 48, ¶ 9(b), (d)), in further support of her Motion to Strike (Doc. 91), Plaintiff Sherrie Russell-Brown ("Plaintiff' or "Ms. Russell-Brown") advises the Court as follows:

1.       On July 2, 2010, Ms. Russell-Brown moved to strike the Defendants' attorney time records, for past work performed, untimely and erroneously filed in her predecessor action as well as the Defendants' attorney time records untimely filed in the instant action, arguing that the Defendants failed to comply with this Court's Initial Scheduling Order (Doc. 48, ¶ 9(b), (d)) as well as N.D. Fla. Loc. R. 54.1(B)(2).

2.       On July 16, 2010, in their Response (Doc. 102, ¶¶ 1-3), the Defendants argued that: 1) the requirements of N.D. Fla. Loc. R. 54.1(B)(2) do not apply to attorneys' fees as an element of damages in their breach of contract counterclaim; 2) they did not file their summary of time record totalling 386.4 hours, for past work performed, as a "Motion for Miscellaneous Relief;" and, 3) they

corrected the erroneous filing of their 386.4 hour summary of time record in Ms. Russell-Brown's predecessor action.

3. The Defendants misstate facts and mischaracterize the law.

4. First, since Ms. Russell-Brown denied service of the Defendants' Answer, Affirmative Defenses and Counterclaim ("Answer and Counterclaim") (Doc. 51) and Amended Answer, Affirmative Defenses and Counterclaim ("Amended Answer and Counterclaim") (Doc. 54) to her Verified Complaint (Doc. 45), returning the same electronically (Doc. 57) and via U.S. Mail, the Defendants were required to re-serve Ms. Russell-Brown. See, e.g., Aucoin v. Connell, 209 Fed.Appx. 891, 894-95 (11th Cir. 2006).

5. Further, under Florida law, attorneys' fees incurred while prosecuting or defending a claim are not recoverable as damages in the absence of a statute or contractual agreement authorizing their recovery. See, e.g., Price v. Tyler, 890 So.2d 246, 251 (Fla. 2004).

6. Notwithstanding, even if re-service were not an issue and attorneys' fees were recoverable as damages in their breach of contract counterclaim, both this Court's Initial Scheduling Order (Doc. 48, ¶ 9(b), (d)) as well as N.D. Fla. Loc. R. 54.1(B)(2), specifically apply to attorneys' fees as an element of breach of contract damages.

7. According to this Court's Initial Scheduling Order (Doc. 48, ¶ 9(b)) as well as N.D. Fla. Loc. R. 54.1(B)(2), in any proceeding in which any party is seeking attorneys' fees **pursuant to a contract**, the party **shall** file a summary of such time record with the Clerk of the Court by the 15th day of each month during the pendency of the action, for work done during the preceding month. **For past work performed**, this Court's Initial Scheduling Order (Doc. 48, ¶ 9 (d)) required that time records **shall** be filed by April 26, 2010.

8. Here, the Defendants untimely and erroneously filed attorney time records totalling 386.4 hours (Docs. 19, 20), in Ms. Russell-Brown's predecessor action, **for past work performed**,

2

on May 28 and June 1, 2010. Defendants untimely filed a second set of attorney time records totalling 50.10 hours (Docs. 80, 81, 85, 86), in the instant action, on June 21 and 22, 2010. And, again, the Defendants untimely filed a third set of attorney time records totalling 40.10 hours (Docs. 92, 93), in the instant action, on July 9, 2010. The filing of the Defendants' second and third sets of attorney time records (Docs. 80, 81, 85, 86, 92, 93), are only 16 days apart. The time period of the work covered by those records is unclear.

9. The Defendants did indeed file their summary of time record totalling 386.4 hours (Doc. 18), in Ms. Russell-Brown's predecessor action, for past work performed, as a "Motion for Miscellaneous Relief" (Exhibit 1).

10. The Defendants did not correct the erroneous filing of their 386.4 hour attorney time records in Ms. Russell-Brown's predecessor action. No such attorney time records totalling 386.4 hours have been filed by the Defendants in the instant action.

11. According to this Court's Initial Scheduling Order (Doc. 48, ¶ 9) as well as N.D. Fla. Loc. R. 54.1(B)(5), failure to comply with their requirements **will** result in attorneys' fees being disallowed for the required reporting period.

12. By contrast, Ms. Russell-Brown is in compliance with this Court's Initial Scheduling Order (Doc. 48, ¶ 9(b), (d)) and N.D. Fla. Loc. R. 54.1(B)(2). She has not filed attorney time records for past work performed in the instant action. On July 15, 2010, Ms. Russell-Brown filed attorney time records (Docs. 99, 100) for work done, in the instant action, during the preceding month.

13. Unlike the Defendants, Ms. Russell-Brown did not file her summary of time record as a "Motion for Miscellaneous Relief" and, therefore, unlike the Defendants, Ms. Russell-Brown was not required to comply with N.D. Fla. Loc. R. 7.1.

WHEREFORE, Ms. Russell-Brown requests that the Defendants' May 27 Motion for Miscellaneous Relief and attorney time records, Documents 18-20, specifically bearing and filed in

3

closed Case No. 1:09-CV-00023-MP-AK and the Defendants' attorney time records Documents 80, 81, 85, 86, 92 and 93, filed in the instant action, are struck and attorneys' fees disallowed, for the Defendants' failure to comply with the requirements of this Court's Initial Scheduling Order and the Local Rules of the Northern District of Florida.

DATED this 19th day of July, 2010.

                                                Respectfully submitted,

                                                /s/ Lennox S. Hinds
                                                Lennox S. Hinds
                                                New York Bar No. 8196
                                                Stevens, Hinds & White, PC
                                                116 West 111th Street
                                                New York, NY 10026-4206
                                                (212) 864-4445
                                                (212) 222-2680 (fax)
                                                lawfirmshw@yahoo.com
                                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 19, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff

# EXHIBIT 1

**1:09-cv-00023-MP-AK** RUSSELL-BROWN v. UNIVERSITY OF FLORIDA BOARD OF TRUSTEES et al
MAURICE M PAUL, presiding
ALLAN KORNBLUM, referral
Date filed: 02/05/2009
Date terminated: 05/29/2009
Date of last filing: 06/01/2010

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | Filed & Entered: 02/05/2009 | Complaint |
| 2 | Filed & Entered: 02/05/2009 | Civil Cover Sheet |
|   | Filed & Entered: 02/06/2009 | Action Required by District Judge |
| 3 | Filed & Entered: 02/06/2009 | Summons Issued |
| 4 | Filed & Entered: 02/06/2009 | Notice of Appearance |
| 5 | Filed & Entered: 02/09/2009 | Order |
|   | Filed & Entered: 02/10/2009 | Add and Terminate Judges |
| 6 | Filed & Entered: 03/05/2009  Terminated: 03/26/2009 | Motion to Withdraw as Attorney |
| 7 | Filed & Entered: 03/05/2009 | Certificate of Service |
|   | Filed & Entered: 03/06/2009 | Action Required by District Judge |
| 8 | Filed & Entered: 03/10/2009 | Notice of Hearing on Motion |
| 9 | Filed & Entered: 03/13/2009  Terminated: 03/17/2009 | Motion to Continue |
|   | Filed & Entered: 03/16/2009 | Action Required by District Judge |
| 10 | Filed & Entered: 03/17/2009 | Order |
| 11 | Filed & Entered: 03/26/2009 | Motion Hearing |
| 12 | Filed & Entered: 03/26/2009 | Order on Motion to Withdraw as Attorney |
| 13 | Filed & Entered: 03/31/2009 | Notice of Appearance |
| 14 | Filed & Entered: 05/15/2009 | Attorney Time Record |
| 15 | Filed & Entered: 05/15/2009 | Attorney Time Records - Sealed Portion (Ex Parte) |
| 16 | Filed & Entered: 05/27/2009 | Notice of Voluntary Dismissal |
|   | Filed & Entered: 05/28/2009 | Action Required by District Judge |
| 17 | Filed & Entered: 05/29/2009 | Order |
| 18 | **Filed & Entered: 05/27/2010**  **Terminated: 05/28/2010** | **Motion for Miscellaneous Relief** |
| 19 | **Filed & Entered: 05/28/2010** | **Attorney Time Record** |
| 20 | **Filed & Entered: 06/01/2010** | **Attorney Time Records - Sealed Portion (Ex Parte)** |