IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

           v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

    Defendants.

CASE NO. 1:09-cv-00257-MP-AK

_____/

## PLAINTIFF'S EMERGENCY MOTION TO STRIKE (DOC. 52) AND TO CONTINUE (DOC. 95)

Pursuant to Fed.R.Civ.P. Rules 12(b) and 15(a), 28 U.S.C. § 144 and N.D. Fla. Loc. R. 7.1(C) and (E), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves to strike, as precluded or moot, the Defendants' Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 52)[1] ("Motion to Dismiss") and to continue the motion hearing (Doc. 95), currently scheduled for tomorrow, July 22, 2010, at 1:00 p.m. In support of her Emergency Motion, Ms. Russell-Brown states as follows:

---

[1] The Defendants' Amended Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 53) adds the following five words, "although defendants refute plaintiff's allegation," before the phrase, "even assuming *arguendo* that the release in the Separation Agreement had been procured by duress" (p. 4, ¶ 3), and is, otherwise, substantively identical to the Defendants' Motion to Dismiss (Doc. 52).

## SUPPORTING MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

1. On Tuesday, July 13, 2010, the Court entered an Order (Doc. 94) denying Ms. Russell-Brown's Motion for Recusal (Doc. 76) and Motion to Stay (Doc. 77).

2. By Notice dated Wednesday, July 14, 2010 (Doc. 95), the Court set a hearing for Thursday, July 22, 2010 ("July 22 Motion Hearing") on the Defendants' Motion to Dismiss and Ms. Russell-Brown's Motion to Strike (Doc. 91).

3. On Thursday, July 15, 2010, Ms. Russell-Brown filed a Motion for Reconsideration re: Order on Motion for Recusal, Order on Motion to Stay (Doc. 96), a First Amended Complaint (Doc. 97), a Motion for Leave to File a First Amended Complaint (Doc. 98) and a Motion for a Scheduling Conference (Doc. 101) ("July 15 Motions").

4. By Friday, July 16, 2010, the Court had not, *sua sponte*, cancelled or continued the July 22 Motion Hearing or denied or terminated the Defendants' Motion to Dismiss.

5. Consequently, in a letter to the Clerk of the Court, William M. McCool, dated July 16, 2010, Ms. Russell-Brown brought her July 15 Motions to the attention of the Clerk's Office and the Court, respectfully suggesting that, as a matter of course, the Defendants' Motion to Dismiss and July 22 Motion Hearing are moot.

6. As of the filing of this Emergency Motion, the Court has taken no action to either cancel or continue tomorrow's Motion Hearing or to deny or terminate the Defendants' Motion to Dismiss.

## II.

## **ARGUMENT**

7. Motions to dismiss are precluded as nullities once a responsive pleading has been filed. See, e.g., Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002); Byrne v. Nezhat, 261 F.3d 1075, 1093 n. 35 (11th Cir. 2002); Cardenas-Lanham v. United States, No. 6:09-cv-1115-Orl-19DAB, 2009 WL 2495963, at * 1 (M.D.Fla. Aug. 11, 2009); Olesen-Frayne v. Olesen, 2:09-cv-49-FtM-29DNF, 2009 WL 580310, at * 1 (M.D.Fla. March 6, 2009).

8. In the instant action, by the deadline set in this Court's March 26, 2010 Order (Doc. 47), i.e. no later than Monday, April 26, 2010, the Defendants filed a responsive pleading, namely, their Answer, Affirmative Defenses and Counterclaim (Doc. 51), asserting the same defenses as they do in their Motion to Dismiss (Doc. 52). The Defendants' Motion to Dismiss is precluded. There should not be a hearing on the motion. Respectfully, the Court should have, *sua sponte*, denied or terminated the Defendants' Motion to Dismiss and should not have set it for a motion hearing. Id.

9. Had the Defendants not filed a responsive pleading, by Ms. Russell-Brown's filing of her First Amended Complaint (Doc. 97), the Defendants' Motion to Dismiss is rendered moot and, likewise, should be denied or terminated. See, e.g., Trimble v. U.S. Soc. Sec., No. 08-16780, 2010 WL 764050, at * 1 (11th Cir. March 8, 2010) (denying as moot defendant's motion to dismiss original complaint upon plaintiff's filing an amended complaint); Study v. United States, No. 3:08-cv-493/MCR/EMT, 2009 WL 2340649, at * 1 (N.D.Fla. July 24, 2009) (denying defendants' motions to dismiss the original complaint as moot, in light of plaintiff's filing an amended complaint); Cardenas-Lanham v. United States, No. 6:09-cv-1115-Orl-19DAB, 2009 WL 2495963, at * 1 (M.D.Fla. Aug. 11, 2009) (the defendants filing of Answers to Amended Complaint rendered previously filed motion to dismiss moot); Murray v. West Palm Beach Hous. Auth., No. 08-80396-CIV, 2009 WL 4927007, at * 1 (S.D.Fla. Nov. 17, 2008) ("[b]y filing an amended complaint, defendant's motion to dismiss the

3

original complaint is rendered moot"); Buchman v. Bray & Lunsford, No. 8:07-cv-1752-T-24 MSS, 2007 WL 3379782, at * 1 (M.D.Fla. Nov. 14, 2007) ("[b]y filing an amended complaint, B & L's motion to dismiss the original complaint became moot"); United States v. Franklin, No. 2:99-CV-1-FTM-29D, 2000 WL 1524923, at *1 (M.D.Fla. Aug. 31, 2000) (court denied motion to dismiss because it was moot where defendant filed motion to dismiss referring to the original complaint, but the plaintiff had filed an amended complaint); see also, Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) ("motion to amend the complaint rendered moot . . . motion to dismiss the original complaint").

10. Further, the Supreme Court has made clear that, while the issue remains open of whether or not a District Court judge should recuse himself, the judge must not consider substantive, discretionary matters, as opposed to ministerial matters, in the case. See, e.g., Liljeberg v. Health Services Acquisition Corp., 108 S.Ct. 2194, 2204-05 (1988) (vacating substantive final judgment in favor of defendant because district court judge should have recused himself); Berger v. United States, 255 U.S. 22, 34-35, 41 S.Ct. 230 (1921) ("[w]e are of opinion, therefore, that an affidavit upon information and belief satisfies [28 U.S.C. § 144] and that upon its filing, if it show the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is his duty to 'proceed no further' in the case").

11. In the instant action, respectfully, Ms. Russell-Brown's Motion for Reconsideration re: Order on Motion for Recusal, Order on Motion to Stay (Doc. 96) must be decided first before this Court can pass on any substantive, discretionary matters in the case.

12. However, as explained in the July 19, 2010 letter to the Court (Doc. 104), Ms. Russell-Brown will be materially prejudiced by and, consequently, objects to tomorrow's Motion Hearing going forward on any of her July 15 Motions, including her Motion for Reconsideration.

13. According to the docket itself, the Clerk of the Court's internal deadline for referral of Ms. Russell-Brown's July 15 Motions to this Court, if responsive memoranda of law are not filed earlier, is August 2, 2010. Under N.D. Fla. Loc. R. 7.1(C)(1), the Defendants are required to file, by no later than July 29, 2010, responsive memoranda of law with citation of authorities in opposition to Ms. Russell-Brown's July 15 Motions. The Defendants have had the benefit of <u>each</u> of Ms. Russell-Brown's written memoranda of law with citation of authorities in support of her July 15 Motions, in accordance with N.D. Fla. Loc. R. 7.1(A).

14. By contrast, if the Motion Hearing goes forward tomorrow on <u>any</u> of Ms. Russell-Brown's July 15 Motions, including her Motion for Reconsideration, she will not have a full and fair opportunity to litigate those motions on the merits. For example, as of the filing of this Emergency Motion, Defendants have not filed responsive memoranda of law with citation of authorities in opposition to <u>any</u> of Ms. Russell-Brown's July 15 Motions. Even if the Defendants were to file responsive memoranda between now and the Motion Hearing at 1:00 p.m., at this point, Ms. Russell-Brown will not have a full and fair opportunity to read, consider and confer with her counsel regarding Defendants' responsive memoranda of law or to read, consider and confer with her counsel regarding the Defendants' legal authorities in opposition to her July 15 Motions or for either her or her counsel to perform legal research regarding the Defendants' legal authorities in opposition to her Motions, sufficiently in advance of the Motion Hearing.

## III.

## CONCLUSION

15.     In sum, as a matter of course, once the Defendants filed their responsive pleading, their Motion to Dismiss became a nullity and, respectfully, should have been denied or terminated, *sua sponte*, by this Court and should be denied or terminated by this Court.  Again, as a matter of course, had the Defendants not filed a responsive pleading, by Ms. Russell-Brown's filing of her First Amended Complaint, their Motion to Dismiss is rendered moot and, respectfully, should have been denied or terminated, *sua sponte*, by this Court and should be denied or terminated by this Court.  Further, respectfully, Ms. Russell-Brown's Motion for Reconsideration re: Order on Motion for Recusal, Order on Motion to Stay (Doc. 96) must be decided first <u>before</u> this Court can pass on any substantive, discretionary matters in the case.  However, Ms. Russell-Brown will be materially prejudiced by and, consequently, objects to tomorrow's Motion Hearing going forward on <u>any</u> of her three July 15 Motions, including her Motion for Reconsideration.  As of the filing of this Emergency Motion, Defendants have not filed responsive memoranda of law with citation of authorities in opposition to <u>any</u> of Ms. Russell-Brown's July 15 Motions, including her Motion for Reconsideration.  Even if the Defendants were to file responsive memoranda between now and the Motion Hearing at 1:00 p.m., for the reasons stated above, Ms. Russell-Brown will not have a full and fair opportunity to litigate <u>any</u> of her July 15 Motions on the merits.

WHEREFORE, Ms. Russell-Brown respectfully requests that this Honorable Court strike, as precluded or moot, the Defendants' Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 52) and continue the motion hearing (Doc. 95), currently scheduled for tomorrow, July 22, 2010, at 1:00 p.m.

DATED this 21st day of July, 2010.

          Respectfully submitted,

          /s/ Lennox S. Hinds
          Lennox S. Hinds
          New York Bar No. 8196
          Stevens, Hinds & White, PC
          116 West 111th Street
          New York, NY 10026-4206
          (212) 864-4445
          (212) 222-2680 (fax)
          lawfirmshw@yahoo.com
          Attorney for Plaintiff

## CERTIFICATE OF COUNSEL

As of this filing, I was unsuccessful in reaching Defendants' counsel for the purpose of being able to report to the Court, the Defendants' position on the herein motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

          /s/ Lennox S. Hinds
          Lennox S. Hinds
          Attorney for Plaintiff