UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                              CASE NO. 1:09-CV-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

    Defendants.
_____/

DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A FIRST AMENDED COMPLAINT

I.

PRELIMINARY STATEMENT

This action, which was filed on May 22, 2009, already has been pending for more than fourteen (14) months. A nearly identical predecessor action, bearing Case No. 1:09-CV-00023-MP-AK, was filed even earlier, on February 5, 2009. The Court's Initial Scheduling Order [Doc. 48], entered on March 26, 2010, prescribed a discovery cut-off of July 26, 2010.[1]

On July 15, 2010, plaintiff Russell-Brown filed "Plaintiff's Motion for Leave to File A First Amended Complaint ("plaintiff's motion to amend"). Plaintiff proposes the following amendments of her pleading:

---

[1] Paragraph No. 3(c) of Initial Scheduling Order provides: "If the Court takes no action within **14 days** from the filing of the joint report, this initial scheduling order will continue in full force and effect until some further order of this Court."

1. The proposed First Amended Complaint adds the following new paragraphs of allegations concerning these defendants (the "UF defendants").

- Paragraph No. 17 - Plaintiff seeks to assert allegations regarding an incident that allegedly took place at the University of Florida at the time of President Obama's inauguration in January 2009, which was more than a year after Russell-Brown resigned her employment with the University.

- Paragraph No. 49 - Plaintiff seeks to assert allegations regarding child pornography charges brought against a former Law School Associate Dean, which appear to be wholly irrelevant to Russell-Brown's claims in this case and included in her pleading merely to "smear" the defendants.[2]

- Paragraph No. 146 - Plaintiff seeks to assert an allegation regarding the defendants' release of Russell-Brown's medical records and performance evaluations.

2. The proposed First Amended Complaint adds the University of Oxford as a party defendant as to six (6) of Russell-Brown's claims: Counts II (Section 1981), VI (Title IX), VIII (Title VI), IX (Section 1983), XIV (defamation), and XV (civil conspiracy).

3. The proposed First Amended Complaint adds a new claim for civil conspiracy (Count XV).

4. The proposed First Amended Complaint adds twenty-nine (29) paragraphs of factual allegations regarding the UF defendants' purported conspiracy with the University of Oxford against her. [First Amended Complaint, ¶¶ 117-145].

---

[2] *See, e.g. Wilson v. Lash*, 457 F.2d 106 (7th Cir. 1972) (trial court did not abuse its discretion in denying motion to amend where the proffered amendment covered irrelevant matters).

## II.

## ARGUMENT

As the Eleventh Circuit has repeatedly ruled, leave to amend is by no means automatic. *See Coventry First v. McCarty*, 605 F.3d 865 (11th Cir. 2010); *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009); *Mizzaro v. Home Depot*, 544 F.3d 1230 (11th Cir. 2008); *Cockrell v. Sparks*, 510 F.3d 1307 (11th Cir. 2007). The reasons to deny a motion to amend "include 'undue delay, bad faith, dilatory motive on the part of the movant . . . . undue prejudice to the opposing party. . . . [and] futility of amendment.'" *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001), *quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962).

Here, the "new" facts alleged by Russell-Brown in her proposed First Amended Complaint occurred years ago. The allegations of proposed Paragraph No. 17, which are unrelated to Russell-Brown's claims, occurred in January, 2009. The allegations of proposed Paragraph No. 49 concern events that occurred in 2006. The allegations of proposed Paragraph Nos. 117-145 relate to events that transpired in 2008 and 2009. The allegations of proposed Paragraph No. 146 relate to events that took place in 2009.

Undue delay is a valid reason for a district court to deny a party leave to amend. *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230. Here, Russell-Brown has offered no legitimate reason for her delay in attempting to assert these new allegations.[3] She does not claim that her late effort to amend is prompted by newly-discovered evidence. Nor could she.

---

[3]    "[W]here a movant's delay seriously hinders judicial economy and results in prejudice to his opponents, the burden shifts to the moving party to show good reason for the allowance of the amendment." *Best Canvas Products & Supplies v. Ploof Truck Lines*, 713 F.2d 618, 623 (11th Cir. 1983). *See also Gregory v. Mitchell*, 634 F.2 199, 203 (5th Cir. 1981).

In short, since Russell-Brown has delayed before seeking leave to assert her new allegations, and since she has offered no legitimate justification for that delay, plaintiff's motion to amend should be denied. *See, e.g. Hoover v. Blue Cross and Blue Shield of Alabama*, 855 F.2d 1538 (11th Cir. 1988) (district court properly refused to consider claims asserted in second amended complaint where the court believed that plaintiff's delay in asserting new claims was without excuse); *National Service Industries, Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982) (no abuse of discretion to deny leave to amend pleading where party knew of facts supporting proposed amendment when it filed its original pleading).

Another factor which should be considered in ruling upon a motion to amend is "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. 230. Prejudice sufficient to warrant denial of a motion for leave to amend includes where the proposed amendment brings in entirely new claims, adds new parties or would require expensive and time-consuming discovery. *See, e.g. A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975); *Pilkington v. United Air Lines, Inc.*, 158 F.R.D. 508, 510 (M.D. Fla. 1994) (in considering a motion to amend, a court must also determine whether the motion "adds a new legal issue").

Here, Russell-Brown's proposed amendments not only attempt to inject a new claim - - - civil conspiracy - - - in this case, it attempts to add the University of Oxford as a new defendant, as well as an entire series of events relating to Russell-Brown's academic difficulties at Oxford after she resigned from her employment with the University of Florida. Since the University of Oxford is located in England, Russell-Brown will need to serve process upon it pursuant to the Hague Convention, which easily could take two to four months to effect. In addition, it is reasonably foreseeable that the University of Oxford would raise jurisdictional challenges and perhaps seek

jurisdictional discovery[4], which would burden the UF defendants with additional expense and further delay the resolution of the merits of Russell-Brown's claims against these defendants.

"Defendants have an interest in and right to expeditious determination of the claims against them." *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, supra at 386. That is particularly true in the instant case, where the plaintiff has made serious allegations that the employment policies and practices of public agencies and officers violate federal law. Thus, the delay in the disposition of Russell-Brown's claims prejudices not only the UF defendants, but also the public whose interests these defendants serve. For that reason as well, plaintiff's motion to amend should be denied. *See, e.g. Ross v. Houston Independent School District*, 699 F.2d 218, 229 (5th Cir. 1983) (motion to amend properly denied where "[a]mendment of the pleadings would add new and complex issue to a case already protracted and complicated").

Finally, a court need not allow a proposed amendment that would be futile. *Foman v. Davis*, supra, Accordingly, where a proposed amendment fails to state a claim, leave to amend should be denied. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *Florida Power & Light Co v. Chalmer Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996); *Halliburton & Associates v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007), the Supreme Court considered a class action complaint alleging a conspiracy to restrain trade by communication carriers. The Court ruled that a plaintiff must allege sufficient facts, taken as true, to suggest that the plaintiff plausibly has a claim for relief. The Court pointed out that the complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," and that "courts 'are not bound to accept as true a legal conclusion couched

---

[4] Russell-Brown's motion to amend expressly contemplates the prospect of jurisdictional discovery. [Plaintiff's motion to amend, ¶ 18].

as a factual allegation.'" 550 U.S. at 555, *quoting Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986).

The *Twombly* Court applied these principles in considering the complaint's allegations that the defendants:

> engaged in a contract, combination or conspiracy to prevent competitive entry of their respective local telephone and/or high speed internet services markets by, among other things, agreeing not to compete with one another and to stifle attempts by others to compete with them and otherwise allocating customers and markets to one another . . . .

*Id.* at 551 and n.2, 564. The Court determined that this and the other allegations in the complaint were "merely legal conclusions" which failed to assert facts sufficient to state a claim for conspiracy plausible on its face. 550 U.S. at 570. The Court also reasoned that plaintiffs' complaint did not plausibly suggest a conspiracy by merely alleging parallel conduct, because parallel conduct was more likely explained by lawful behavior. 550 U.S. at 557.

In this case, Russell-Brown's allegations concerning a civil conspiracy are similarly deficient. The proposed First Amended Complaint does not allege, except in the most conclusory fashion, that any meeting of the minds occurred between the University of Oxford and any of the UF defendants. Although the proposed pleading repeatedly uses the term "agreement," such legal conclusions, couched as factual allegations, are not entitled to be accepted as true. *See Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed. 2d 868 (2009); *Diaz-Martinez v. Miami-Dade County,* 2009 U.S. Dist. LEXIS 84366 (S.D. Fla. Sept. 10, 2009) (plaintiff's conclusory allegation that police officers "agreed among themselves and with other individuals to act in concert to deprive [Plaintiff] of his clearly established Fourth and Fourteenth Amendment rights . . . is simply insufficient to satisfy Plaintiff's burden"). The proposed First Amended Complaint does not, for example, allege statements made by any individual suggesting a meeting of minds among the conspirators to accomplish a common and unlawful plan.

Nor does the proposed First Amended Complaint allege any specific facts regarding any agreement by the University of Oxford and any of the UF defendants regarding the overall objective or purpose of the purported conspiracy. For example, there are no specific facts alleged that make it plausible that the University of Oxford would have had a need or interest in attempting to dissuade Russell-Brown from pursuing claims against the UF defendants or to retaliate against her for engaging in protected activity regarding the University of Florida. *See, e.g. American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) ("the allegations in Plaintiffs' complaint do not support an inference of an agreement to the overall objective of the conspiracy"); *Sinaltrainal v. Coca-Cola Co.*, 578 F.d 1252, 1268 (11th Cir. 2009) ("The premise for the conspiracy is alleged to be either payment of money or a shared ideology. The vague and conclusory nature of these allegations is insufficient to state a claim for relief, and 'will not do.'") (citation omitted).

Instead, the First Amended Complaint merely alleges conduct taken against Russell-Brown by the University of Oxford that is readily explainable as individual or parallel conduct. *See Twombly*, 550 U.S. at 557 ("when allegations of parallel conduct are set out . . . they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel action that could just as well be independent action"); *American Dental Association v. Cigna Corp.*, 605 F.3d at 1294-95 (rejecting allegations of collective or parallel actions as supporting an inference of a conspiracy where "there is an 'obvious alternative explanation' for each of the collective actions alleged that suggests lawful, independent conduct") (citation omitted).

Finally, while the First Amended Complaint alleges, in a conclusory fashion, a conspiracy involving various faculty members and administrators of UF and the University of Oxford, it is devoid of any facts suggesting that these individuals engaged in conduct that: 1) is of the kind they were employed to perform; 2) occurred within the time and space limits of their employment; and 3) was activated at least in part by a purpose to serve the employment. *See United Technologies Corp. v.*

*Mazer*, 566 F.3d 1260, 1271 (11th Cir. 2009). Therefore, it fails to allege sufficient facts to impute liability to the University, the Law School or the University of Oxford.

## III.
## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Leave to File A First Amended Complaint should be denied.

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Counsel for defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28th, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following::

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 W. 111th Street
New York, NY 10026

/s/ Richard C. McCrea, Jr.
**Attorney**