IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                              CASE NO. 1:09-cv-00257-MP-AK

       v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO DEFENDANTS' RESPONSE (DOC. 113) TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (DOC. 98)

Pursuant to N.D. Fla. Loc. R. 7.1(C), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves this Court for Leave to File a Reply Memorandum in further support of her Motion for Leave to File a First Amended Complaint (Doc. 98), and advises the Court as follows:

1. On March 23, 2010, Ms. Russell-Brown filed a Verified Complaint (Doc. 45) and on March 26, 2010, the Court entered an Order (Doc. 47) directing the Defendants to respond to Ms. Russell-Brown's Verified Complaint, no later than Monday, April 26, 2010. Also on March 26, 2010, the Court entered an Initial Scheduling Order (Doc. 48) and referred the case to mediation (Doc. 49).

2. On April 13, 2010, pursuant to the Initial Scheduling Order (Doc. 48, ¶¶ 1-2), Ms. Russell-Brown served on the Defendants, her First Set of Interrogatories, Requests for the Production of Documents, and Requests for Admissions. On April 26, 2010, the Defendants filed

their Answer, Affirmative Defenses and Counterclaim ("Answer") (Doc. 51). The Defendants also filed a Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 52) ("Motion to Dismiss").

3. The Report of the Parties' Rule 26(f) Planning Meeting (Doc. 65) was filed on May 11, 2010, in which the parties jointly agreed to July 15, 2010, as the deadline to seek leave to add parties or to amend the pleadings and December 3, 2010, as the discovery deadline. The Defendants served their Responses and Objections to Ms. Russell-Brown's First Requests for the Production of Documents and First Requests for Admissions, on May 17, 2010. In an Order dated May 20, 2010 (Doc. 71), the Court extended the date by which the Defendants are to respond to Ms. Russell-Brown's First Set of Interrogatories, to 30-days after the Court's Order on the Defendants' Motion to Dismiss.

4. On July 15, 2010, in accordance with N.D. Fla. Loc. R. 15.1, Ms. Russell-Brown filed a First Amended Complaint (Doc. 97). Also on July 15, 2010, in accordance with the Report of the Parties' Rule 26(f) Planning Meeting (Doc. 65), Ms. Russell-Brown filed a Motion for Leave to File a First Amended Complaint (Doc. 98), explaining that she wished to amend her Verified Complaint to conform it to material obtained in discovery and to add the University of Oxford ("Oxford") as a named Defendant (Doc. 98, ¶ 1).

5. On July 28, 2010, in their Response in Opposition (Doc. 113) to Ms. Russell-Brown's Motion for Leave to File a First Amended Complaint (Doc. 98), the Defendants argue, in main part, that: 1) the instant action has been pending for fourteen (14) months (Doc. 113, p. 1); 2) discovery closed in the instant action on Monday, July 26, 2010 (Doc. 113, p. 1); 3) the "new" factual allegations in paragraphs 17, 49, 117-145 and 146 of Ms. Russell-Brown's First Amended Complaint occurred "years ago" (Doc. 113, p. 3); 4) Ms. Russell-Brown unduly delayed seeking leave to file her First Amended Complaint and has offered no legitimate reason, such as newly-discovered evidence, for her

delay in asserting new allegations (Doc. 113, pp. 3-4); 5) service of process on Oxford under the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") will take two to four months to effect, which delay will prejudice the Defendants (Doc. 113, pp. 4-5), and; 6) Ms. Russell-Brown's amendments are "futile," as a matter of law (Doc. 113, pp. 5-8).

6. The Defendants misstate facts, including the factual and procedural posture of the instant action, but more importantly, the factual allegations in Ms. Russell-Brown's First Amended Complaint.

7. The Defendants also, generally, mischaracterize the authority cited to in their Response and, specifically, mischaracterize the authority regarding service of process on Oxford under the Hague Service Convention.

8. In terms of the Defendants' misstatements of facts, by way of illustration, for purposes of this Motion, Ms. Russell-Brown did not delay in seeking leave to file her First Amended Complaint. She sought leave by the deadline jointly agreed upon by the parties, four months after filing her Verified Complaint. And, she did explain, in paragraph 1 of her Motion, that she was seeking leave to amend in order to conform her Verified Complaint to material obtained in discovery and to add Oxford as a party defendant.

9. Further, with respect to the "new" factual allegations in Ms. Russell-Brown's First Amended Complaint, they did not occur "years ago." The allegations in paragraph 146 occurred August 7 and 10, 2009 – not yet one year ago. With respect to the factual allegations in paragraphs 117-145, Ms. Russell-Brown's Verified Complaint (Doc. 45, ¶¶ 111-118), specifically includes the allegations of retaliation after December 31, 2007, under the heading "Defendants' Unlawful Retaliation After the Execution of the General Release." Under the same heading in Ms. Russell-Brown's First Amended Complaint, paragraphs 117-145 amend Ms. Russell-Brown's post-Release

3

allegations of retaliation. However, there are no changes in the time period covered. Finally, the allegations in paragraph 17 occurred last January and, with respect to the allegations in paragraph 49, which did occur in 2006, in response to the allegations in Ms. Russell-Brown's Verified Complaint (Doc. 45, ¶ 44), that, in June 2005, she complained to a UF Associate Provost that former Associate Dean Patrick Shannon had made, what she believed to be, discriminatory comments in an open, public faculty meeting, the Defendants, in their Answer (Doc. 51, ¶ 44), denied Mr. Shannon could have made any such discriminatory comments and averred that instead, he specifically opined during the meeting that consideration of race would be improper. Consequently, in response, Ms. Russell-Brown amended the allegations concerning her complaints of discrimination during 2005 and 2006, to include the factual allegations regarding Mr. Shannon in 2006, in order to place any credibility issues during that time period in context.

10. In terms of the Defendants' mischaracterizations of the law, again, by way of illustration, for purposes of this Motion, service of process on Oxford, under the Hague Service Convention, will take days, not two to four months. Adding Oxford will not cause a significant delay prejudicing the Defendants. Article 10(a) of the Hague Service Convention specifically permits service by mail unless the State of destination has objected to this method. See, e.g., Curcuruto v. Cheshire, 864 F.Supp. 1410, 1411 (S.D.Ga.1994) (service by registered mail directly to the defendant, satisfied requirements of the Hague Service Convention). The U.K. has no objection to Article 10(a) of the Hague Service Convention.
See http://www.hcch.net/index_en.php?act=authorities.details&aid=278 ("Article 10(a): No opposition").

11. Further, many federal circuit courts and district courts, including several district courts within the Eleventh Circuit, have held that Article "10(a) permits service by mail unless the country has objected to this method." See, e.g., Tracfone Wireless, Inc. v. Bequator Corp., Ltd., No.

4

10-cv-21462 (WMH), 2010 WL 2425959, at *1-2 (S.D.Fla. June 11, 2010) (serving Hong Kong corporate defendant with a copy of the summons and complaint sent via international express mail and via Federal Express directed to its President, General Manager, or other executive officer at its headquarters satisfies Hague Service Convention); Curcuruto, 864 F.Supp. at 1411; Lestrade v. U.S., 945 F.Supp.2d 1557 (S.D.Fla.1996) (service of IRS petition by mail satisfied Hague Service Convention); Conax Florida Corp. v. Astrium Ltd., 499 F.Supp.2d 1287, 1293 (M.D.Fla.2007) (service of process in the United Kingdom) (authorizing service by mail upon finding that "Article 10(a) is applicable to service of process"); Brockmeyer v. May, 383 F.3d 798, 802 (9th Cir.2004) (service of process in the United Kingdom) (Article 10(a) does include service of process by mail, reasoning that "send judicial documents" encompasses "service of process," and that such method is "consistent with the purpose of the Convention to facilitate international service of judicial documents"); Patty v. Toyota Motor Corp., 777 F.Supp. 956, 959 (N.D.Ga.1991) (service of summons and complaint by registered mail, return receipt requested, on Japanese corporation, was effective under Hague Service Convention); Chrysler Corp. v. General Motors Corp., 589 F.Supp. 1182 (D.D.C.1984); Borschow Hosp. and Medical Supplies, Inc. v. Burdick-Siemens Corp., 143 F.R.D. 472 (D.P.R.1992); Robins v. Max Mara, U.S.A., Inc., 923 F.Supp. 460, 469 (S.D.N.Y.1996); Ackermann v. Levine, 788 F.2d 830, 838-40 (2nd Cir.1986); Research Systems Corp. v. IPSOS Publicite, 276 F.3d 914, 926 (7th Cir.2002), *cert. denied*, 537 U.S. 878, 123 S.Ct. 78, 154 L.Ed.2d 133 (2002).

  12. In addition to international express mail, service on Oxford may also be effectuated via Federal Express. See, e.g., Tracfone Wireless, Inc., 2010 WL 2425959, at *2-3; Ehrenfeld v. Salim a Bin Mahfouz, No. 04-civ-9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. March 23, 2005) (approving service by certified mail or FedEx); Mainstream Media, EC v. Riven, No. C-08-3623-PJH, 2009 WL 2157641, at *3 (N.D.Cal. July 17, 2009) (noting that previously the "court granted

[Plaintiff's] motion for alternative service on [Defendant] pursuant to Federal Rule of Civil Procedure 4(f)(3), directing that the prior delivery of service documents by [Plaintiff] to [Defendant] via e-mail, international mail, and international courier (Federal Express) was effective service of process"); Broadfoot v. Diaz (In re Int'l Telemedia Assoc), 245 B.R. 713, 719-20 (Bankr.N.D.Ga.2000) (authorizing service via facsimile, ordinary mail, and email); Jenkins v. Pooke, No. C-07-03112-JSW, 2009 WL 412987, at *2-3 (N.D.Cal. Feb, 17, 2009) (directing that service be effectuated via electronic mail, international mail, and international courier).

13. Oxford may also have specifically appointed a registered agent for service of process in the United States, making service of process, under the Hague Convention, unnecessary. The appointed registered agent for service of process in the United States for Oxford's North American Office located in New York City (see http://www.oxfordna.org/) is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

14. Finally, relevant to the Defendants' allegations of the legal "futility" of Ms. Russell-Brown's proposed amendments, a review of the legal authority cited to by the Defendants in their Response, reveals that they mischaracterized most, if not all, of the legal authority. The case law will be addressed in greater detail in a Reply Memorandum. However, below is a brief bullet point survey of the Defendants' authority, in order of their appearance in the Defendants' Response:

■ In Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010), the proposed amended complaint sought to add a claim for a violation of substantive due process under the Fourteenth Amendment, which protects those rights that are "fundamental." The Eleventh Circuit affirmed the district court's holding that the proposed amendment was "futile" and failed as a matter of law because the plaintiff's right to do business in Florida as a "viatical settlement provider" was established under the Florida Viatical Settlement Act, not the Constitution, and was therefore not a fundamental right.

■ In Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009), the Eleventh Circuit affirmed the district court dismissing plaintiff's third amended complaint for having failed to comply with the court's explicit order concerning how to frame the complaint.

- In <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1255 (11th Cir. 2008), the Eleventh Circuit agreed with the district court's conclusion that the additional facts, even when viewed in concert with those alleged in the amended complaint, did not create a strong inference of scienter as required to satisfy the heightened pleading standards imposed by the Private Securities Litigation Reform Act (PSLRA).

- In <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310-12 (11th Cir. 2007), the Eleventh Circuit affirmed the district court's denial, as "futile," of the plaintiff's motion to amend, because the district court had found that the use of force by the prospective defendant prison guard did not "shock the conscience," as required under the Fourteenth Amendment, and, therefore, the prospective defendant prison guard would have been entitled to summary judgment on the claim against him if the amendment were allowed.

- In <u>Laurie v. Alabama Court of Criminal Appeals</u>, 256 F.3d 1266, 1275 (11th Cir. 2001), plaintiff's motion to amend was filed more than 11 months <u>after</u> the Court's Order setting the deadline for amending pleadings.

- In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the U.S. Supreme Court held that the Court of Appeals erred in affirming the District Court's denial of the petitioner's motion to vacate the judgment in order to allow amendment of the complaint.

- In <u>Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.</u>, 713 F.2d 618, 623 (11th Cir. 1983), plaintiff-in-counterclaim had waited until <u>after</u> close of a two-year discovery period to submit a motion for leave to amend.

- In <u>Hoover v. Blue Cross and Blue Shield of Alabama</u>, 855 F.2d 1538, 1544 (11th Cir. 1988), the Eleventh Circuit affirmed the district court's decision not to consider claims asserted in the plaintiff's second amended complaint, because the plaintiff did not move for leave of court to file a second amended complaint.

- In <u>National Service Industries, Inc. v. Vafla Corp.</u>, 694 F.2d 246, 249 (11th Cir. 1982), the Eleventh Circuit affirmed the denial of the defendants' motion for leave to amend their **answer** in order to assert a defense of partial failure of consideration, where the facts supporting the proposed defense were known at the time of the original answer and the subsequently abandoned counterclaim and where amendment would cause delay at a late stage in the proceedings.

- In <u>A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.</u>, 68 F.R.D. 383, 384-86 (N.D.Ill. 1975), the Northern District of Illinois denied plaintiffs' motion to amend complaint to state a single claim under the Sherman Act by adding six new defendants and three new counts, after extensive discovery, where the case was 5-years old, the addition of new parties and new counts would result in undue delay, the amendment made substantial changes in the complaint, the defendants asserted that faded memories and unavailability of witnesses would impair their ability to defend proposed counts and that new claims would inevitably lead to time consuming new discovery.

- In <u>Pilkington v. United Airlines, Inc.</u>, 158 F.R.D. 508, 509-10 (M.D.Fla. 1994), the Court denied the plaintiff's motion for leave to file a second amended complaint, in order to add

7

    eight (8) new plaintiffs and allegations of additional acts of harassment and unlawful acts, because, rather than disclose the identity of these prospective plaintiffs to the Court, plaintiffs' counsel argued that a transfer should be denied because the majority of plaintiffs lived in Florida and would be inconvenienced by a transfer. However, if the motion for leave were granted, the clear majority of the plaintiffs (12 of 17) would be non-residents and to permit a large group of non-resident plaintiffs to join the lawsuit would only reward plaintiffs' counsel for holding back the motion for leave until after the Court had ruled upon the plaintiff's motion to transfer. In addition, the eight prospective new plaintiffs would add over 130 separate incidents of alleged harassment, some of which dated back to 1985, thereby raising new legal issues regarding the statute of limitations.

■   Again, only decisions issued by the Fifth Circuit <u>before</u> October 1, 1981, are binding as precedent in the Eleventh Circuit. See, e.g., <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1207 (11th Cir.1981). Notwithstanding, the Eleventh Circuit in <u>Ross v. Houston Independent School Dist.</u>, 699 F.2d 218, 228-29 (5th Cir. 1983), affirmed the district court's finding that the plaintiff's motion for leave to amend would prejudice the defendant, because, *inter alia*, the motion was first presented **24-years** after the complaint was filed, added **26 new parties** and would add **7 additional years** to an already protracted and complicated case.

■   In <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1318-20 (11th Cir. 1999), the first motion for leave to amend sought to add claims and was made **40 months** after the original counterclaim. The second motion for leave to amend was made **7 months** after that and the third motion was made **on the eve of trial!**

■   According to the Eleventh Circuit in <u>Florida Power & Light Co. v. Allis Chalmers Corp.</u>, 85 F.3d 1514, 1520-21 (11th Cir. 1999), Federal Rule of Civil Procedure 15(a) mandates that the district court freely grant plaintiff's motion for leave when justice so requires. Fed.R.Civ.P. Rule 15(a). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." <u>Id</u>. In <u>Florida Power & Light Co.</u>, the Eleventh Circuit affirmed the denial of plaintiff's motion for leave to amend its complaint to add an additional claim for contribution against manufacturer defendants because the plain language of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) did not subject the manufacturer defendants to liability. <u>Id</u>.

■   In <u>Halliburton & Associates, Inc. v. Henderson, Few & Co.</u>, 774 F.2d 441, 443-44 (11th Cir. 1985), the Eleventh Circuit stated that "an amendment adding new claims and parties usually will speak for itself. During the course of pretrial proceedings new information may come to light, and in the exchange of pleadings new strategy may develop . . . Although we believe it appropriate and advisable for a party to explain the reasons for its amendments, we do not believe that the failure to do so is by itself a substantial reason to refuse an amendment that seeks to add closely related claims and parties." <u>Id</u>. The Eleventh Circuit affirmed the denial of the plaintiff's motion for leave because the proposed amendments were subject to the parties' agreement to arbitrate disputes before the Municipal Securities Rulemaking Board. Accordingly, the amendment was futile, arbitration was compelled and the proceedings stayed.

■   The Defendants mischaracterize <u>Diaz-Martinez v. Miami-Dade County</u>, No. 07-20914-CIV, 2009 WL 2970468, at * 9 (S.D.Fla. Sept. 10, 2009). The paragraph begins, "To satisfy the

heightened pleading standard for conspiracy claims, '[t]he plaintiff does not have to produce a smoking gun to establish the understanding or wilful participation required to show a conspiracy, but must show some evidence of agreement between the defendants.'" The Court found insufficient to satisfy plaintiff's burden, his allegation in one paragraph of his complaint, that the police defendants had "agreed among themselves and with other individuals to act in concert in order to deprive [Plaintiff] of his clearly established Fourth and Fourteenth Amendment rights." Id.

- American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010), involves allegations of conspiracy under the specific pleading standards of the RICO statutes, which require a plaintiff to either show that 1) the defendant agreed to the overall objective of the conspiracy or 2) the defendant agreed to commit two predicate acts.

- Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252 (11th Cir. 2009) involves allegations of a conspiracy between Colombian paramilitary, Colombian local police and Colombian bottling facilities connected to Coca-Cola, to kidnap, detain, torture and murder plaintiff Colombian trade union leaders. In response to a Motion to Dismiss, the Court held that certain allegations failed to state a claim for relief under the "law of nations," as required by the Alien Tort Statute and, therefore, the Court lacked subject matter jurisdiction. Id. at 1269.

- Finally, the Defendants mischaracterize United Technologies Corp. v. Mazer, 556 F.3d 1260, 1270-73 (11th Cir. 2009). United Technologies involves the theft and sale by the individual defendant of certain blueprints relating to an aircraft engine manufactured by the plaintiff and includes allegations of civil theft under Florida law, which requires an injury from a violation of Florida's criminal theft statute, a civil claim for dealing in stolen property, which also requires an injury from a violation of Florida's criminal statute prohibiting dealing in stolen property, unjust enrichment and conversion. The district court was concerned that the plaintiff allege that the individual defendant (1) acted in the scope of his employment, in pursuit of the corporate defendant's interest, when he purchased and re-sold the stolen blueprints; and (2) acted for the benefit of the corporation, as opposed to himself. In finding that the complaint's allegations withstood a Rule 12(b)(6) motion to dismiss, the Eleventh Circuit held that the plaintiff did not have to expressly allege the above elements. Further, the Court held that the plaintiff was not required to go so far as to allege that the corporate defendant was established as an explicitly criminal enterprise, or that the individual defendant's job description included criminal functions, in order to state a claim for corporate liability for an employee's discharge of his duties in an illegal manner. If aviation blueprints could reasonably fall within the corporate defendant's stock in trade, and if part of the individual defendant's employment duties was to buy and sell the goods in which the corporate defendant traded, then the corporate defendant could reasonably be answerable for its employee's illegal or tortuous conduct in carrying out those tasks. And, discovery to be taken by the plaintiff may well reveal additional evidence to be used in carrying the plaintiff's burden, on summary judgment or at trial, of establishing that the individual defendant acted within the scope of his employment.

15.     The Defendants' misstatements and mischaracterizations create good cause for

granting leave to file a reply. See, e.g., Infinite Energy, Inc. v. Thai Henry "Hank" Chang, No. 1:07-

9

CV-023-SPM, 2008 WL 419530, at * 1-2 (N.D.Fla. Sept. 9, 2008) (Mickle, C.J.) (granting leave to file a reply memorandum where the defendant's response misstated the facts and mischaracterized the applicable law).

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court for an order granting her leave to file a reply to the Defendants' Response (Doc. 113) to her Motion for Leave to File a First Amended Complaint (Doc. 98).

DATED this 29th day of July, 2010.

Respectfully submitted,

/s/ Lennox S. Hinds
Lennox S. Hinds
New York Bar No. 8196
Stevens, Hinds & White, PC
116 West 111th Street
New York, NY 10026-4206
(212) 864-4445
(212) 222-2680 (fax)
lawfirmshw@yahoo.com
Attorney for Plaintiff

## **CERTIFICATE OF COUNSEL**

I certify that I complied with my obligations under Local Rule 7.1(B)(1), to confer with Defendants' counsel prior to filing this Motion. As of this filing, I have not received a response from Defendants' counsel, Mr. Richard C. McCrea, Jr., Esq., regarding the Defendants' position on the herein motion.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 29, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff