## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

      Plaintiff,

                                  CASE NO. 1:09-cv-00257-MP-AK

      v.

THE UNIVERSITY OF FLORIDA, BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA, LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual and official capacities as
Dean of the University of Florida, Levin College of Law,

      Defendants.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND FIRST REQUESTS FOR ADMISSIONS

      PLEASE TAKE NOTICE THAT, pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Plaintiff hereby propounds the following Interrogatories to and Requests for Admissions from the Defendants to be answered fully, in writing and under oath, through a representative or agent who has knowledge of the facts, and in accordance with the Definitions and Instructions set forth below, within thirty (30) days after service thereof.  Plaintiff also hereby requests that the Defendants produce the documents requested herein within thirty (30) days after service thereof, in accordance with the Definitions and Instructions set forth below.  Copies of the requested documents shall be produced to the offices of Stevens, Hinds & White, PC, 116 West 111th Street, New York, New York 10026-4206, or at any other such place as may be agreed to by counsel.

## DEFINITIONS

      A.      The singular form of a word shall include the plural, and the plural shall include the singular.

B.      The use of the present tense includes the past tense and vice versa.

C.      "All" shall be construed to include "any" and "each," "any" shall be construed to include "all" and "each," shall be construed to include "all" and "any," in each case as is necessary to bring within the scope of these requests documents that might otherwise be construed as outside their scope.

D.      "And" and "or" shall be construed conjunctively or disjunctively, in each case as is necessary to bring within the scope of these requests documents that might otherwise be construed as outside their scope.

E.      The term "communication" means any occurrence whereby data, expressions, facts, opinions, advice, thought or other information of any kind is transmitted in any form, including without limitation any conversation, correspondence, discussion, e-mail, text, forum, negotiation, gathering, meeting, memorandum, message, note or posting or any other display on the Internet or World Wide Web.

F.      The terms "relate(s) to," "related to" or "relating to" mean to refer to, being evidence of, memorialize, reflect, concern, pertain to or in any manner be connected with the matter discussed.

G.      "Complaint" refers to the complaint filed by the Plaintiff in this action, and any amendment(s) thereto.

H.      The term "concerning" means referring or relating to and includes without limitation analyzing, commenting on, comprising, connected with, constituting, containing, contradicting, discussing, describing, embodying, establishing, evidencing, memorializing, referencing, mentioning, pertaining to, recording, regarding, reflecting, responding to, setting forth, showing, or supporting, directly or indirectly.

I.     The terms "correspondence" or "corresponding" refer to communications made between you and/or other person(s).

J.     The term "document" is used herein in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure, and includes, but is not limited to, any written, recorded or tangible graphic matter, or any other means of preserving data, expression, facts, opinions, advice, thought, images, or other information of any kind, including without limitation all non-identical copies, drafts, out takes, subsequent versions, worksheets and proofs, however created or recorded, including without limitation audio tapes, annotations, calendars, correspondence, data or information of any kind recorded on compact discs, digital video diskettes, or any other type or form of diskettes for use with computers or other electronic devices, or any hard drive, diary entries, electronic recordings of any kind, e-mail, text, memoranda, notes, photographs, reports, telephone slips and logs, video cartridges and videotapes, and sites, databases, or other means of information storage or retrieval on the Internet or the World Wide Web.

K.     "Identify" means:

(i)     with respect to an individual, to identify the individual(s) by name, title, home and business address and phone and fax numbers, to specify the information the individual(s) has and to produce documents containing that person's name, title, home and business address and phone and fax numbers;

(ii)    with respect to any entity other than a natural person, to identify its full name, present or last known address, form of organization (*e.g.*, general partnership, corporation), state of incorporation or other organization, to produce documents containing its full name, present or last known address, form of organization (*e.g.*, general partnership, corporation), state of incorporation or other organization, and to specify the information the entity has;

(iii)   with respect to a document, to identify the document by type, general subject matter, its date, its author(s), addressee(s) and recipient(s);

(iv)     with respect to an event, to produce documents containing the date, location, and participants in those events.

L.     The term "including" means including without limitation.

M.     The term "person" means any natural person or "company limited by guarantee," corporate, business, legal, academic, educational, professional, accrediting, investigatory, governmental, inter-governmental, non-governmental or non-profit body, agency, entity, institution, association, partnership or organization.  References to any person or body, agency, entity, institution, association, partnership or organization shall include its officers, directors, employees, former employees, partners, agents, consultants, attorneys, legal representatives, adjudicators, investigators, solicitors, barristers, representatives, corporate parents, predecessors, successors, subsidiaries, and affiliates.

N.     The term "Academic Personnel" means your faculty members, and certain graduate and professional student appointments, and excludes members of your University Support Personnel System (USPS) and Technical, Executive, Administrative and Managerial Support (TEAMS).  The "Academic Personnel" classification consists of positions having the principal responsibility of teaching and/or research, extension and/or providing administrative functions directly related to the academic mission and accomplishment of your goals.

O.     The term "grievance" means a dispute or complaint alleging a violation of your rules or regulations concerning tenure, promotion, non-renewal and termination of employment contracts, salary, work assignments, annual evaluation, lay-off and recall and other benefits or rights accruing to your faculty members pursuant to your rules or regulations.

P.     The terms "tenure probationary period" or "probationary period" mean that period of academic service in a tenure-accruing position at the University of Florida by the end of which the faculty member must be recommended for tenure or given notice of non-renewal.

Q.     The term "instructional assignment" means the instruction of students who are registered for credit.

R.     "You" and "your" refers to the University of Florida, Board of Trustees, the University of Florida, Levin College of Law, Robert H. Jerry, II, in his individual and official capacities as Dean of the University of Florida, Levin College of Law, the named defendants in this action, their principals, trustees, directors, executives, officers, employees, former employees, predecessors, agents, consultants, attorneys, legal representatives, investigators, solicitors, barristers, any person acting or purporting to act on their behalf and other representatives.   Unless otherwise specified, each Interrogatory, Request for Admission and Document Request is directed to all Defendants.

S.     "Plaintiff" means Sherrie Russell-Brown, the named plaintiff in this action, her principals, trustees, directors, executives, officers, employees, former employees, predecessors, agents, consultants, attorneys, legal representatives, investigators, solicitors, barristers, any person acting or purporting to act on her behalf and other representatives.

T.     "Relevant time period" means December 19, 2000 to December 31, 2007.

## INSTRUCTIONS

A.     If any request herein for a document cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

B.     The requests for documents herein are continuing in nature.   If at any time documents are obtained in addition to those that have previously been produced to Plaintiff, prompt supplementation of such responses to these request is required.

C.     These requests apply to all documents in your possession, custody or control, regardless of the location of such documents, and include documents within the possession, custody or control of your employees, agents or representatives, wherever located.

D.     Each document is to be produced (along with all drafts thereof) in its entirety, without abbreviation, expurgation, or redaction.  In the event that a copy of a document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

E.     The documents requested herein shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to each document request herein.  All documents that are physically attached to each other when located for production shall be left so attached.  Documents that are segregated or separated from other documents, whether by use of binders, files, subfiles, or by dividers, tabs, or any other method, shall be left so segregated or separated.  All labels or other forms of identification contained, placed, attached, or appended on or to any binders, files, subfiles, dividers, or tabs shall be produced.

F.     A request for documents shall be deemed to include a request for any or all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the documents, in addition to the document itself, without abbreviation or expurgation.

G.     No request shall be read as limiting any other request.

H.     If, in responding to these requests, you claim any ambiguity in interpreting a request, or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but instead you shall set forth as part of your response the language deemed to be ambiguous and the interpretation that you used in responding to the request.

I.      If any document requested herein that was formerly in your possession, custody or control has been destroyed, discarded, or otherwise lost, the document shall be identified by stating: (a) the nature of the document, the number of pages (if applicable), its subject matter and its contents, including but not limited to any attachments or appendices; (b) the author or creator of the document and all persons to whom it was sent, including but not limited to cover copies or blind copies (if applicable); (c) the date on which the document was prepared or transmitted; (d) the date on which the document was lost, discarded, or destroyed; (e) the person who authorized and carried out the destruction; and (f) the name of any custodian of any existing copies of the document.

J.      In the event that any responsive material is maintained in electronic format, such material shall be produced in a reasonably usable and electronically searchable form, consistent with the requirements of Rule 34(b)(ii) of the Federal Rules of Civil Procedure.

K.      If any document responsive to these requests or any part thereof is withheld under a claim of attorney-client privilege, attorney work product immunity, or any other claim of privilege or immunity, provide a list of all such documents, identifying, with respect to each document: (a) the type of document; (b) the general subject matter of the document; (c) the date of creation of the document; (d) the author or creator of the document; (e) each recipient of the document; (f) the present custodian of the document; (g) the number of pages, attachments, and appendices in the document (if applicable); and (h) the specific privilege or immunity claimed.

L.      If no documents exist that are responsive to a particular paragraph of these requests, so state in writing.

M.      Each interrogatory shall be answered separately and fully in writing and under oath, unless it is objected to, in which event the reasons for the objection shall be stated with specificity.

N.     You shall be under a continuing obligation to supplement your answers to the interrogatories set forth below to the extent provided in Rule 26(e)(1) of the Federal Rules of Civil Procedure.

O.     Each interrogatory calls not only for your knowledge, but also all information that is available to you by reasonable inquiry and due diligence, including inquiry of your employees, former employees, agents, representatives, attorneys and investigators.

P.     No interrogatory shall be read as limiting any other interrogatory.

Q.     If, in responding to these interrogatories, you claim any ambiguity in interpreting an interrogatory, or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but instead you shall set forth as part of your response the language deemed to be ambiguous and the interpretation that you used in responding to the interrogatory.

R.     If you refuse to respond to any of these interrogatories or any portion of these interrogatories on the ground that it seeks information privileged against discovery, or information you deem to be neither relevant nor likely to lead to relevant evidence, or that you deem it otherwise improper as to either form or substance, you shall respond to so much of the interrogatories as you believe to be proper and shall state with specificity the basis for your objection or the privilege claimed.

S.     Each request for admission shall be answered separately and fully in writing and under oath. If you fail to respond or object to any request for admission within thirty (30) days after service of the Requests, the matter shall be deemed admitted under Rule 36 of the Federal Rules of Civil Procedure. As is more fully set out in Rule 36(a) of the Federal Rules of Civil Procedure, you must admit or deny each request for admission, and, where necessary, specify the parts of each request to which you object or cannot in good faith admit or deny. If you object to

only part of a request for admission, you must admit or deny the remainder of the request for admission.  In the event that you object to or deny any request for admission or portion of a request for admission, you must state the reasons for your objection or denial.

T.     Each request for admission solicits all information obtainable by you from your employees, former employees, agents, representatives, attorneys and investigators.  If you answer a request for admission on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.  If you cannot answer any request for admission in full after exercising due diligence to secure the full information to do so, so state and answer any request for admission to the extent possible, setting forth in detail the reasons why you cannot truthfully admit or deny the matter and detailing what you did in attempting to secure the unknown information.

U.     Your failure to admit any request for admission requires that you supplement your response to admit the matter if you, or any person acting your behalf, subsequently obtains additional information indicating that the matter should be admitted.  The requests for admissions shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

1.     Identify any and all persons with knowledge or information regarding correspondence concerning Plaintiff, from January 1, 2008 to the present.

2.     State the policies, procedures, and standards you have established, during the relevant time period, concerning leaves of absence, including annual and FMLA leaves, for your faculty members.

3.     State the policies, procedures, and standards you have established, during the relevant time period, concerning requiring a fitness-for-duty certification from your faculty members, as a condition of their return from FMLA leave, and identify your faculty members who were required to submit a fitness-for-duty certification, as a condition of their return from FMLA leave, including, for each faculty member (a) the faculty member's race, national origin and sex; (b) the faculty member's academic rank, at the time of the request for FMLA leave and return from FMLA leave; (c) the dates of the faculty member's FMLA leave and the pay status of the faculty member during their FMLA leave; (d) the date the faculty member submitted their fitness-for-duty certification and the date of the faculty member's return from FMLA leave; (e) the faculty member's college, department or unit; (f) whether the faculty member remains employed with you, and, if so, the faculty member's current academic rank, college, department or unit; (g) if the faculty member is not still employed with you, the last date of employment and the name of the faculty member's current employer; (h) whether the faculty member was a member of a collective bargaining unit, at the time of the request for FMLA leave.

4.     Identify the persons who instructed defendant Jerry that Plaintiff was required to provide a fitness-for-duty certification.

5.     State the policies, procedures, and standards you have established, during the relevant time period, concerning changes and notification of changes in your faculty member's appointment(s), assigned duties and responsibilities, and state with specificity all changes and notification of changes in Plaintiff's appointment(s), and assigned duties and responsibilities, after Plaintiff's initial employment date, including, the reasons for the change, on August 21, 2007, and the reasons why Plaintiff was not assigned or informed of her new duties and responsibilities, prior to September 13, 2007.

6.     State the policies, procedures, and standards you have established, during the

relevant time period, concerning the "instructional assignments" of your faculty members, identify your faculty members who received "instructional assignments" for the fall 2007 semester, after the fall 2007 semester began, and state with specificity Plaintiff's September 13, 2007 "instructional assignment," including, the number and names of students registered for credit in Plaintiff's course, the course number, the credits assigned to the course.

7.      State the policies, procedures, and standards, during the relevant time period, concerning complaints of discrimination in your employment practices and state with specificity Plaintiff's complaints of discrimination in your employment practices and any investigation(s) by you thereof.

8.      State the policies, procedures, and standards you have established, during the relevant time period, concerning complaints against your faculty members and state with specificity each complaint against Plaintiff, including, for each complaint: (a) whether the complaint was in writing or verbal; (b) whether the complaint was anonymous, and, if not anonymous, the name of the complainant; (c) whether the complaint was from outside or inside the University of Florida; (d) the date of the complaint; (e) the allegations in the complaint; (f) to whom the complaint was submitted; (g) who reviewed the complaint; (h) whether it was determined that the complaint had substance and that further action was necessary; (i) whether, and, if so, when Plaintiff submitted a written response to the complaint; (j) whether, and, if so, when the department chair or administrator submitted a report of their review of the complaint, together with Plaintiff's written response, and the report's conclusion; (k) any remedial and/or appropriate action(s) taken.

9.      State the policies, procedures, and standards you have established, during the relevant time period, concerning the termination, suspension, and/or disciplinary action(s) imposed on your faculty members and state with specificity the termination, suspension and/or

disciplinary action(s) imposed upon Plaintiff, including the reason(s) and details regarding notification.

10.     State the policies, procedures, and standards you have established, during the relevant time period, concerning grievances and state with specificity the grievances filed by Plaintiff, including, for each grievance: (a) the date filed and with whom Plaintiff filed her grievance; (b) the allegations in Plaintiff's grievance; (c) the step of the grievance process at which Plaintiff's grievance was commenced and concluded; (d) who heard and/or reviewed Plaintiff's grievance; (e) whether there was a meeting with Plaintiff regarding her grievance and, if so, the written and/or oral evidence presented at the meeting in support of Plaintiff's grievance; (f) whether Plaintiff requested documents relevant to her grievance and whether Plaintiff was furnished with said documents; (g) whether and, if so, who, other than Plaintiff, was interviewed regarding Plaintiff's grievance; (h) whether a report was submitted containing findings and recommendations with respect to Plaintiff's grievance and, if so, the date of the report, by whom the report was submitted, the report's findings and recommendations, and to whom the report was submitted; (i) whether a decision was rendered with respect to Plaintiff's grievance and, if so, the date of the decision, by whom the decision was rendered, the detailed reasons for the decision, and to whom the decision was sent.

11.     State the policies, procedures, and standards you have established, during the relevant time period, concerning the tenure and promotion of your faculty members.

12.     State with specificity the contractual entitlements of your faculty members, during the relevant time period, including Plaintiff's contractual entitlements.

13.     State the policies, procedures, and standards you have established, during the relevant time period, concerning notice and the end of the employment of your faculty members in a tenure-accruing position, holding the academic rank of associate professor, professor or

above, as defined in your rules or regulations, including 6C1-7.003(2), and identify those faculty members in a tenure-accruing position, holding the academic rank of associate professor, professor or above, as defined in your rules or regulations, including 6C1-7.003(2), whose employment with you ended prior to the beginning of the last year of their probationary period, including, for each faculty member: (a) race, national origin and sex; (b) college, department or unit; (c) whether the faculty member was a member of a collective bargaining unit; (d) the dates of the appointment period during which the faculty member's employment ended; (e) the dates of the faculty member's probationary period; (f) the date of the faculty member's last day of employment; (g) whether the faculty member received notice concerning the end of their employment and, if so, whether notice was written or verbal; (h) how notice was sent to the faculty member; (i) whether the President of the University of Florida or a designee conferred informally with the faculty member concerning the end of their employment, before notice was sent; (j) the date and content of notice; (k) the compensation paid to the faculty member during the notice period, how compensation was paid and whether compensation was paid in a lump sum; (l) whether the faculty member entered into other full-time employment prior to the end of their last day of employment with you, and, if so, whether it was with or without the approval of the President of the University of Florida or designee; (m) whether the faculty member taught at the University of Florida during their notice period, and, if so, the dates of the faculty member's notice period and the dates during which the faculty member taught.

14.    State the policies, procedures, and standards you have established, during the relevant time period, concerning the evaluation of your faculty members.

15.    State with specificity the data in Plaintiff's employment records upon which Plaintiff received her 9% merit raise, effective August 15, 2004.

16.    Identify your faculty members who received merit raises beyond 1.2%, effective

the 2004-2005 academic year, including, for each faculty member: (a) race, national origin and sex; (b) the percentage of the raise; (c) academic rank of the faculty member during the 2004-2005 academic year; (d) college, department or unit; (e) whether the faculty member remains employed with you, and, if so, the faculty member's current academic rank, college, department or unit; (f) if the faculty member is not still employed with you, the last date of employment and the name of the faculty member's current employer.

17.     State the policies, procedures, and standards you have established, during the relevant time period, concerning a mentoring program and mid-career review for your faculty members in their "tenure probationary period" and state with specificity the mentoring and mid-career review received by Plaintiff.

18.     State the policies, procedures, and standards you have established, during the relevant time period, concerning delegated authority, including contractual authority, over matters relating to your Academic Personnel and state with specificity the contracts, relating to your Academic Personnel, executed on your behalf, by your Senior Vice President for Administration.

19.     State with specificity: (a) your funding sources; (b) the liability of the State of Florida for financial judgements against you; (c) the role, if any, of the State of Florida in your administration; (d) the extent, if any, of the co-mingling of your state and private funds; (e) the extent, if any, of the State of Florida's dominion over your funding sources; (f) your autonomy from the State of Florida; (g) complaints filed against you under 42 U.S.C. §§ 1981 or 1983, during the relevant time period.

20.     State the policies, procedures, and standards you have established, during the relevant time period, concerning complaints of threats of violence and/or violence and state with specificity any investigation by you of Plaintiff's complaints of threats of violence and/or

14

violence.

21.     State the policies, procedures, and standards you have established, during the relevant time period, concerning the processing of faculty members' payroll and state with specificity the processing of Plaintiff's payroll, including: (a) payroll actions taken/changes made; (b) action date and effective date; (c) action(s) reason(s); (d) compensation frequency and compensation rate; (e) time and labor, time reporting and time reporting codes; (f) approvers and processors of Plaintiff's payroll.

## REQUESTS FOR DOCUMENTS

1.     All correspondence concerning Plaintiff.

2.     All documents concerning Plaintiff.

3.     Each personnel manual, personnel handbook, faculty handbook, collective bargaining agreement, or other document defining the employment relationship of your faculty members, including your sick leave, vacation, and FMLA policies.

4.     Each policy or manual concerning your equal employment opportunity policies.

5.     All written complaints concerning defendant Jerry, and all documents concerning investigation of any oral or written complaint concerning defendant Jerry, including documents showing complaints of or investigations of allegations of discrimination in employment practices, including discrimination on the basis of race, creed, religion, color, marital status, protected veteran status, sex, national origin, disability, political opinions or affiliations, age, sexual orientation, sexual harassment, genetic information, or handicap.

6.     All documents maintained for the purposes of any disciplinary proceeding brought against or any investigation of misconduct by defendant Jerry.

7.     All documents constituting employment records maintained by you concerning defendant Jerry.

8.      All documents constituting employment records maintained by you concerning Plaintiff.

9.      All documents used to answer any Interrogatory or Request for Admission propounded by Plaintiff including, but not limited to, Plaintiff's First Set of Interrogatories and First Requests for Admissions.

## REQUESTS FOR ADMISSIONS

1.      Admit that, in an e-mail dated August 25, 2007 3:49 pm, Plaintiff told you that she would be contacting the EEOC's Miami office.

2.      Admit that, on August 20, 2007, defendant Jerry received a voice mail message and e-mails dated August 20, 2007, 12:08 pm, 2:39 pm and 3:31 pm, from Plaintiff.

3.      Admit that, according to your rules and regulations, including 6C1-7.048(4) and 6C1-7.042(2)(c), counseling shall not be and is not considered disciplinary action.

4.      Admit that Dejawdya Butler complained to you about white male students in her class shuffling their feet on the floor whenever African-American students would rise to speak.

5.      Admit that, according to your rules and regulations, including 6C1-7.019(7), all discussions of evaluations of employee performance compiled for promotion and/or tenure shall be considered confidential.

6.      Admit that, during the 2007-2008 academic year, Plaintiff held a continuing full-time tenure-accruing appointment at the academic rank and title of Associate Professor.

7.      Admit that you had knowledge that one of Plaintiff's students, Thomas J. Obhof, acted aggressively towards Plaintiff, that then Associate Dean George Dawson communicated with Mr. Obhof about his actions towards Plaintiff and that Associate Dean Christine Klein communicated with Plaintiff about Mr. Obhof's actions towards her.

8.      Admit that, as Senior Vice President for Administration, Kyle Cavanaugh did not

have the authority to execute, on your behalf, contracts relating to Academic Personnel.

      9.      Admit that you had knowledge of Plaintiff's financial circumstances, as a result of her leave without pay status, beginning August 30, 2007.

**Dated: April 12, 2010**                  **Stevens, Hinds & White, PC**

                                      _____

                                        Lennox S. Hinds
                                        New York Bar No. 8196
                                        116 West 111th Street
                                        New York, NY 10026-4206
                                        (212) 864-4445
                                        (212) 222-2680 (fax)
                                        lawfirmshw@yahoo.com
                                        Attorney for Plaintiff