UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                  CASE NO. 1:09-CV-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendants The University of Florida, Board of Trustees, The University of Florida, Levin College of Law, and Robert H. Jerry, II, by and through their undersigned counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby respond to plaintiff's Requests for Admissions.

I.

## GENERAL OBJECTIONS, LIMITATIONS, AND QUALIFICATIONS

Defendants incorporate by reference the following objections as part of their responses:

1.    Defendants object to each and every Request to the extent it purports to require the admission of information protected from disclosure by the attorney-client privilege or by the work product doctrine without the requisite showing of need.

2.    Defendants object to each and every Request to the extent it exceeds or purports to expand the scope of inquiry permitted under the parties' discovery plan.

3.      Defendants have responded to plaintiff's Requests for Admissions based upon information known to defendants at the time of its response. If defendants subsequently learn of any information responsive to the Requests for Admissions, defendants will provide a supplemental response; defendants reserve the right, however, to make any additional objections at that time.

4.      Each and every response to plaintiff's Requests for Admissions is made subject to and without waiving these General Objections, Limitations, and Qualifications.

## II.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Defendants object to the definition of "you" and "your" on the grounds of overbreadth, undue burden and lack of relevance.

2.      Defendants object to the definition of "Relevant time period" on the grounds of overbreadth, undue burden and lack of relevance.

3.      Defendants object to plaintiff's Instructions to the extent that they attempt to impose obligations not required by the Rules.

## III.

## REQUEST FOR ADMISSIONS

1.      Admitted that, in a lengthy e-mail dated August 25, 2007, plaintiff stated: "Finally, I will be contacting the EEOC's Miami office on the options that I have." Otherwise denied.

2.      Admitted that, on April 20, 2007, defendant Jerry received e-mails from plaintiff at 12:08 p.m., 2:30 p.m., and 3:31 p.m. Otherwise denied.

3.      Admitted.

4.      Defendants object to this request on the ground of lack of relevance.

5.      Defendants object to this request on the ground of lack of relevance.

6.      Admitted that plaintiff had that status until December 31, 2007. Otherwise denied.

7.  Admitted that Associate Dean George Dawson communicated with Mr. Obhof about his alleged actions and that Associate Dean Christine Klein communicated with plaintiff about Mr. Obhof's alleged actions. Otherwise denied.

8.  Denied.

9.  Denied.

Respectfully submitted,

*/s/ Richard C. McCrea, Jr.*
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5704
Facsimile: (813) 318-5900
Counsel for defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 12th, 2010 I served the original of foregoing by U.S. Mail upon the following:

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 W. 111th Street
New York, NY 10026

*/s/ Richard C. McCrea, Jr.*
Attorney