UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

     Plaintiff,

v.                                                                 CASE NO. 1:09-CV-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

     Defendants.

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STRIKE (DOC. 52)

### I.

### PRELIMINARY STATEMENT

This case was filed on May 22, 2009, more than fourteen (14) months ago. A nearly identical predecessor action, bearing Case No. 1:09-CV-00023-MP-AK, was filed earlier, on February 5, 2009.

On August 7, 2009, defendants filed their Motion to Dismiss Complaint or, Alternatively, for Summary Judgment and for Other Relief ("defendants' dispositive motion"). [Doc. 6]. On August 10, 2009, defendants filed an Answer and Affirmative Defenses. [Doc. 7].

Following the transfer of venue to this Court, plaintiff Russell-Brown filed a Verified Complaint on March 23, 2010. [Doc. 44]. Plaintiff's Verified Complaint did not contain any new factual allegations or claims. On April 26, 2010, rather than re-filing defendants' dispositive motion, supporting memorandum of law, and all supporting affidavits and documents, defendants filed Defendants' Motion for Renewed Consideration and Supplementation of Defendants' Motion to

Dismiss or, Alternatively, for Summary Judgment. [Doc. 52]. On the same date, defendants filed their Answer, Affirmative Defense and Counterclaim. [Doc. 51].[1]   The next day, April 27, 2010, defendants re-filed slightly modified versions of both documents. [Docs. 53, 54].

Following the transfer of venue to this Court on December 17, 2009, the Court has repeatedly attempted to schedule defendants' dispositive motion for hearing. On April 28, 2010, the Court scheduled a hearing on defendants' motion for May 11, 2010. [Doc. 55]. On April 30, 2010, Russell-Brown requested that the hearing be rescheduled to a date after May 15, 2010, due to plaintiff's counsel being out of the country. [Doc. 59]. Accordingly, on May 4, 2010, the Court continued the hearing to May 21, 2010. [Doc. 63].

On May 18, 2010, Russell-Brown requested a two-week continuance of the May 21, 2010 hearing, as well as an extension of time to file a response to Defendants' Amended Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. [Doc. 69]. Following an agreement by the parties [Doc. 70], the Court continued the hearing on defendants' dispositive motion until June 10, 2010. [Doc. 73].

On May 24, 2010, Russell-Brown filed Plaintiff's Response to Defendants' Amended Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. [Doc. 75].   In her Response, Russell-Brown argued that defendants were required to file new dispositive motions directed to her Verified Complaint, not

---

[1]      Plaintiff has yet to respond to defendants' Counterclaim, apparently operating under the belief that defendants must effect service of process upon her.  However, there is no need for service of process upon Russell-Brown since she submitted to the Court's jurisdiction by filing and serving her Verified Complaint and since defendants' Counterclaim is a compulsory counterclaim under Fed.R.Civ.P. 13(a).  *See, e.g. Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2d Cir. 1962) ("[s]ervice of a pleading containing a counterclaim may be made upon the opponent's attorney"); *Butler Township Area Water & Sewer Authority v. Salvatore,* 467 F.Supp. 1100, 1101-02 (W.D. Pa. 1979) ("the filing of a Counterclaim does not constitute the institution of a lawsuit because, among other circumstances, no service of process is required of a Counterclaim but merely the filing and mailing of the Answer or pleading containing the Counterclaim to the opposing party").

because the defendants had filed a responsive pleading, but because defendants' dispositive motion was "terminated" by the New Jersey District Court's Order transferring venue to this Court. *See* Doc. 75, pp. 4-5.

On June 7, 2010, three days before the scheduled June 10 hearing, Russell-Brown filed Plaintiff Sherrie Russell-Brown's Motion to Recuse. [Doc. 76]. Russell-Brown also filed a Motion for Stay of Proceedings. [Doc. 77]. At the June 10, 2010 hearing, the Court entertained oral argument on plaintiff's motion to recuse, but did not reach defendants' dispositive motion.

On June 29, 2010, Russell-Brown filed supplemental authority regarding defendants' dispositive motion. [Doc. 90]. Plaintiff did not contend, at that time, that defendants' filing of a responsive pleading had rendered defendants' dispositive motion a nullity.

On July 14, 2010, following the Court's denial of Plaintiff Sherrie Russell-Brown's Motion to Recuse, the Court scheduled defendants' dispositive motion for hearing on July 22, 2010. [Doc. 95]. On July 21, 2010, the day before the scheduled hearing, Russell-Brown filed Plaintiff's Emergency Motion to Strike (Doc. 52) and to Continue (Doc. 95). [Docs. 106, 107]. As a result, the Court cancelled the July 22, 2010 hearing on defendants' dispositive motion and rescheduled the hearing for August 11, 2010. [Docs. 108, 114].

Plaintiff's Emergency Motion to Strike argues that Defendants' Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment should be stricken as precluded or moot. However, as discussed below, that argument lacks merit and should be rejected.

## II.

## ARGUMENT

Russell-Brown's motion to strike hardly constitutes an "emergency," given that defendants' dispositive motion has been pending for a year. Instead, Russell-Brown's motion to strike defendants' dispositive motion appears to be part of a continuing pattern by plaintiff to forestall the Court from reaching the issue of the enforceability of a release executed by Russell-Brown in exchange for $124,000.

Moreover, the legal authorities Russell-Brown relies upon in arguing that defendants' dispositive motion is a nullity are simply inapposite. The primary basis for defendants' dispositive motion - - - the enforceability of the release executed by Russell-Brown - - - relies upon matters outside the four corners of Russell-Brown's pleading. The cases cited by Russell-Brown have no application to summary judgment motions. *See* Fed.R.Civ.P. 56 (c)(1)(B) ("a party may move for summary judgment at any time until 30 days after the close of all discovery").

Moreover, to the extent that defendants' dispositive motion is directed at the post-release allegations appearing in Russell-Brown's pleading, this is not a case where: 1) the defendants filed a motion to dismiss after filing an Answer[2]; 2) where the defendants filed a motion to dismiss which belatedly raised a defense omitted from an earlier-filed motion to dismiss[3]; or 3) where plaintiff's filing of an amended complaint raised new allegations or claims, which effectively mooted a motion to dismiss directed at defects in an earlier pleading.[4]

---

[2]  *See Byrne v. Nezhat,* 261 F.3d 1075, 1093 n.35 (11th Cir. 2002).

[3]  *See Skritch v. Thornton,* 280 F.3d 1295, 1306-07 (11th Cir. 2002).

[4]  *See, e.g. Trimble v. United States Social Security,* 2010 U.S. App. LEXIS 4811 (11th Cir. Mar. 8, 2010). *Cardenas-Lanham v. United States,* Case No. 2:09-CV-49-FTM-29DNF (M.D. Fla. Mar. 6, 2009); *Buchman v. Bray & Lunsford, P.A.,* Case No. 8:07-CV-1752-T-24 MSS (M.D. Fla. Nov. 14, 2007); *United States v. Franklin,* Case No. 2:99-CV-1-FTM-29D (M.D. Fla. Aug. 31, 2000); *Murray v.*

Here, defendants' dispositive motion was the defendants' earliest-filed response directed at Russell-Brown's pleading.  Since the Verified Complaint subsequently filed by Russell-Brown did not amend any of the allegations or claims in her original Complaint, it did not moot the arguments raised in defendants' dispositive motion.  After Russell-Brown re-filed her original Complaint with an added verification, defendants promptly requested renewed consideration of defendants' dispositive motion.  Other than to exalt form over substance, no purpose would have been served at that point by requiring the refiling of defendants' dispositive motion and supporting papers.

Finally, Russell-Brown's argument that her filing of her First Amended Complaint [Doc. 97] moots defendants' dispositive motion also should be rejected.  None of the cases cited by Russell-Brown supports the proposition that the mere filing of a motion to amend precludes or moots either a summary judgment motion or a motion to dismiss directed at the then-operative pleading.

## III.

## CONCLUSIONS

For the foregoing reasons, Plaintiff's Emergency Motion to Strike (Doc. 52) should be denied.

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TAUSIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Counsel for defendants

---

*West Palm Beach Housing Authority,* Case No. 08-80396-CIV (S.D. Fla. Nov. 17, 2008); *Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952 (8th Cir. 2002).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August ___, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ELF system which will send a notice of electronic filing to the following::

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 W. 111th Street
New York, NY 10026

/s/ Richard C. McCrea, Jr.
**Attorney**