IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

               v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

CASE NO. 1:09-cv-00257-MP-AK

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO
DEFENDANTS' RESPONSE (DOC. 121) TO
PLAINTIFF'S EMERGENCY MOTION TO STRIKE (DOC. 107)**

Pursuant to N.D. Fla. Loc. R. 7.1(C), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves this Court for Leave to File, no later than close of business Monday, August 9, 2010, a Reply Memorandum in further support of her Emergency Motion to Strike (Doc. 107). There is "good cause." Defendants have, again, made material misrepresentations of law and fact in their Response. In support of her Motion, Ms. Russell-Brown states as follows:

   1.     On March 23, 2010, Ms. Russell-Brown filed a Verified Complaint (Doc. 45) and, on March 26, 2010, the Court entered an Order (Doc. 47) directing the Defendants <u>to respond to Ms. Russell-Brown's Verified Complaint</u>, no later than Monday, April 26, 2010.

   2.     On April 26, 2010, <u>in response to Ms. Russell-Brown's Verified Complaint</u>, the Defendants filed an Answer, Affirmative Defenses and Counterclaim ("Answer") (**Doc. 51**),

**followed by** a Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (**Doc. 52**) ("Motion to Dismiss").

3. On July 15, 2010, because the Defendants had filed an Answer, Ms. Russell-Brown filed a First Amended Complaint (Doc. 97), in accordance with N.D. Fla. Loc. R. 15.1, as well as a Motion for Leave to File a First Amended Complaint (Doc. 98).

4. On July 21, 2010, Ms. Russell-Brown filed an Emergency Motion to Strike (Doc. 107) the Defendants' Motion to Dismiss (Doc. 52), as precluded or rendered moot, by the Defendants filing a responsive pleading, their Answer (Doc. 51), on April 26, 2010, or by Ms. Russell-Brown's filing of her First Amended Complaint (Doc. 97), on July 15, 2010.

5. On August 3, 2010, in their Response in Opposition (Doc. 121) to Ms. Russell-Brown's Emergency Motion to Strike (Doc. 107), citing to no legal authority of their own in support, the Defendants make three arguments, that the cases cited to by Ms. Russell-Brown are inapposite because: 1) they apply to cases where the defendant filed a motion to dismiss <u>after</u> filing an answer (*citing* to <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1093 n. 35 (11th Cir. 2002)), as opposed to here, where, according to the Defendants, they filed their Motion to Dismiss <u>before</u> they filed their Answer; 2) they apply to cases where the defendant filed a motion to dismiss which belatedly raises a defense omitted from an earlier filed motion to dismiss (*citing* to <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1306 (11th Cir. 2002)), and; 3) they do not apply to cases where the plaintiff filed a "motion" to amend.

6. The Defendants are incorrect and, again, misstate facts, including the factual and procedural posture of the instant action.

7. More importantly, however, the Defendants, again, mischaracterize the relevant legal authority.

8. The Defendants' misstatements and mischaracterizations create good cause for granting leave to file a reply. See, e.g., <u>Infinite Energy, Inc. v. Thai Henry "Hank" Chang</u>, No. 1:07-

CV-023-SPM, 2008 WL 419530, at * 1-2 (N.D.Fla. Sept. 9, 2008) (Mickle, C.J.) (granting leave to file a reply memorandum where the defendant's response misstated the facts and mischaracterized the applicable law).

9.   Taking, as an example, the Defendants' second argument, they mischaracterize the holding in Skrtich. The holding of the Eleventh Circuit in Skrtich, upon which Ms. Russell-Brown relies, applies to Fed.R.Civ.P. Rule 12(b) and the well-settled legal principle that a defendant has a choice to either file an answer or a motion to dismiss *in lieu* of an answer, but not both directed to the same complaint. Accordingly, on the jump cite provided by Ms. Russell-Brown, page 1306, the Eleventh Circuit in Skrtich states that "all these pleadings must conform to the Federal Rules of Civil Procedure. In this case, **because a responsive pleading - an answer had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate. Rule 12(b) provides that all defenses must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) before interposing a responsive pleading if one is due.**" See, Skrtich, 280 F.3d at 1306. (Emphasis added).

10.   The holding in Skrtich referred to by the Defendants, applies to Fed.R.Civ.P. Rule 12(g), which "specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss." Fed.R.Civ.P. Rule 12(g) is inapplicable here and Ms. Russell-Brown neither referred to Fed.R.Civ.P. Rule 12(g) nor relied upon it.

11.   Which leads to the Defendants' first argument and another mischaracterization, that whereas the law might prohibit a defendant from filing a motion to dismiss after filing an answer, it does not prohibit the defendant from filing a motion to dismiss before filing an answer. Accepting, for the sake of this Motion, the Defendants' factual assertion that they filed their Motion to Dismiss before they filed their Answer, order of filing is immaterial.

12.As the Court explained in Olesen-Frayne v. Olesen, 2:09-cv-49-FtM-29DNF, 2009 WL 580310, at * 1 (M.D.Fla. March 6, 2009), cited to in Ms. Russell-Brown's Emergency Motion to Strike (Doc. 107, p. 3, ¶ 7), the Motion to Dismiss (Doc. # 15) was filed before the Answer and Affirmative Defenses (Doc. # 17).  Notwithstanding, citing to Skrtich and Byrne, the Court held that "[a] motion to dismiss is inappropriate once a responsive pleading has been filed."

13.Finally, the Defendants are incorrect that none of the cases cited to by Ms. Russell-Brown support the proposition that the mere filing of a motion to amend precludes or renders moot a motion to dismiss directed at a then-operative complaint.  According to Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002), cited to by Ms. Russell-Brown in her Emergency Motion to Strike (Doc. 107, p. 4, ¶ 9), it was "plainly erroneous" for the District Court to deny plaintiff's motion to amend the complaint, because, if anything, the motion to amend the complaint rendered moot the defendant's motion to dismiss the then-operative complaint.

14.In sum, Fed.R.Civ.P. Rule 12(b) specifically provides that a defendant must either file a responsive pleading or a Rule 12(b) motion *in lieu* of a responsive pleading, but that a defendant cannot file both a responsive pleading and a Rule 12(b) motion directed at the same complaint.

15.A review of the cases filed with this Court over the past three years, indicates that Ms. Russell-Brown is in the unenviable position of having the only case before this Court, where a defendant filed an Answer, filed a Motion to Dismiss, the plaintiff filed an Amended Complaint, and the Motion to Dismiss was not deemed by this Court, *sua sponte* and immediately, to be legally deficient because of either the defendant's responsive pleading or the plaintiff's amended complaint.

16.Even in cases involving multiple defendants, one defendant may file a responsive pleading, while another may file a motion to dismiss, but the same defendant is precluded from filing a responsive pleading and a motion to dismiss directed at the same complaint.  Usually, once the defendant files a responsive pleading, the parties proceed with discovery and trial.  If the defendant

4

chooses to file a motion to dismiss instead, the plaintiff is then free to amend the complaint, without leave of Court, thus making it easier for the plaintiff to address and to respond to any issues raised in the motion to dismiss, within the statute of limitation periods.

17.     As will be explained in more detail in a Reply Memorandum, Ms. Russell-Brown has been prejudiced by this unprecedented procedural status, where she has been required *both* to seek leave to file a First Amended Complaint, because the Defendants have filed a responsive pleading, *and* to defend a Motion to Dismiss her original Verified Complaint.

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court for an order granting her leave to file a reply to the Defendants' Response (Doc. 121) to her Emergency Motion to Strike (Doc. 107).

DATED this 4th day of August, 2010.

>Respectfully submitted,
>
>/s/ Lennox S. Hinds
>Lennox S. Hinds
>New York Bar No. 8196
>Stevens, Hinds & White, PC
>116 West 111th Street
>New York, NY 10026-4206
>(212) 864-4445
>(212) 222-2680 (fax)
>lawfirmshw@yahoo.com
>Attorney for Plaintiff

## CERTIFICATE OF COUNSEL

I certify that I complied with my obligations under Local Rule 7.1(B)(1), to confer with Defendants' counsel prior to filing this Motion. As of this filing, I have not received a response from Defendants' counsel, Mr. Richard C. McCrea, Jr., Esq., regarding the Defendants' position on the herein motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff