IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                v.

CASE NO. 1:09-cv-00257-MP-AK

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

## PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS' RESPONSE (DOC. 121) TO PLAINTIFF'S MOTION TO STRIKE (DOC. 107)

Pursuant to Fed.R.Civ.P. 12(b) and N.D. Fla. Loc. R. 7.1(C), in further support of her Motion to Strike (Doc. 107), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") advises the Court as follows:

## SUPPORTING MEMORANDUM OF LAW

### I.

### PRELIMINARY STATEMENT

1.    On March 26, 2010, the Court entered an Order (Doc. 47) directing the Defendants to respond to Ms. Russell-Brown's Verified Complaint (Doc. 45), no later than Monday, April 26, 2010.

2.    On April 26, 2010, the Defendants filed an Answer, Affirmative Defenses and Counterclaim ("Answer") (Doc. 51), **followed by** a Motion for Renewed Consideration and Supplementation of Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 52) ("Motion to Dismiss").

3. On July 21, 2010, Ms. Russell-Brown moved to strike (Doc. 107) the Defendants' Motion to Dismiss (Doc. 52), as precluded or rendered moot, by the Defendants filing a responsive pleading, their Answer (Doc. 51), on April 26, 2010, <u>or</u> by Ms. Russell-Brown's filing of her First Amended Complaint (Doc. 97), on July 15, 2010.

4. On August 3, 2010, in their Response in Opposition (Doc. 121), citing to no legal authority of their own in support, the Defendants argue that the cases cited to by Ms. Russell-Brown are inapposite because: 1) they apply to cases where the defendant filed a motion to dismiss <u>after</u> filing an answer (*citing* to <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1093 n. 35 (11th Cir. 2002)), and they filed their Motion to Dismiss <u>before</u> they filed their Answer; 2) they apply to cases where the defendant filed a motion to dismiss which belatedly raises a defense omitted from an earlier filed motion to dismiss (*citing* to <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1306 (11th Cir. 2002)), and; 3) they do not apply to cases where the plaintiff filed a "motion" to amend.

5. By Notice dated August 6, 2010 (Doc. 126), Ms. Russell-Brown withdrew her First Amended Complaint (Doc. 97) as well as her Motion for Leave to File a First Amended Complaint (Doc. 98), and, therefore, limits this Reply to the argument that the Defendants filing a responsive pleading, their Answer (Doc. 51), precluded or rendered moot the Defendants' Motion to Dismiss (Doc. 52).

II.

**ARGUMENT**

6. Starting with the Defendants' second argument that the cases cited to by Ms. Russell-Brown in her Motion to Strike, apply where the defendant filed a motion to dismiss which belatedly raises a defense omitted from an earlier filed motion to dismiss (*citing* to <u>Skrtich</u>, 280 F.3d at 1306), the Defendants mischaracterize the holding in <u>Skrtich</u>. The holding of the Eleventh Circuit in <u>Skrtich</u>, upon which Ms. Russell-Brown relies, applies to Fed.R.Civ.P. Rule 12(b) and the well-settled

legal principle that a defendant has a choice to either file an answer <u>or</u> a motion to dismiss *in lieu* of an answer, but that a defendant cannot file <u>both</u> an answer <u>and</u> a motion to dismiss, directed to the same complaint. Accordingly, on the jump cite provided by Ms. Russell-Brown, page 1306, the Eleventh Circuit in <u>Skrtich</u> states that "all these pleadings must conform to the Federal Rules of Civil Procedure. In this case, **because a responsive pleading - an answer had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate. Rule 12(b) provides that all defenses must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) before interposing a responsive pleading if one is due.**" <u>See</u>, <u>Skrtich</u>, 280 F.3d at 1306. (Emphasis added).

7. The language in <u>Skrtich</u> referred to by the Defendants, applies to Fed.R.Civ.P. Rule 12(g), which "specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss." Fed.R.Civ.P. Rule 12(g) is inapplicable here and Ms. Russell-Brown neither referred to Fed.R.Civ.P. Rule 12(g) nor relied upon it in her Motion to Strike (Doc. 107).

8. Which leads to the Defendants' first argument and another legal and factual mischaracterization, that whereas the law prohibits a defendant from filing a motion to dismiss <u>after</u> filing an answer, it does not prohibit the defendant from filing a motion to dismiss <u>before</u> filing an answer and the Defendants filed their Motion Dismiss <u>before</u> they filed their Answer.

9. First, factually, as shown by the docket itself, the Defendants filed their Answer (**Doc. 51**) <u>before</u> they filed their Motion to Dismiss (**Doc. 52**).

10. However, even if the Defendants' Motion to Dismiss were filed before their Answer, the order of filing is immaterial. The relevant issue is that <u>once</u> a defendant files a responsive pleading directed to a complaint, any pending motions to dismiss directed at the same complaint are deemed a nullity.

11.     For example, in <u>Olesen-Frayne v. Olesen</u>, 2:09-cv-49-FtM-29DNF, 2009 WL 580310, at * 1 (M.D.Fla. March 6, 2009), cited to in Ms. Russell-Brown's Motion to Strike (Doc. 107, p. 3, ¶ 7), the Court makes clear that the Motion to Dismiss (**Doc. # 15**) was filed <u>before</u> the Answer and Affirmative Defenses (**Doc. # 17**).  Notwithstanding, citing to <u>Skrtich</u> and <u>Byrne</u>, the Court holds that "A motion to dismiss is inappropriate **once** a responsive pleading has been filed . . . **Subsequent** to the filing of his Amended Motion to Dismiss (Doc. # 15), respondent filed an Answer and Affirmative Defenses (Doc. # 17).  <u>Therefore</u>, the motions to dismiss will be denied." (Emphasis added).

### III.

### <u>CONCLUSION</u>

12.     In sum, Fed.R.Civ.P. Rule 12(b) specifically provides that a defendant must either file a responsive pleading <u>or</u> a Rule 12(b) motion *in lieu* of a responsive pleading, but that a defendant cannot file <u>both</u> a responsive pleading <u>and</u> a Rule 12(b) motion, directed at the same complaint.

13.     And, a review of the cases filed with this Court over the past three years, indicates that Ms. Russell-Brown is in the unenviable position of having the <u>only</u> case before this Court, where a defendant filed an Answer and also has a still pending Motion to Dismiss, directed at the same complaint.

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court to strike the Defendants' Motion to Dismiss (Doc. 52), as precluded or rendered moot, by the Defendants filing a responsive pleading, their Answer (Doc. 51).

DATED this 9th day of August, 2010.

                                                Respectfully submitted,

                                                /s/ Lennox S. Hinds
                                                Lennox S. Hinds
                                                New York Bar No. 8196
                                                Stevens, Hinds & White, PC
                                                116 West 111th Street
                                                New York, NY 10026-4206
                                                (212) 864-4445
                                                (212) 222-2680 (fax)
                                                lawfirmshw@yahoo.com
                                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 9, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

    Ian S. Marx, Esq.
    Greenberg Taurig, LLP
    200 Park Avenue
    Florham Park, NJ 07932

    Richard C. McCrea, Jr., Esq.
    Greenberg Taurig, LLP
    Courthouse Plaza, Suite 100
    625 East Twiggs Street
    Tampa, FL 33602

    Attorneys for Defendants

                                                /s/ Lennox S. Hinds
                                                Lennox S. Hinds
                                                Attorney for Plaintiff