IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

            v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

CASE NO. 1:09-cv-00257-MP-AK

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Pursuant to Fed. R. Civ. P. Rule 41(a)(2), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves this Court to dismiss this action, without prejudice. In support of her Motion, Ms. Russell-Brown states as follows:

1. As explained in greater detail below, with respect to Ms. Russell-Brown's case, the Court has not adhered to the Local Rules of the Northern District of Florida, the Federal Rules of Civil Procedure, Eleventh Circuit and United States Supreme Court precedent. For example, Ms. Russell-Brown's case is in the unprecedented procedural position of: 1) the Defendants having filed an Answer (Doc. 51), followed by a Motion to Dismiss (Doc. 52), on April 26, 2010, which the Defendants have requested the Court convert to a summary judgment motion; 2) Ms. Russell-Brown having filed a Rule 56(f) Affidavit (Doc. 75-1), on May 24, 2010, because, should the Court convert the Defendants' Motion to Dismiss to a summary judgment motion, she has not had an opportunity to obtain discovery, a Motion to Strike the Defendants' Motion to Dismiss (Docs. 107, 127), on July

21, 2010, because the Defendants filed a responsive pleading, and a Motion to Compel (Doc. 120), on August 3, 2010, because the Defendants are refusing to engage in discovery, and; 3) no Final Scheduling Order having been entered (Doc. 101).  Yet, as of the filing of this Motion, the Court has not taken any action on Ms. Russell-Brown's July 21 Motion to Strike, such as to deny or terminate the Defendants' Motion to Dismiss, as precluded or rendered moot, by their filing a responsive pleading, or taken any action on Ms. Russell-Brown's May 24 Rule 56(f) Affidavit (Doc. 75-1) or August 3 Motion to Compel (Doc. 120), such as to order the Defendants to produce discovery and to continue, until Ms. Russell-Brown has had an adequate opportunity for discovery, the Defendants' request to convert their Motion to Dismiss to a summary judgment motion.  Under these circumstances, Ms. Russell-Brown is unable to pursue her action before the Court.

      **A.**      <u>**THE LOCAL RULES OF THE NORTHERN DISTRICT OF FLORIDA**</u>

First, the Court abused its discretion by deciding the Defendants' motions <u>without</u> affording Ms. Russell-Brown an opportunity to respond, as required by Local Rule 7.1(C)(1).  <u>See</u> <u>United States v. De La Mata</u>, 535 F.3d 1267, 1273-75 (11th Cir. 2008).  The Court explained that the Defendants' motions were motions for which a memorandum of law was not required and that it "routinely" rules on such motions, without affording the opposing party an opportunity to respond (Doc. 94 ¶ 15).  However, Ms. Russell-Brown's motions also included motions for which a memorandum of law was not required (Docs. 58, 59, 69).  **Yet, not only did the Court afford the Defendants an opportunity to respond, before deciding Ms. Russell-Brown's motions, the Court contacted the Defendants, by e-mail and by telephone, in order to ascertain their response.**

Second, Local Rule 54.1(B)(2) and (5) requires that attorney time records must be filed on the 15th of each month reflecting time spent in the preceding month.  The penalty for non-compliance with Local Rule 54.1(B) is clearly set forth in the rule:  Failure to comply *will* result in a disallowance of otherwise available attorney fees.  There is no mention in Local Rule 54.1(B) of any exception.

No published opinion by the Eleventh Circuit or the Northern District of Florida has ever construed Local Rule 54.1(B) to contain an exception. The commands of Local Rule 54.1(B) are mandatory, not permissive. Local Rule 54.1(B) gives the District Court no latitude to refuse to enforce it. **Yet, the Court refused to enforce Local Rule 54.1(B), as well as its own Order (Doc. 48, ¶ 9 (d)) and, instead, allowed the Defendants to untimely file attorney time records totalling 90.20 hours (Docs. 80, 81, 85, 86, 92, 93) and to untimely file or essentially hide attorney time records, for past work performed, totalling 386.4 hours, in a case in which the Defendants were never served and which has been closed since May 2009.**

### B. THE FEDERAL RULES OF CIVIL PROCEDURE

First, Rule 12(b) of the Federal Rules of Civil Procedure specifically provides that all defenses must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b), before interposing a responsive pleading if one is due. According to the Eleventh Circuit, motions to dismiss are precluded as nullities *once* a responsive pleading has been filed. See, e.g., Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002); Byrne v. Nezhat, 261 F.3d 1075, 1093 n. 35 (11th Cir. 2002); Cardenas-Lanham v. United States, No. 6:09-cv-1115-Orl-19DAB, 2009 WL 2495963, at * 1 (M.D.Fla. Aug. 11, 2009); Olesen-Frayne v. Olesen, 2:09-cv-49-FtM-29DNF, 2009 WL 580310, at * 1 (M.D.Fla. March 6, 2009). **Yet, the Court has allowed the Defendants to file both a responsive pleading, an Answer (Doc. 51), and a Motion to Dismiss (Doc. 52), directed at Ms. Russell-Brown's Verified Complaint (Doc. 45), and, as of the filing of this Motion, has not taken any action on Ms. Russell-Brown's July 21 Motion to Strike the Defendants' Motion to Dismiss (Docs. 107, 127), as precluded or rendered moot, by the Defendants filing a responsive pleading.**

Second, Rule 56(f)(2) of the Federal Rules of Civil Procedure specifically provides that when affidavits needed to assert a plaintiff's claim are unavailable at the time of a defendant's motion for

summary judgment, the court may "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Both the Eleventh Circuit and the Northern District of Florida have often held that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." See, e.g., Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988); see also, Brock v. Bd. of Trustees of the Univ. of Fla., et al, No. 1:09cv157/SPM/AK (N.D.Fla. June 28, 2010) (Mickle, C.J.) (denying defendant University of Florida et al's motion for summary judgment based on plaintiff Brock's opposing filing which requested that the motion be held in abeyance until the completion of discovery). Here, Ms. Russell-Brown has affirmatively invoked the protection of Rule 56(f)(2) by filing a Rule 56(f) Affidavit (Doc. 75-1). **Yet, as of the filing of this Motion, although no depositions have been taken, the Defendants have not answered any of Ms. Russell-Brown's interrogatories and the Defendants have not produced a single document in response to Ms. Russell-Brown's document requests, the Court has not taken any action in response to Ms. Russell-Brown's May 24 Rule 56(f) Affidavit (Doc. 75-1) or August 3 Motion to Compel (Doc. 120), to order the Defendants to produce discovery and to continue, until Ms. Russell-Brown has had an adequate opportunity for discovery, the Defendants' request to convert their Motion to Dismiss to a summary judgment motion.**

Third, Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to issue a Final Scheduling Order after receiving the parties' joint report. The Court's Initial Scheduling Order (Doc. 48), also requires the Court to enter a Final Scheduling Order or to set the matter for a Scheduling Conference, *within 14 days* of the parties' joint report. The Report of the Parties' Rule 26(f) Planning Meeting (Doc. 65) was filed on May 11, 2010. **Yet, three months later, as of the filing of this Motion, a Final Scheduling Order has not been entered in this action nor has a Scheduling Conference been set, despite Ms. Russell-Brown's July 15, 2010 Motion for a**

4

**Scheduling Conference (Doc. 101), respectfully requesting an order setting a scheduling conference, in order to finalize a scheduling order.**

    C.    <u>UNITED STATES SUPREME COURT PRECEDENT</u>

On June 7, 2010, in accordance with 28 U.S.C. § 144, Ms. Russell-Brown filed a disqualification affidavit (Doc. 76), explaining that Judge Paul's abuse of his discretion and his violations of the law, the local and federal rules, the Code of Conduct for United States Judges, to Ms. Russell-Brown's detriment and in favor of the Defendants, was one manifestation of his personal bias or prejudice against Ms. Russell-Brown, which he has developed as a result of personal, "extra-judicial" knowledge of material facts in dispute in Ms. Russell-Brown's case, acquired through *ex parte* communications, contact and involvement with the Defendants. Ms. Russell-Brown's disqualification affidavit was accompanied by the requisite certificate of good faith, executed by her counsel of record, and was timely filed. <u>See</u>, e.g., <u>United States v. Womack</u>, 454 F.2d 1337, 1341 (5th Cir. 1972).

According to the United States Supreme Court in <u>Berger</u>, a disqualification affidavit based "upon information and belief" satisfies section 144. <u>See</u> <u>Berger v. United States</u>, 255 U.S. 22, 34-35, 41 S.Ct. 230 (1921) ("[w]e are of opinion, therefore, that an affidavit upon information and belief satisfies [section 144] and that upon its filing, if it show the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is his duty to 'proceed no further' in the case"). In addition, once a disqualification affidavit is filed, the Judge must <u>not</u> pass on the truth of the matters in the affidavit but must assume them to be true, even where the Judge knows them to be false. <u>See</u> <u>Berger</u>, 255 U.S. at 34-35. Any in-court inquiry into the facts of the disqualification affidavit is inappropriate. <u>Id</u>. **Yet, oddly enough, quoting verbatim – which the Court did in almost all of its Orders – from the Defendants' Response in Opposition to Ms. Russell-Brown's Motion to Recuse (Docs. 82, 87), the Court ignored clear Supreme Court precedent**

**and erroneously required that Ms. Russell-Brown's disqualification affidavit be based upon "personal knowledge" (Doc. 94 ¶¶ 6-9, 11, 13, 19) and inappropriately passed on the truth of the matters alleged in Ms. Russell-Brown's disqualification affidavit (Doc. 94 ¶¶ 6, 8, 9, 11, 13, 19).**

2.      In sum, in Ms. Russell-Brown's case, the Court has refused to enforce the Local Rules of the Northern District of Florida, the Federal Rules of Civil Procedure, Eleventh Circuit and United States Supreme Court precedent.  Under these circumstances, Ms. Russell-Brown is unable to pursue her action before the Court.

3.      Finally, no *per se* rule exists that the pendency of a summary judgment motion precludes a district court from granting a voluntary dismissal, without prejudice.  See, e.g., Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1258 (11th Cir. 2001).  In Pontenberg, approximately three months after the discovery period had expired, one month after her expert reports had been excluded from the record as a result of her attorney's failure to timely comply with the expert disclosure requirements of Fed. R. Civ. P. Rule 26, and after the defendant had moved for summary judgment, plaintiff Pontenberg moved to voluntarily dismiss her action, without prejudice.  Id. at 1255-56.  The defendant objected to a voluntary dismissal without prejudice, arguing that it had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion.  Over the defendant's objection, the District Court granted plaintiff permission to voluntarily dismiss her action, without prejudice, and the defendant appealed.  On appeal, the Eleventh Circuit affirmed, declining "to adopt a per se rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice."  Id. at 1258.  The Court stated "Rule 41(a) expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment.  Indeed, a voluntary dismissal

by leave of court under Rule 41(a)(2) after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered." Id.

    4.    In terms of the Defendants' "counterclaim" (Docs. 51, 54), since Ms. Russell-Brown denied service, returning the same electronically (Doc. 57) and via U.S. Mail, the Defendants were required to re-serve Ms. Russell-Brown, which they did not. See, e.g., Aucoin v. Connell, 209 Fed.Appx. 891, 894-95 (11th Cir. 2006). Therefore, according to the Eleventh Circuit, the Defendants' counterclaim is a nullity. Further, according to the Eleventh Circuit, dismissal by order of the Court does not implicate the two dismissal rule. See, e.g., ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1267-68 (11th Cir. 1999).

WHEREFORE, Ms. Russell-Brown requests that the Court dismiss this action, without prejudice.

DATED this 13th day of August, 2010.

                                    Respectfully submitted,

                                    /s/ Lennox S. Hinds
                                  Lennox S. Hinds
                                  New York Bar No. 8196
                                  Stevens, Hinds & White, PC
                                  116 West 111th Street
                                  New York, NY 10026-4206
                                  (212) 864-4445
                                  (212) 222-2680 (fax)
                                  lawfirmshw@yahoo.com
                                  Attorney for Plaintiff

## CERTIFICATE OF COUNSEL

I certify that I complied with my obligations under Local Rule 7.1(B)(1), to confer with Defendants' counsel prior to filing this Motion. As of this filing, I have not received a response from Defendants' counsel, Mr. Richard C. McCrea, Jr., Esq., regarding the Defendants' position on the herein Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff