UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                      CASE NO. 1:09-CV-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

### I.

### PRELIMINARY STATEMENT

**A.**    <u>Plaintiff's First Requests for The Production of Documents</u>

On October 20, 2009, while this case was pending in the United States District Court of New Jersey, the parties exchanged their Rule 26 disclosures. The defendants produced 316 pages of documents to plaintiff. The plaintiff produced 148 pages of documents, many of which were documents which defendants had produced to plaintiff in response to her various public records requests.

On April 20, 2010, defendants served Defendants' First Request for Production of Documents. Plaintiff served her Responses and Objections to the Request for Production ("Response") on May 26, 2010. Subject to her General Objections, including an objection to producing documents protected by the attorney-client privilege and/or work product doctrine, and

TPA 511,464,127v1 8-15-10

an objection to producing documents that exceed the scope of Fed. R. Civ. P. 34, plaintiff agreed to produce all of the documents that defendants requested in Request Nos. 1 to 15.

On May 27, 2010, undersigned counsel sent a letter to plaintiff's counsel, requesting that plaintiff produce copies of all documents requested by Defendants' First Request for Production, along with an invoice for the reasonable copying charges. Notwithstanding that request, plaintiff never produced the documents. Instead, plaintiff's counsel sent a letter dated July 26, 2010 to defendants' counsel, in which plaintiff threatened to file a motion to compel defendants to produce documents responsive to plaintiff's discovery requests.

On July 27, 2010, undersigned counsel sent a letter to plaintiff's counsel, reiterating that defendants had not yet received the requested documents. Undersigned counsel suggested that the parties agree upon a date for a reciprocal exchange of responsive documents, in order to avoid subjecting this Court to dueling motions to compel.

On 10:36 p.m. on July 28, 2008, plaintiff's counsel responded in an e-mail, indicating that "almost all of the relevant documents are in defendants' possession," and that plaintiff had already produced approximately 150 pages of documents, many of which were responsive to defendants' discovery requests, but that any additional responsive documents within plaintiff's possession would "certainly be produced." Plaintiff's counsel's reference to "appropriately 150 pages of documents" apparently was regarding plaintiff's Rule 26 disclosures. However, plaintiff's counsel's statement that "almost all" of the responsive documents were in defendants' possession was simply inaccurate. Defendants requested all documents relating to the allegations in Paragraph Nos. 111-118 of plaintiff's Verified Complaint, which dealt with defendants' purported conspiracy with Oxford to have Russell-Brown removed from its academic program and their purported issuance of negative and false employment reference concerning Russell-Brown. Defendant are not in possession of those documents and no such documents were included in plaintiff's Rule 26 disclosures.

2

In his e-mail sent on the night of July 28, 2010, plaintiff's counsel also stated that plaintiff would file an emergency motion to compel if plaintiff did not receive documents from defendants responsive to her discovery requests on or before July 30, 2010. Undersigned counsel had a prior commitment to travel to New York July 29-August 1, to assist his daughter, who was living at NYU while participating in a summer student internship, move back to Florida. Accordingly, undersigned counsel sent plaintiff's counsel an e-mail, indicating that his proposed deadline was not realistic given undersigned counsel's unavailability. Without responding or engaging in any further effort to conciliate, plaintiff filed Plaintiff's Motion to Compel on August 3, 2010.

**B.     Plaintiff's First Request for Admissions**

Plaintiff's First Request for Admissions was served on April 13, 2010. On May 12, 2010, defendant served Defendant's Response to Plaintiff's Requests for Admissions. Paragraph No. 5 of Plaintiff's Requests stated:

> 5. Admit that, according to your rules and regulations, including 6C1-7.019(7), all discussions of evaluations of employee performance compiled for promotion and/or tenure shall be considered confidential.

There is no claim of promotion denial in this case and there is no allegation in Russell-Brown's pleadings that the defendants improperly disclosed discussions of evaluations of her performance compiled for promotion or tenure purposes. Accordingly, defendants objected to Request No. 5 on the ground of lack of relevance.

Prior to filing Plaintiff's Motion to Compel, Russell-Brown's counsel made no effort to conciliate defendants' objection to this request for admissions.

**C.     Plaintiff's First Set of Interrogatories**

Plaintiff served Plaintiff's First Set of Interrogatories on April 13, 2010. On May 12, 2010, defendants served Defendants' Motion for Extension of Time to Serve Responses to Plaintiffs' First Set of Interrogatories [Doc. 66], seeking an extension of time until June 14, 2010 to serve their

3

responses to Russell-Brown's interrogatories. Defendants' motion was granted by the Court on May 13, 2010. [Doc. 67].

On May 19, 2010, the parties filed Notice of Agreement between Parties for Disposition of Plaintiff's Motion for Continuance and for Extension of Time, and Consented Motion to Extend Time to Respond to Plaintiff's First Set of Interrogatories. [Doc. 70]. In Paragraph No. 4 of the Notice, the parties stated: "The Court's ruling on Defendants' Motion to Dismiss may obviate the need for responding to some or all of the pending interrogatories." [*Id.*]. Accordingly, the parties **stipulated** to entry of an Order "[e]xtending the time within which Defendant may respond to Plaintiff's First Set of Interrogatories until a reasonable time after the Court issues its Order on Defendants' Motion to Dismiss." [*Id.*]. The Court approved the parties' stipulation in its Order dated May 20, 2010. [Doc. 71].

Prior to filing plaintiff's motion to compel, Russell-Brown's counsel made no motion to seek relief from the May 20, 2010 Notice to which she had stipulated, and made no effort to conciliate her motion to compel interrogatory answers.

On August 13, 2010, Russell-Brown filed Plaintiff's Motion for Voluntary Dismissal without Prejudice. [Doc. 129].

## II.

## ARGUMENT

Should the Court grant Plaintiff's Motion for Voluntary Dismissal without Prejudice, that would moot Plaintiff's Motion to Compel. However, even if Russell-Brown's motion for voluntary dismissal is not granted, Plaintiff's Motion to Compel should be denied.

Russell-Brown's counsel failed to make any effort to conciliate plaintiff's motion to compel, as required by Fd.R.Civ.P. 37(a)(1), Local Rule 7.1(B) and Paragraph No. 8 of the Court's Initial Scheduling Order. For that reason, plaintiff's motion for should be denied. *See, e.g. H2Ocean, Inc. v. Schmitt*, 2006 U.S. Dist. LEXIS 92783 (N.D. Fla. Dec. 22, 2006) (denying motion to compel due to insufficient effort to attempt conciliation); *Lawson v. McDonough*, 2006 U.S. Dist. LEXIS 77547 (N.D. Fla. Oct. 11, 2006) (same); *Esrick v. Mitchell*, 2008 U.S. Dist. LEXIS 102266 (M.D. Fla. Dec. 8, 2008) ("a letter imposing a unilateral deadline is insufficient to constitute a good faith attempt to resolve the discovery dispute").

Plaintiff's Motion to Compel also should be denied because it was untimely. The Court's Initial Scheduling Order set a discovery deadline of July 26, 2010. [Doc. 48]. Paragraph No. 5(d) of that Order provides: "[u]nless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery." Russell-Brown's motion to compel offers no explanation why she waited from May 12, 2010, when defendants' written discovery responses were served, until August 3, 2010, to file her motion to compel.

Finally, Russell-Brown's delay in filing her motion to compel, her failure to engage in a meaningful, good faith effort at conciliation before filing her motion, her filing of the motion while ignoring her own obligation to produce discovery documents requested by defendants, and her filing of the motion to compel interrogatory answers despite her stipulation that the interrogatories could be answered after the Court resolves defendants' dispositive motion makes it apparent that Russell-Brown's motion to compel was simply another tactical ploy by Russell-Brown to forestall the Court from reaching defendants' dispositive motion.

## III.

## CONCLUSION

Fore the foregoing reasons, Plaintiff's Motion to Compel should be denied.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Counsel for defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 16th, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following::

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 W. 111th Street
New York, NY 10026

/s/ Richard C. McCrea, Jr.
**Attorney**