IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                              CASE NO. 1:09-cv-00257-MP-AK

      v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO DEFENDANTS' RESPONSE (DOC. 130) TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL, WITHOUT PREJUDICE (DOC. 129)

Pursuant to N.D. Fla. Loc. R. 7.1(C), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves this Court for Leave to File, no later than the end of the day, Monday, August 16, 2010, a Reply Memorandum in further support of her Motion for Voluntary Dismissal Without Prejudice (Doc. 129). There is "good cause." Defendants have, again, made material misrepresentations of law and fact in their Response. In support of her Motion, Ms. Russell-Brown states as follows:

1. On Friday, August 13, 2010, Ms. Russell-Brown filed a Motion for Voluntary Dismissal Without Prejudice (Doc. 129), explaining that she has not had and will not have a full and fair opportunity to be heard on the merits of her case. Under these circumstances, Ms. Russell-Brown is unable to pursue her action before the Court and, certainly, the Court cannot further compound the issue by forcing her to do so.

2. On Monday, August 16, 2010, in their Response in Opposition (Doc. 130), the Defendants erroneously argue that: 1) the Court enjoys broad discretion whether or not to allow a plaintiff to voluntarily dismiss her action; 2) although they did not serve Ms. Russell-Brown with their Counterclaim, voluntary dismissal should be conditioned upon their Counterclaim remaining pending for independent adjudication, and Ms. Russell-Brown should be directed to respond to the Counterclaim; 3) the Court condition voluntary dismissal, without prejudice, on the assessment of "costs," should Ms. Russell-Brown re-file the same complaint, against the same Defendants in the same venue.

3. The Defendants are incorrect and, again, misstate facts, including the factual and procedural posture of the instant action.  More importantly, however, the Defendants, again, mischaracterize the relevant legal authority.

4. The Defendants' misstatements and mischaracterizations create good cause for granting leave to file a reply.  See, e.g., Infinite Energy, Inc. v. Thai Henry "Hank" Chang, No. 1:07-CV-023-SPM, 2008 WL 419530, at * 1-2 (N.D.Fla. Sept. 9, 2008) (Mickle, C.J.) (granting leave to file a reply memorandum where the defendant's response misstated the facts and mischaracterized the applicable law).

5. For example, the Defendants, again, leave out of their quotes from Pontenberg, that the Eleventh Circuit stated that "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result.  The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).  In Pontenberg, the Eleventh Circuit held that although the defendant objected to a voluntary dismissal without prejudice, because it had invested considerable resources, financial and otherwise, there was a

pending summary judgment motion, and the plaintiff's counsel failed to diligently prosecute the action, the defendant had failed to identify "clear legal prejudice." Id. at 1256 and 1258.

6. Likewise, here, in their Response, the Defendants fail to identify "clear legal prejudice."

7. Here, as the Defendants agree, Ms. Russell-Brown's counsel diligently prosecuted the action and the cost to the Defendants and a pending summary judgment motion, provide insufficient bases to deny a motion for voluntary dismissal, without prejudice.

8. Further, "costs" are distinguished from "attorneys' fees," and Fed. R. Civ. P. Rule 41(d) only allows a Court to assess "costs" not "attorneys' fees."  Clearly, not only should the Defendants' attorney time records have been stricken, an assessment of attorneys' fees in the amount the Defendants are suggesting, would amount to a voluntary dismissal "with" prejudice, which the Eleventh Circuit in Pontenberg has held would be an abuse of a District Court's discretion.  And, in terms of the Court conditioning voluntary dismissal, "without" prejudice, on the assessment of "costs," should Ms. Russell-Brown re-file the same complaint against the same Defendants in the same venue, as indicated in Ms. Russell-Brown's Motion to Compel (Doc. 120) - to which the Defendants still have not replied - in the 15-months the Defendants claim this litigation has been pending, they have steadfastly refused to engage in discovery.  No costs have been incurred in terms of making witnesses available for depositions, answering interrogatories or producing documents.

9. Finally, with respect to the Defendants' Counterclaim, when Ms. Russell-Brown filed her action before this Court on February 5, 2009, the Defendants were never served.  Although the Complaint had been filed, the Court did not have jurisdiction over the Defendants to direct them to do anything, including respond.  Likewise, here, although the Defendants filed a Counterclaim, for these past four (4) months, they have failed to effect service upon Ms. Russell-Brown.  Ms. Russell-Brown returned service electronically (Doc. 57) and via U.S. Mail.  Whether or not the Court denied

...

the Motion for Default on the issue of the lack of verification of the Answer, the Defendants were required to re-serve Ms. Russell-Brown with the Counterclaim, which they did not. For purposes of the Counterclaim, therefore, the Court lacks jurisdiction over Ms. Russell-Brown to direct her to do anything, including respond.

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court for an order granting her leave to file a reply to the Defendants' Response (Doc. 130) to her Motion for Voluntary Dismissal, Without Prejudice (Doc. 129).

DATED this 16th day of August, 2010.

Respectfully submitted,

/s/ Lennox S. Hinds
Lennox S. Hinds
New York Bar No. 8196
Stevens, Hinds & White, PC
116 West 111th Street
New York, NY 10026-4206
(212) 864-4445
(212) 222-2680 (fax)
lawfirmshw@yahoo.com
Attorney for Plaintiff

## **CERTIFICATE OF COUNSEL**

As of this filing, I was unsuccessful in reaching Defendants' counsel for the purpose of being able to report to the Court, the Defendants' position on the herein motion.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 16, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff