**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

CASE NO. 1:09-cv-00257-MP-AK

**PLAINTIFF'S SUPPLEMENTAL MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM TO DEFENDANTS' RESPONSES (DOCS. 130, 133) TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL, WITHOUT PREJUDICE (DOC. 129)**

Pursuant to N.D. Fla. Loc. R. 7.1(C), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") respectfully moves this Court for Leave to File, no later than the end of the day, Monday, August 16, 2010, a Reply Memorandum in further support of her Motion for Voluntary Dismissal Without Prejudice (Doc. 129). There is "good cause." Defendants have, again, made material misrepresentations of law and fact in their Response. In support of her Motion, Ms. Russell-Brown states as follows:

    1.    On Friday, August 13, 2010, Ms. Russell-Brown filed a Motion for Voluntary Dismissal Without Prejudice (Doc. 129), explaining that she has not had and will not have a full and fair opportunity to be heard on the merits of her case. Under these circumstances, Ms. Russell-Brown is unable to pursue her action before the Court and, certainly, the Court cannot further compound the issue by forcing her to do so.

2. On Monday, August 16, 2010, in their Response in Opposition (Doc. 130), the Defendants erroneously argue that: 1) the Court enjoys broad discretion whether or not to allow a plaintiff to voluntarily dismiss her action; 2) although they did not serve Ms. Russell-Brown with their Counterclaim, voluntary dismissal should be conditioned upon their Counterclaim remaining pending for independent adjudication, and Ms. Russell-Brown should be directed to respond to the Counterclaim; 3) the Court condition voluntary dismissal, without prejudice, on the assessment of "costs," should Ms. Russell-Brown re-file the same complaint, against the same Defendants in the same venue.

3. Also, on Monday, August 16, 2010, the Defendants supplemented their Response in Opposition (Doc. 133), now arguing that the Court should force Ms. Russell-Brown to pursue her claims before this Court.

4. The Defendants are incorrect and, again, misstate facts, including the factual and procedural posture of the instant action. More importantly, however, the Defendants, again, mischaracterize the relevant legal authority.

5. The Defendants' misstatements and mischaracterizations create good cause for granting leave to file a reply. See, e.g., Infinite Energy, Inc. v. Thai Henry "Hank" Chang, No. 1:07-CV-023-SPM, 2008 WL 419530, at * 1-2 (N.D.Fla. Sept. 9, 2008) (Mickle, C.J.) (granting leave to file a reply memorandum where the defendant's response misstated the facts and mischaracterized the applicable law).

6. For example, factually, Ms. Russell-Brown has not "re-filed" several of her claims against the Defendants in the District of New Jersey ("DNJ"). The Defendants have not been served in the action in New Jersey. Further, this Court has absolutely no authority or jurisdiction to act as the Defendants' proxy to force Ms. Russell-Brown to pursue, before this Court, claims appropriately venued and filed in the DNJ.

7. On July 15, 2010, Ms. Russell-Brown moved for leave to file a First Amended Complaint, to add the University of Oxford ("Oxford") as a party, as well as new factual allegations and causes of actions (Doc. 98). The Defendants opposed the Court permitting Ms. Russell-Brown to amend her original Verified Complaint (Doc. 45), to add Oxford, the new factual allegations and causes of actions (Doc. 113). Ms. Russell-Brown has the right to pursue the new factual allegations and causes of action, against Oxford and the Defendants, in a separate action. Consequently, as explained in her Notice of Withdrawal of her Motion for Leave to File a First Amended Complaint (Doc. 126, ¶ 5), Ms. Russell-Brown reviewed and re-evaluated the discovery upon which the amendments to her Verified Complaint are based and decided to withdraw her Motion for Leave to File a First Amended Complaint and her First Amended Complaint, from this Court. Consequently, the Court terminated the Motion on August 9, 2010 (Doc. 128).

8. As explained in the DNJ Complaint (Doc. 133-1, ¶ 5), venue is proper in the District Court of New Jersey because "[a] substantial part of the events or omissions giving rise to the claims occurred in New Jersey. All of the operative facts of retaliation were committed in New Jersey. The relevant records and documents are located in New Jersey. Many of the individuals with personal knowledge regarding the post-Release retaliation against Ms. Russell-Brown, including prospective employers, are located in New Jersey. The Defendants' witnesses, if any, are likely to be employees whose presence can be obtained by the Defendants. Finally, New Jersey State law governs the claims of civil conspiracy and defamation."

9. Again, the Defendants have not been served in the New Jersey action and this Court has absolutely no authority or jurisdiction to act as the Defendants' proxy to force Ms. Russell-Brown to pursue before this Court, claims appropriately venued and filed in the DNJ.

WHEREFORE, Ms. Russell-Brown respectfully requests this Honorable Court for an order granting her leave to file a reply to the Defendants' Responses (Docs. 130, 133) to her Motion for Voluntary Dismissal, Without Prejudice (Doc. 129).

DATED this 16th day of August, 2010.

    Respectfully submitted,

    /s/ Lennox S. Hinds
    Lennox S. Hinds
    New York Bar No. 8196
    Stevens, Hinds & White, PC
    116 West 111th Street
    New York, NY 10026-4206
    (212) 864-4445
    (212) 222-2680 (fax)
    lawfirmshw@yahoo.com
    Attorney for Plaintiff

## **CERTIFICATE OF COUNSEL**

As of this filing, I was unsuccessful in reaching Defendants' counsel for the purpose of being able to report to the Court, the Defendants' position on the herein motion.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 16, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff