IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

                                               CASE NO. 1:09-cv-00257-MP-AK

    v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

    Defendants.
_____/

## PLAINTIFF'S REPLY MEMORANDUM TO
## DEFENDANTS' RESPONSES (DOCS. 130, 133)

Pursuant to Fed. R. Civ. P. Rule 41(a)(2), in further support of her Motion for Voluntary Dismissal Without Prejudice (Doc. 129), Plaintiff Sherrie Russell-Brown ("Plaintiff" or "Ms. Russell-Brown") advises the Court as follows:

    1.    Last Friday afternoon, August 13, 2010, Ms. Russell-Brown moved to voluntarily dismiss her action, without prejudice (Doc. 129), explaining that she has not had and will not have a full and fair opportunity to be heard on the merits of her case. Under these circumstances, Ms. Russell-Brown is unable to pursue her action before the Court and, if the Court were to force her to do so, it would be clear legal prejudice to Ms. Russell-Brown.

    2.    In support of her Motion for Voluntary Dismissal Without Prejudice (Doc. 129), Ms. Russell-Brown offered the following examples:

> •     The Court abused its discretion (see United States v. De La Mata, 535 F.3d 1267, 1273-75 (11th Cir. 2008)) by violating Local Rule 7.1(C)(1) with respect to deciding the Defendants' motions without affording Ms. Russell-Brown an opportunity to respond, while

affording the Defendants an opportunity to respond, before deciding Ms. Russell-Brown's motions, contacting them by e-mail and by telephone, in order to ascertain their response (Doc. 129, Motion for Voluntary Dismissal, p. 2);

- The Court refused to enforce Local Rule 54.1(B), as well as its own Initial Scheduling Order (Doc. 48, ¶ 9 (d)) and, instead, allowed the Defendants to untimely file attorney time records totalling 90.20 hours (Docs. 80, 81, 85, 86, 92, 93) and to untimely file or essentially hide attorney time records, for past work performed, totalling 386.4 hours, in Case No. 09-cv-00023-MP-AK, in which the Defendants were never served and which has been closed since May 2009 (Doc. 129, Motion for Voluntary Dismissal, pp. 2-3);

- In violation of Rule 12(b) of the Federal Rules of Civil Procedure as well as Eleventh Circuit precedent, the Court has allowed the Defendants to file both a responsive pleading, an Answer (Doc. 51), and a Motion to Dismiss (Doc. 52), directed at Ms. Russell-Brown's Verified Complaint (Doc. 45), and, to-date, the Court has not taken any action on Ms. Russell-Brown's July 21, 2010 Motion to Strike the Defendants' Motion to Dismiss (Docs. 107, 127), as precluded or rendered moot, by the Defendants filing a responsive pleading (Doc. 129, Motion for Voluntary Dismissal, p. 3);

- In violation of Rule 56(f)(2) of the Federal Rules of Civil Procedure as well as Eleventh Circuit precedent, the Court has not taken any action in response to Ms. Russell-Brown's May 24, 2010 Rule 56(f) Affidavit (Doc. 75-1) or August 3, 2010 Motion to Compel (Doc. 120), such as to order the Defendants to produce discovery and to continue, until Ms. Russell-Brown has had an adequate opportunity for discovery, the Defendants' request to convert their Motion to Dismiss to a summary judgment motion (Doc. 129, Motion for Voluntary Dismissal, pp. 3-4);

- In violation of Rule 16(b) of the Federal Rules of Civil Procedure as well as the Court's March 26, 2010 Initial Scheduling Order (Doc. 48), a Final Scheduling Order has not been entered in this action nor has a Scheduling Conference been set, despite Ms. Russell-Brown's July 15, 2010 Motion for a Scheduling Conference (Doc. 101), respectfully requesting an order setting a scheduling conference, in order to finalize a scheduling order (Doc. 129, Motion for Voluntary Dismissal, pp. 4-5);

- Ignoring clear United States Supreme Court precedent, the Court erroneously required that Ms. Russell-Brown's disqualification affidavit be based upon "personal knowledge" (Doc. 94 ¶¶ 6-9, 11, 13, 19) and inappropriately passed on the truth of the matters alleged in Ms. Russell-Brown's disqualification affidavit (Doc. 94 ¶¶ 6, 8, 9, 11, 13, 19) (Doc. 129, Motion for Voluntary Dismissal, pp. 5-6).

3. Although rendered moot by her Motion for Voluntary Dismissal, Ms. Russell-Brown's Motion to Compel (Doc. 120), the Defendants' Response in Opposition (Doc. 131), and the Defendants' corresponding Motion to Compel (Doc. 134), provide further support for Ms. Russell-Brown's Motion for Voluntary Dismissal.

4. As explained in her Motion for Voluntary Dismissal (Doc. 129, pp. 3-4), as of the filing of her Motion, on August 13, 2010, neither the Defendants nor the Court had taken <u>any</u> action on Ms. Russell-Brown's Motion to Compel (Doc. 120), filed two weeks earlier, on August 3, 2010. On August 16, 2010, the Defendants finally filed their Response in Opposition (Doc. 131). However, clearly, Ms. Russell-Brown would not have had a full and fair opportunity to respond, at the hearing, scheduled for August 17, 2010, 10:00 a.m. (Doc. 124), to the points raised in the Defendants' Response, filed August 16, 2010, at approximately, 1:40 p.m.

5. More importantly, in their Response in Opposition (Doc. 131), the Defendants argue that the Court should deny Ms. Russell-Brown's Motion to Compel, because: 1) her counsel allegedly failed to make any effort to conciliate her Motion to Compel, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Rule 7.1(B) and paragraph 8 of the Court's Initial Scheduling Order, and; 2) the Motion is untimely, since it was filed after the July 26, 2010 discovery deadline set by the Court in its March 26, 2010 Initial Scheduling Order (<u>see</u> Defendants' Response, Doc. 131, p. 5).

6. Staying for a moment on the Defendants' "discovery deadline" argument, again, as Ms. Russell-Brown explained in her Motion for Voluntary Dismissal (Doc. 129, pp. 4-5), Rule 16(b) of the Federal Rules of Civil Procedure, as well as the Court's Initial Scheduling Order, required the Court to enter a Final Scheduling Order <u>or</u> to set the matter for a Scheduling Conference, ***within 14 days*** of the parties' joint report. The parties' Joint Report, **in which the parties agreed to December 3, 2010, as the discovery cut-off date,** was filed on May 11, 2010 (Doc. 65). **To-date, three months later, a Final Scheduling Order has not been entered in this action nor has a Scheduling Conference been set, despite Ms. Russell-Brown's July 15, 2010 Motion for a Scheduling Conference (Doc. 101), in which she respectfully requested an order setting a scheduling conference, in order to finalize a scheduling order.**

7. Consequently, the "discovery deadline" argument is only available to the Defendants and the Defendants only have the benefit of that argument in their Response, precisely because the Court has failed to comply with the Federal Rules of Civil Procedure, its own Order, or to take any action on Ms. Russell-Brown's Motion for a Scheduling Conference (Doc. 101).

8. Shortly after filing their Response in Opposition (Doc. 131), the Defendants themselves filed a Motion to Compel (Doc. 134), now arguing that: 1) Ms. Russell-Brown's and the Defendants' counsel *had* made, albeit, unsuccessfully, an effort to conciliate their Motions to Compel, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Rule 7.1(B) and paragraph 8 of the Court's Initial Scheduling Order, and; 2) the Motions to Compel are timely (see Defendants' Response, Doc. 134, p. 4)?!

9. Respectfully, the Court has seemed inclined, in most of its Orders, to adopt the Defendants' positions. Indeed, a review of the Court's Orders demonstrates that, in most cases, the Court quotes verbatim from the Defendants' Responses, including any erroneous or inapposite law. Consequently, the adjudication of Ms. Russell-Brown's case has seemed to be based on the whim of whatever the Defendants choose to argue at any given moment, notwithstanding the legal bases. Taking, as an example, Ms. Russell-Brown's Motion to Compel (Doc. 120) and the Defendants' contradictory and "duelling" positions in their Response in Opposition (Doc. 131) and subsequent Motion to Compel (Doc. 134), it is unclear how the Court would have decided. It is clear legal prejudice to Ms. Russell-Brown, as with any plaintiff, to be unable to rely upon or have any confidence in the rule of law, in the adjudication of her case.

10. Addressing, first, the Defendants' argument in their Supplemental Response in Opposition (Doc. 133), that the Court should condition voluntary dismissal, "without" prejudice, on Ms. Russell-Brown pursuing her action, currently filed in the District of New Jersey ("DNJ"), before this Court, the Defendants' argument is legally untenable.

11. If the Defendants are concerned about defending Ms. Russell-Brown's action in the DNJ before Judge Wigenton, an African-American female Judge, they are free to make the appropriate motion to the DNJ. However, Ms. Russell-Brown's action in the DNJ has already been filed and served on the Defendant, the University of Oxford ("Oxford"). This Court has absolutely no authority or jurisdiction to act as the Defendants' proxy to force Ms. Russell-Brown to pursue, before this Court, claims appropriately venued, filed and served in the DNJ. Beyond being legally prejudicial to Ms. Russell-Brown, particularly given the basis of her Motion for Voluntary Dismissal - that she has not had and will not have a full and fair opportunity to be heard on the merits of her case, before this Court - it would be *ultra vires* and completely egregious, if the Court were to attempt to do so. By virtue of its status as a United States District Court, this Court does not have plenary power to reach its hand into any District Court in the United States, in order to wrest jurisdiction.

12. On July 15, 2010, Ms. Russell-Brown moved for leave to file a First Amended Complaint, to add Oxford as a party, as well as new factual allegations and causes of action (Doc. 98). The Defendants opposed the Court permitting Ms. Russell-Brown to amend her original Verified Complaint (Doc. 45), to add Oxford, the new factual allegations and causes of action (Doc. 113). Ms. Russell-Brown has the right to pursue the new factual allegations and causes of action, against Oxford and the Defendants, in a separate action. Consequently, as explained in her Notice of Withdrawal of her Motion for Leave to File a First Amended Complaint (Doc. 126, ¶ 5), Ms. Russell-Brown reviewed and re-evaluated the discovery upon which the amendments to her Verified Complaint are based and decided to withdraw her Motion for Leave to File a First Amended Complaint, from this Court. Consequently, the Court terminated the Motion on August 9, 2010 (Doc. 128).

13. A simple review of the DNJ Complaint (Doc. 133-1) makes clear that it is not identical to Ms. Russell-Brown's Verified Complaint (Doc. 45). Oxford is a party to the DNJ

5

Complaint, not the Verified Complaint. The Verified Complaint has fifteen causes of action. The DNJ Complaint has six causes of action and excludes the FMLA cause of action and the two Title VII causes of action, upon which the Defendants' transfer motion was based. The Verified Complaint has 220 paragraphs. The DNJ Complaint has 152 paragraphs. The DNJ Complaint focuses on the post-Release conspiracy between Oxford and the Defendants, in 2008, 2009, to the present, to deprive Ms. Russell-Brown of her civil rights, in retaliation for engaging in protected activity, including pursuing her pending federal litigation. By contrast, the actionable acts in the Verified Complaint focus on the Defendants' discrimination and retaliation against Ms. Russell-Brown, beginning with her engaging in protected activity in June 2005 and ending with her constructive discharge, December 31, 2007.

14. More importantly, as the DNJ Complaint states (Doc. 133-1, ¶ 5), venue is proper in the District Court of New Jersey because "[a] substantial part of the events or omissions giving rise to the claims occurred in New Jersey. All of the operative facts of retaliation were committed in New Jersey. The relevant records and documents are located in New Jersey. Many of the individuals with personal knowledge regarding the post-Release retaliation against Ms. Russell-Brown, including prospective employers, are located in New Jersey. The Defendants' witnesses, if any, are likely to be employees whose presence can be obtained by the Defendants. Finally, New Jersey State law governs the claims of civil conspiracy and defamation."

15. Again, this Court has absolutely no authority or jurisdiction to act as the Defendants' proxy to force Ms. Russell-Brown to pursue before this Court, claims appropriately venued, filed and served in the DNJ. Particularly given the basis of Ms. Russell-Brown's Motion for Voluntary Dismissal - that she has not had and will not have a full and fair opportunity to be heard on the merits of her case, before this Court - beyond being clearly legally prejudicial to Ms. Russell-Brown, it would be *ultra vires* and completely egregious, if the Court were to attempt to do so.

16. Turning now to the Defendants' arguments in their initial Response (Doc. 130), Ms. Russell-Brown and the Defendants *agree* that, as the Defendants had the right to move to dismiss Ms. Russell-Brown's Verified Complaint, likewise, Ms. Russell-Brown has the right to voluntarily dismiss her own Verified Complaint. The parties also *agree* that, according to Eleventh Circuit precedent in Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56, 1258 (11th Cir. 2001), a defendant's objection to a voluntary dismissal "without" prejudice, because it had invested considerable resources, financial and otherwise, in defending the action and there was a pending summary judgment motion, fails to identify "clear legal prejudice" and provides insufficient bases to deny a motion for voluntary dismissal, without prejudice (See Defendants' Response, Doc. 130, ¶ 4).

17. Ms. Russell-Brown and the Defendants *disagree* on the issue of conditions of voluntary dismissal, "without" prejudice, if any.

18. The Defendants request that the Court impose two conditions. That the Court condition voluntary dismissal, "without" prejudice, on: 1) the assessment of "costs" and "attorneys' fees," should Ms. Russell-Brown re-file the identical complaint, against the same Defendants, in the same venue (see Defendants' Response, Doc. 130, ¶ 5), and; 2) their Counterclaim remaining pending for independent adjudication, and Ms. Russell-Brown should be directed to respond to the Counterclaim (see Defendants' Response, Doc. 130, ¶ 6).

19. Ms. Russell-Brown disagrees with the Defendants' first condition concerning "costs" and "attorneys' fees," because Rule 41(d) of the Federal Rules of Civil Procedure specifically makes plain that a Court is only allowed to assess "costs" not "attorneys' fees." Further, as explained in her Motion for Voluntary Dismissal (Doc. 129, pp. 2-3), not only should the Defendants' attorney time records have been stricken, an assessment of attorneys' fees in the amount the Defendants are suggesting, would amount to a voluntary dismissal "with" prejudice, which the Eleventh Circuit in Pontenberg has held would be an abuse of a District Court's discretion. Moreover, in terms of the

Court conditioning voluntary dismissal, "without" prejudice, on the assessment of "costs," should Ms. Russell-Brown re-file the identical complaint, against the same Defendants, in the same venue, as indicated in Ms. Russell-Brown's Motion to Compel (Doc. 120), in the 15-months the Defendants claim this litigation has been pending, they have steadfastly refused to engage in discovery. No costs have been incurred in terms of making witnesses available for depositions, answering interrogatories or producing documents.

20. With respect to the Defendants' second condition regarding their Counterclaim, putting aside that Ms. Russell-Brown returned service of the Counterclaim electronically (Doc. 57) and via U.S. Mail, and, therefore, the Defendants were required to re-serve her with the Counterclaim, as the Defendants are well aware, pursuing their Counterclaim would expose them to additional charges of retaliation, under various federal anti-discrimination and anti-retaliation statutes. It is *per se* retaliation for an employer to sue to enforce (and/or for breach of contract) an agreement not to file a charge or to participate in proceedings before the EEOC. See, e.g., EEOC v. Nucletron, 563 F.Supp.2d 592, 598-600 (D.Md. 2008). Indeed, the EEOC Miami District Office has already agreed to file an *amicus* brief, on Ms. Russell-Brown's behalf, should the Defendants seek to sue her in order to enforce the Release.

21. Again, it would be clear legal prejudice to Ms. Russell-Brown, if the Court were to assist the Defendants in retaliating against her, in violation of various federal anti-discrimination and anti-retaliation statutes, by conditioning voluntary dismissal, "without" prejudice, on the Defendants' Counterclaim remaining pending for independent adjudication, and, although never re-served, ordering Ms. Russell-Brown to respond.

22. In sum, the issue before the Court is the condition, if any, imposed upon granting Ms. Russell-Brown's Motion for Voluntary Dismissal, "without" prejudice. The condition requested by the Defendants concerning Ms. Russell-Brown's DNJ action is clearly legally untenable and legally

prejudicial to Ms. Russell-Brown. The Defendants' conditions concerning their Counterclaim as well as the assessment of "attorneys' fees," should Ms. Russell-Brown re-file the identical complaint, against the same Defendants, in the same venue, are also legally prejudicial to Ms. Russell-Brown and not supported by Eleventh Circuit precedent. In terms of imposing conditions on Ms. Russell-Brown's voluntary dismissal, "without" prejudice, the Court's authority is limited by Rule 41(d) of the Federal Rules of Civil Procedure (See Exhibit A, Copy of Order of Dismissal in <u>Pontenberg</u>, affirmed by the Eleventh Circuit).

WHEREFORE, Ms. Russell-Brown requests that the Court dismiss this action, without prejudice.

DATED this 17th day of August, 2010.

        Respectfully submitted,

        <u>/s/ Lennox S. Hinds</u>
        Lennox S. Hinds
        New York Bar No. 8196
        Stevens, Hinds & White, PC
        116 West 111th Street
        New York, NY 10026-4206
        (212) 864-4445
        (212) 222-2680 (fax)
        lawfirmshw@yahoo.com
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 17, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED

00 DEC -4 AM 10: 27

CLE... ...CT COURT
MIDL... ...OF FLORIDA
... FLORIDA

BETH B. PONTENBERG,

Plaintiff,

v.                                                    CASE NO: 8:99-CV-2516-T-27B

BOSTON SCIENTIFIC CORPORATION,

Defendant.
_____/

## ORDER OF DISMISSAL

Before the Court is the Plaintiff's Notice of Voluntary Dismissal Without Prejudice (Dkt. 53) and Defendant's Objection thereto (Dkt. 54). The Court having reviewed said motions and being otherwise fully advised in the premises, finds as follows:

According to Fed. R. Civ. P. 41(a)(2), after a defendant has filed an answer or motion for summary judgment this Court has the discretion to grant a plaintiff's request to voluntarily dismiss her complaint. In exercising such discretion, this Court must consider the interests of the defendant and whether the defendant will suffer "clear legal prejudice, other than the mere prospect of a subsequent lawsuit" as a result of a voluntary dismissal. McCants v. Ford Motor Company, Inc., 781 F.2d 855, 857 (11th Cir. 1986); see also Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir. 2000) (legal prejudice suffered by defendant weighed against granting voluntary dismissal).

Here, Defendant has objected to Plaintiff's request for a voluntary dismissal on the grounds that it has invested considerable resources in defending this action and that Plaintiff has been dilatory in prosecuting the action. Defendant has not identified any clear legal prejudice as described in



McCants and Doe. Considering the case file and prior proceedings herein, as well as the absence of legal prejudice to the Defendant, this Court finds that dismissal is appropriate.[1] Accordingly, it is

    **ORDERED AND ADJUDGED** that:

    1)    This cause is dismissed without prejudice.

    2)    All pending motions are denied as moot.

    3)    The Clerk is directed to close this case.

    **DONE AND ORDERED** at Tampa, Florida, on this 30th day of November, 2000.

                                        JAMES D. WHITTEMORE
                                        UNITED STATES DISTRICT JUDGE

**COPIES TO:**
Counsel of Record
Courtroom Deputy
Law Clerk

---

[1] The Court notes that if Plaintiff re-files this lawsuit against Defendant, the Court should assess costs against Plaintiff pursuant to Fed. R. Civ. P. 41(d).

-2-