UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                              CASE NO. 1:09-CV-00257-MP-AK

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

    Defendants.
_____/

### DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE AFFIDAVITS

Defendants the University of Florida Board of Trustees, the University of Florida, Levin College of Law and Robert H. Jerry, II, by and through their undersigned counsel and pursuant to Fed.R.Civ.P. 6, hereby respectfully request an extension of time up to and including September 14, 2010 to file and serve affidavits bearing upon the proper amount of attorneys' fees and costs to be awarded to the defendants in this case. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

### SUPPORTING MEMORANDUM OF LAW

The grounds upon which the instant motion is based are as follows:

1.     On August 19, 2010, the Court issued its Order on Plaintiff's Motion for Voluntary Dismissal Without Prejudice, granting plaintiff's motion conditioned upon plaintiff's reimbursement of certain attorneys' fees and costs incurred by the defendants. The Order references Local Rule 54.1(E), which prescribes a fourteen-day period for filing supporting

TPA 511,473,625v1 9-7-10

affidavits. Factoring in the additional three days provided under Rule 6(d)[1], defendants' affidavits are due to be filed and served on or before September 7, 2010.

2. Undersigned counsel is waiting for his firm's accounting personnel to finalize the August invoice for this matter, reflecting the attorneys' fees and costs incurred in this case in August. The firm's final invoices are normally forwarded to undersigned counsel between the fifth and tenth day of each month, but undersigned counsel has not yet received the August invoice. Under such circumstances, undersigned counsel will not have had an adequate opportunity to file the necessary affidavits prior to the September 7, 2010 filing deadline.

3. In interpreting Rule 6(b) consistent with the mandate of Rule 1 that the federal rules "shall be construed to secure the just, speedy and inexpensive determination of every action," federal courts traditionally have been liberal in granting time extensions in order to work substantial justice where neither side will be prejudiced. Plaintiff will not be unduly prejudiced by a short extension of time requested by the instant motion. In fact, plaintiff has repeatedly filed motions for extensions in this action, which the defendants did not oppose. [Docs. 9, 11, 59, 69, 106].

4. The short extension requested by the instant motion is warranted under the good cause and excusable neglect standards applicable under Fed.R.Civ.P. 6(b). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys, Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996). Here, defendants' need for additional time to file supporting affidavits is occasioned by undersigned counsel's need to wait for the August 2010 invoice. There is no danger of undue prejudice to plaintiff Russell-Brown. Moreover, the requested extension is relatively brief and poses

---

[1] *See, e.g. Batts v. County of Santa Clara*, 2010 U.S. Dist. LEXIS 8003 (N.D. Cal. Jan. 12, 2010) (applying Rule 6(d) to extend the time to file objections to magistrate judge's order); *Rhodes v. Astrue*, 2010 U.S. Dist. LEXIS 88467 (S.D. W.Va. Aug. 6, 2010) (same); *Hunter Fan Company v. Minka Lighting, Inc.*, 2010 U.S. Dist. LEXIS 76396 (W.D. Tenn. July 27, 2010) (same); *Clearone Communications, Inc. v. Chiang*, 2010 U.S. Dist. LEXIS 29290 (D. Utah. Mar. 25, 2010) (same).

minimal or no impact on these proceedings. Finally, undersigned counsel has acted in good faith, and is not attempting to employ delay as a tactic.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, defendants respectfully request an extension of time, up to and including September 14, 2010, in which to file the affidavits required by Local Rule 54.1.

## CERTIFICATE OF COUNSEL

Pursuant to Rule 7.1(B) of the Local Rules for the Northern District of Florida, undersigned counsel has corresponded with plaintiff's counsel prior to the filing of the instant motion in a good faith effort to resolve the issue raised by the instant motion, but has not received any response to that correspondence.

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
E-mail: mccrear@gtlaw.com
GREENBERG TRAURIG, P.A.
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Counsel for defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 7th, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following::

Lennox S. Hinds, Esquire
Stevens, Hinds & White, P.C.
116 W. 111th Street
New York, NY 10026

/s/ Richard C. McCrea, Jr.
**Attorney**