**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

SHERRIE RUSSELL-BROWN,

   Plaintiff,

                v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants.
_____/

CASE NO. 1:09-cv-00257-MP-AK

## **PLAINTIFF'S NOTICE OF APPEAL**

NOTICE is hereby given that Plaintiff Sherrie Russell-Brown in the above-captioned action, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from an Order (Doc. 141), entered August 19, 2010, dismissing her case. The basis for Ms. Russell-Brown's Motion for Voluntary Dismissal (Doc. 129) was that she believed she could not have a full and fair hearing on the merits of her case before the District Court. In retaliation, the District Court has imposed conditions on the voluntary dismissal, which severely circumscribe Ms. Russell-Brown's freedom to pursue a later suit.

The conditions imposed on the voluntary dismissal of the above-captioned action amount to legal prejudice. Given the nature of the conditions assessed by the District Court, the dismissal is only nominally a voluntary dismissal "without" prejudice, but effectively is a dismissal "with" prejudice for purposes of appeal. For example, the District Court conditioned dismissal on Ms. Russell-Brown being "compelled" to answer the Defendants' state law breach of contract

Counterclaim, filed April 26, 2010 (Doc. 51), which is the subject of a pending Title VII, ADA and Rehabilitation Act charge of discrimination and retaliation, currently under investigation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 510-2010-05499. As Ms. Russell-Brown explained to the District Court, the Defendants' Counterclaim seeks the enforcement of a General Release, which the EEOC has already determined to be unlawful and retaliatory, in violation of Title VII. The U.S. Department of Justice ("DOJ") has jurisdiction to bring suit against the Defendants, if the EEOC determines that their Counterclaim violates federal anti-discrimination, anti-retaliation statutes. Consequently, the District Court conditioning dismissal on "compelling" Ms. Russell-Brown to answer a Counterclaim she is challenging as unlawful and retaliatory before the EEOC, severely limits her pursuit of a new lawsuit. The District Court may enter judgment on the Counterclaim, barring Ms. Russell-Brown from pursuing a new lawsuit against the Defendants, before the EEOC and the DOJ are able to complete their required investigations. On the contrary, there are no statute of limitations issues. Therefore, withdrawing the condition, pending the completion of the Government's required investigation of the Defendants' Counterclaim under Title VII, the ADA and the Rehabilitation Act, would not prejudice the Defendants.

    The District Court also conditioned dismissal on the immediate payment of all costs and attorney's fees to the Defendants, incurred not only in the above-captioned action but in a previous action, 1:09-cv-23. The Defendants were never joined in, were never served with the Complaint in 1:09-cv-23. Most importantly, given that Ms. Russell-Brown has been unemployed since her constructive discharge from the Defendants, December 31, 2007, under the circumstances, the condition is so onerous that it would bar Ms. Russell-Brown from pursuing another suit. Further, in support of imposing the condition, the District Court cites to Ms. Russell-Brown "vexatiously" delaying the above-captioned action. However, on March 26, 2010, three days after Ms. Russell-Brown filed her Complaint (Doc. 45), the District Court referred the case to mediation (Doc. 49),

which would have spared both parties significant attorney's fees and costs. The District Court never appointed a Mediator. As a result, the Defendants were required to respond to Ms. Russell-Brown's Complaint and to proceed with the litigation. Moreover, the examples the District Court provides of Ms. Russell-Brown "vexatiously" delaying the case, i.e. the unavailability of Ms. Russell-Brown's counsel, motions by Ms. Russell-Brown's counsel to extend time or cancel hearings, "meritless" motions interposed by Ms. Russell-Brown's counsel, are all conduct by Ms. Russell-Brown's counsel <u>not</u> by Ms. Russell-Brown. Although the District Court could have, at the time, denied any requests for extensions or cancellations and imposed Rule 11 sanctions for requesting too many extensions, for cancelling too many hearings or for filing "meritless" motions, notably, the District Court never did. The District Court has abused its discretion by punishing Ms. Russell-Brown for the alleged conduct of her counsel, particularly given her financial circumstances. And the Court's award of all costs and attorney's fees to the Defendants is for work performed which is not a wasted effort, but which the Defendants can use in a later suit. Under the American Rule, each party bears its own costs in litigation. None of the exceptions to that Rule are applicable here.

DATED this 13th day of September, 2010.

                Respectfully submitted,

                <u>/s/ Lennox S. Hinds</u>
                Lennox S. Hinds
                New York Bar No. 8196
                Stevens, Hinds & White, PC
                116 West 111th Street
                New York, NY 10026-4206
                (212) 864-4445
                (212) 222-2680 (fax)
                lawfirmshw@yahoo.com
                Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 13, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff