IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                          CASE NO. 1:09-cv-00257-MP -GRJ

ROBERT H JERRY, II, LEVIN COLLEGE OF LAW, THE UNIVERSITY OF FLORIDA, THE UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 150, Notice Filing Affidavits of Rodney W. Smith and Richard C. Mccrea, Jr. by Robert H Jerry, II, Levin College of Law, the University of Florida, the University of Florida Board of Trustees.  In accordance with this Court's August 19, 2010 order, Defendants have filed an application for attorney fees and costs.  Plaintiff has filed a Notice of Appeal, Doc. 146, seeking review of the order dismissing her claims by the United States Court of Appeals for the Eleventh Circuit.

Normally, the filing of a notice of appeal divests the district court of jurisdiction over all matters covered in the appeal and transfers jurisdiction over those matters to the court of appeals. United States v. Rogers, 788 F.2d 1472 (11th Cir. 1986).  However, "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."  Rothernberg v. Security Management Co., Inc., 677 F.2d 64, 64 (11th Cir. 1982).  Our sister court in Georgia stated "[t]he award of costs [under Rule 41(a)(2)] usually includes all litigation-related expenses incurred by the defendant, including reasonable attorney fees."  Bishop v. West American Ins. Co., 95 F.R.D. 494 (D.C. GA., 1982).  Federal Rule of Civil Procedure 41(a)(2) allows the

district court to grant voluntary dismissal under terms it considers proper, including the taxation of attorney fees. Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004). Therefore, this Court determines that it is fitting and proper to assess costs and attorney fees pursuant to order granting voluntary dismissal under Rule 41(b)(2), even if that order has been appealed.

Defendants' motion for attorney fees and supporting affidavits are sufficiently specific. Plaintiff, however, will have an opportunity to object to the hours billed and hourly rate. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Clerk is directed to set a hearing on this motion for Wednesday, October 6, 2010 at 10:00 a.m.

2. Plaintiff must submit objections to hours billed or hourly pay rates, if any, in writing no later than close of business Friday October 1, 2010.

**DONE AND ORDERED** this   27th day of September, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge