IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

   Plaintiff-Appellant,

          v.

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his
individual and official capacities as
Dean of the University of Florida,
Levin College of Law,

   Defendants-Appellees.
_____/

USCA Case No. 10-14328-D

USDC Case No. 1:09-cv-00257-MP-GRJ

## PLAINTIFF-APPELLANT'S AMENDED NOTICE OF APPEAL

AMENDED NOTICE, pursuant to F.R.App.P. 4(a)(4) and (5), is hereby given that Plaintiff-Appellant Sherrie Russell-Brown in the above-captioned action, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from an Order (Doc. 141), entered August 19, 2010, dismissing her case and from an Order (Doc. 155), entered September 27, 2010, disposing of a motion for attorney's fees, although the District Court acknowledged in its Order (Doc. 155) that "[n]ormally, the filing of a notice of appeal divests the district court of jurisdiction over all matters covered in the appeal and transfers jurisdiction over those matters to the court of appeals."

First, the basis for Plaintiff-Appellant's Motion for Voluntary Dismissal, Without Prejudice (Doc. 129) was that she believed she could not have a full and fair hearing on the merits of her case before the District Court. In retaliation, the District Court imposed conditions on the voluntary dismissal without prejudice, which severely circumscribe Plaintiff-Appellant's freedom to pursue a later suit. The conditions imposed on the voluntary dismissal of the above-captioned action amount

to legal prejudice. Given the nature of the conditions assessed by the District Court, the dismissal is only nominally a voluntary dismissal "without" prejudice, but effectively is a dismissal "with" prejudice for purposes of appeal.

The District Court imposed two conditions on granting Plaintiff-Appellant's motion for voluntary dismissal, without prejudice: 1) Plaintiff-Appellant was "compelled" to answer the Defendants-Appellees' state law breach of contract Counterclaim, filed April 26, 2010 (Doc. 51); 2) Plaintiff-Appellant's immediate payment of all costs and attorney's fees to the Defendants-Appellees, incurred not only in the above-captioned action but in a previous action, 1:09-cv-23.

Regarding the District Court's condition "compelling" Plaintiff-Appellant to answer the Defendants-Appellees' state law breach of contract Counterclaim, the Counterclaim itself is the subject of a pending Title VII, ADA and Rehabilitation Act charge of discrimination and retaliation, currently under investigation with the Equal Employment Opportunity Commission ("EEOC"). As Plaintiff-Appellant explained to the District Court, the Defendants-Appellees' Counterclaim seeks the enforcement of a General Release, which the EEOC has already determined to be unlawful and retaliatory, in violation of Title VII. The U.S. Department of Justice ("DOJ") has jurisdiction to bring suit against the Defendants-Appellees, if the EEOC determines that their Counterclaim violates federal anti-discrimination, anti-retaliation statutes. Consequently, the District Court conditioning dismissal on "compelling" Plaintiff-Appellant to answer a Counterclaim she is challenging as unlawful and retaliatory before the EEOC, severely limits her pursuit of a new lawsuit. The District Court may enter judgment on the Counterclaim, barring Plaintiff-Appellant from pursuing a new lawsuit against the Defendants-Appellees, before the EEOC and the DOJ are able to complete their required investigations. On the contrary, there are no statute of limitations issues. Therefore, withdrawing the condition, pending the completion of the Government's required

investigation of the Defendants-Appellees' Counterclaim under Title VII, the ADA and the Rehabilitation Act, would not prejudice the Defendants-Appellees.

Regarding the District Court conditioning voluntary dismissal, without prejudice, on Plaintiff-Appellant's immediate payment of all costs and attorney's fees to the Defendants-Appellees, incurred not only in the above-captioned action but in a previous action, 1:09-cv-23, the Defendants-Apellees were never joined in, were never served with the Complaint in 1:09-cv-23. More importantly, given that Plaintiff-Appellant has been unemployed since her constructive discharge from the Defendants-Appellees, December 31, 2007, under the circumstances, the condition is so onerous that it would bar Plaintiff-Appellant from pursuing another suit. Further, in support of imposing the condition, the District Court cited to Plaintiff-Appellant "vexatiously" delaying the above-captioned action. However, on March 26, 2010, three days after Plaintiff-Appellant filed her Complaint (Doc. 45), the District Court referred the case to mediation (Doc. 49), which would have spared both parties significant attorney's fees and costs. The District Court never appointed a Mediator. As a result, the Defendants-Appellees were required to respond to Plaintiff-Appellant's Complaint and to proceed with the litigation. Moreover, the examples the District Court provided of Plaintiff-Appellant "vexatiously" delaying the case, i.e. the unavailability of Plaintiff-Appellant's counsel, motions by Plaintiff-Appellant's counsel to extend time or cancel hearings, "meritless" motions interposed by Plaintiff-Appellant's counsel, are all conduct by Plaintiff-Appellant's counsel <u>not</u> by Plaintiff-Appellant. Although the District Court could have, at the time, denied any requests for extensions or cancellations and imposed Rule 11 sanctions for requesting too many extensions, for cancelling too many hearings or for filing "meritless" motions, notably, the District Court never did. The District Court has abused its discretion by punishing Plaintiff-Appellant for the alleged conduct of her counsel, particularly given her financial circumstances. And the Court's award of all costs and attorney's fees to the Defendants-Appellees is for work performed which is not a wasted effort, but

which the Defendants-Appellees can use in a later suit. Under the American Rule, each party bears its own costs in litigation. None of the exceptions to that Rule are applicable here.

Finally, although acknowledging that "[n]ormally, the filing of a notice of appeal divests the district court of jurisdiction over all matters covered in the appeal and transfers jurisdiction over those matters to the court of appeals," subsequent to the filing and docketing of the Notice of Appeal (Docs. 146, 147) in the above-captioned action, in an Order (Doc. 155) entered September 27, 2010, the District Court disposed of the Defendants-Appellees' motion for attorney's fees, a matter which is specifically covered in Plaintiff-Appellant's pending appeal (USCA Case No. 10-14328-D). Further as the District Court is aware (Doc. 141, p. 9), on July 22, 2010, although the undersigned interrupted his schedule in order to file this Amended Notice of Appeal, undersigned counsel for Plaintiff-Appellant filed a Notice of Unavailability (Doc. 110), notifying the District Court that he would be unavailable for proceedings in the above-captioned action, between September 20, 2010 – October 1, 2010.

DATED this 28th day of September, 2010.

                                        Respectfully submitted,

                                        /s/ Lennox S. Hinds
                                        Lennox S. Hinds
                                        New York Bar No. 8196
                                        Stevens, Hinds & White, PC
                                        116 West 111th Street
                                        New York, NY 10026-4206
                                        (212) 864-4445
                                        (212) 222-2680 (fax)
                                        lawfirmshw@yahoo.com
                                        Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 28, 2010, the foregoing has been filed with the Clerk of the Court and served electronically by using the CM/ECF system, upon the following:

Ian S. Marx, Esq.
Greenberg Taurig, LLP
200 Park Avenue
Florham Park, NJ 07932

Richard C. McCrea, Jr., Esq.
Greenberg Taurig, LLP
Courthouse Plaza, Suite 100
625 East Twiggs Street
Tampa, FL 33602

Attorneys for Defendants-Appellees

/s/ Lennox S. Hinds
Lennox S. Hinds
Attorney for Plaintiff-Appellant