IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

     Plaintiff,

v.                                 CASE NO. 1:09-cv-00257-MP -GRJ

ROBERT H JERRY, II, LEVIN COLLEGE OF LAW, THE UNIVERSITY OF FLORIDA, THE
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,

     Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 150, Application for Attorney Fees and Costs by
Defendants, and Doc. 158, Emergency Motion to Continue by Sherrie Russell-Brown.
Previously, in the order at Doc. 141, the Court granted the Plaintiff's motion for voluntary
dismissal of her claims without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  However,
pursuant to that rule's directive that the Court allow such a dismissal only on "terms that the
court considers proper," the Court imposed the payment of certain attorney's fees and costs as a
condition of dismissal without prejudice.  The order also set out the procedure for determining
the reasonable amount of fees and costs, pursuant to Local Rules 54.1 and 54.2.

As directed by the order at Doc. 141, the Defendants filed their affidavits in Doc. 150.
On September 27, 2010, in Doc. 155, this Court entered an order (1) setting October 1, 2010, as
the date for Plaintiff to submit written objections to the Defendants' affidavits; and (2) setting a
hearing on October 6, 2010, at which the Court would determine the amount of the costs and
attorney fees to be awarded to Defendants as a condition of Plaintiff's voluntary dismissal
without prejudice.  Plaintiff did not file objections to the amount of the costs and fees by October

1, 2010, and indeed has not filed objections to this date.

Instead, as has occurred throughout this case, Plaintiff interposed a last-minute motion

seeking to prevent adjudication on the merits of an issue in the case.[1]  At 4:15 p.m. EST, on

October 5, 2010 -- the eve of the hearing -- Plaintiff filed the instant Emergency Motion to

Continue, asserting that this Court lacks jurisdiction to determine the amount of costs and

attorney fees.

Jurisdictional challenges may be raised at any time.  However, for the reasons stated in

the September 27, 2010 order, Doc. 155, this Court retains jurisdiction over the amount of costs

and fees to be imposed.  Therefore, insofar as the Emergency Motion to Continue raises a

jurisdictional challenge, it is denied as without merit.  Insofar as the Emergency Motion to

Continue objects to Defendants' application for fees and costs, it is denied as untimely.

The Court held a hearing on October 6, 10:00 a.m., as scheduled, to determine the

appropriate costs and attorney fees to assess.  As noted above, Plaintiff was instructed to file

written objections as to the reasonableness of the hours billed or hourly rates by October 1, 2010,

and declined to do so, thereby waiving her right to object.  The Court scheduled two hours for

the hearing to give Plaintiff time to make any objections she wished to make, or present any

---

[1]See, e.g., the order at Doc. 141 p.14, where the Court found as follows:

[T]his case and the other related cases show a clear history of Plaintiff vexatiously delaying this
Court's adjudication of the dispositive issues in this case by interposing meritless motions on the
eve of scheduled dispositive motion hearings. Most recently, Plaintiff filed yet another case in
New Jersey, even though that district has already expressly held that venue there is not proper, and
that litigating in New Jersey was an inequitable burden to the Defendants. Worse yet, Plaintiff
filed the motion to voluntarily dismiss in Florida without mentioning the filing of the New Jersey
case, and on the eve of an all-pending-motions hearing in the Florida case. This is exactly the type
of vexatious conduct and impermissible forum-shopping that Rule 41(a)(2) is intended to
deter...Defendants have worked towards swift adjudication of this case on the merits at every turn,
in two different forums, and under four different case numbers. As described above, Plaintiff has
gone to great lengths to avoid such an adjudication on the merits.

evidence she wished to present to counter the specific affidavits provided in Defendants'

application for costs and fees.  Plaintiff did not attend the hearing personally, and her attorney

Mr. Hinds did not attend either.  Since Plaintiff has chosen not to file or present any objections to

the amount of attorney fees and costs, any objection to the fees as set out in the Defendant's

affidavits are deemed to be waived.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   Emergency Motion to Continue, Doc. 158, is DENIED.

2.   The Court hereby determines that Defendant's claim for $15,372.89 in costs is
reasonable.

3.   The Court hereby determines that Defendant's claim for $114,785.50 in attorney
fees is reasonable.

4.   The Court will hold off entering judgment for attorney's fees until after resolution
of the appeals and the pending counterclaim.

**DONE AND ORDERED** this   *6th* day of October, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge