IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                                             CASE NO. 1:09-cv-00257-MP-GRJ

THE UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES,
THE UNIVERSITY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the
University of Florida, Levin College of Law,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Dismiss, or alternatively, for Summary Judgment, on Defendants' Counterclaim. (Doc. 200). The defendants have responded in opposition (Doc. 204) and the plaintiff has replied. (Doc. 205.) For the following reasons, it is recommended that plaintiff's motion is due to be denied.

### I. Background

On February 5, 2009, plaintiff Sherrie Russell-Brown filed Case No. 1:09-CV-00023-MP-AK in this Court ("*Russell-Brown I*") against the University of Florida Board of Trustees, the University of Florida, Levin College of Law, and Robert H. Jerry, II, in his individual and official capacities (collectively, the "defendants" or "UF Defendants"). On May 22, 2009, Russell-Brown filed Case No. 09-2479 ("*Russell Brown II*") against the UF Defendants in the United States District Court for the District of New Jersey. (Doc. 1). Several days later, Russell-Brown filed a notice of voluntary dismissal in *Russell-*

*Brown I* pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  On August 7, 2009, the UF Defendants filed a motion to dismiss plaintiff's complaint, or alternatively, for summary judgment and for other relief in *Russell-Brown II.*  (Doc. 6).  Several days later, the UF Defendants also filed an Answer and affirmative defenses.  (Doc. 7).  On December 7, 2009, United States District Judge Stanley R. Chesler entered an order, concluding that venue for this case did not properly lay in the District of New Jersey and transferred the case to this Court.  (Doc. 27).

On March 23, 2010, Russell-Brown filed a new properly captioned verified complaint venued in the Northern District of Florida and defendants agreed to accept service.  The Court referred to Russell-Brown's pleading as her "First Amended Complaint," and directed the defendants to respond to that pleading by April 26, 2010.  (Doc. 47).  Pursuant to the Court's order, the defendants filed their answer and affirmative defenses, which included a counterclaim.  (Doc. 51).  Several days later, defendants filed an amended answer, affirmative defenses and counterclaim, making several minor corrections.  (Doc. 54).

On April 30, 2010,  Russell-Brown moved for clerk's entry of default judgment arguing that the defendants' answer, affirmative defenses and counterclaim were a nullity.  The Court denied the motion rejecting plaintiff's argument that because her complaint was verified, "every subsequent pleading must also be verified, unless verification is excused." (Doc. 57).  After that ruling, Russell-Brown did not file any response to the UF defendants' counterclaim.

On August 19, 2010, the Court granted Russell-Brown's motion for voluntary

dismissal, "conditioned upon the payment of all costs and attorney's fees to Defendants for the litigation of the original case (1:09-cv-23), and of this case (1:09-cv-257) since it was removed to this Court." (Doc. 141 at 14). In addition, the Court directed Russell-Brown to "file an Answer, no later than close of business September 17, 2010, to Defendants' Counterclaim." (Doc. 141 at 14). Russell-Brown filed a notice of appeal of the Court's ruling. However, the Eleventh Circuit Court of Appeals *sue sponte* dismissed her appeal for lack of jurisdiction because the defendants still had a pending counterclaim. (Doc. 173). Following the dismissal of her appeal, Russell-Brown still did not answer or respond to defendants' counterclaim.

On April 20, 2011, at the conclusion of a status conference hearing, which the parties requested, the Court entered an order directing Russell-Brown to "file motions regarding, but not limited to, the status of her complaint and defendants' counterclaim . . . ." (Doc. 199). These issues were raised by Russell-Brown in her status report filed on the day of the hearing and presented briefly during the hearing. (Doc. 197). In response to the Court's order, and more than a year after service of defendants' counterclaim, Russell-Brown filed the instant motion to dismiss. However, Russell-Brown failed to address the status of her complaint as directed by the Court.

## II. Discussion

As a threshold matter despite Russell-Brown's prior assertions to the contrary, her complaint has been dismissed. As the Court stated in its order granting Russell-Brown's motion to voluntarily dismiss, "[w]hen a party moves to voluntarily dismiss a case in which the opposing party has served either an answer or a motion for summary

judgment, the 'action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'" (Doc. 141 at 11 citing Fed. R. Civ. P. 41).  Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes the Court to set the terms of dismissal without prejudice.  *See Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004) ("The district court grants a 41(a)(2) dismissal only in its discretion, and the 'authority to attach conditions to the order of dismissal prevents defendants from being unfairly affected thereby.'" (quoting *Yoffe v. Keller Ind., Inc.*, 580 F.2d 126, 129 (5th Cir.1978))).  Upon consideration, the Court granted voluntary dismissal without prejudice, "but only under the terms that the Plaintiff reimburse the Defendants the reasonable costs and attorney's fees incurred in this case after this matter was transferred . . . . and attorney's fees, if any, incurred in the previously dismissed Florida case, 1:09-cv-00023."  (Doc 141 at 13).  The Court found "[t]hese terms [ ] necessary and proper to protect the Defendants 'from the unfairness of duplicative litigation' while allowing a dismissal without prejudice at this late stage of the litigation."  (Doc 141 at 13) (quoting *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004)).  Thus, there is simply no issue that Russell-Brown's complaint has been dismissed and she cannot revive her complaint by refusing to comply with the terms and conditions imposed by the Court.  Moreover, Russell-Brown has waived any challenge to the status of her complaint by failing to address this issue as directed by the Court.

     Turning to the instant motion to dismiss, Russell-Brown argues that the defendants' counterclaim is barred by Rule 13(a) of the Federal Rules of Civil

Procedure because they failed to assert it at the time they served their August 10, 2009 answer and affirmative defenses in the District of New Jersey. The UF defendants respond that Russell-Brown's motion should be denied because it is untimely and because "her Verified Complaint [filed in the Northern District of Florida] superseded and voided her prior pleading, negating any possible operation of Rule 13(a)." (Doc. 212 n. 4).

 Russell-Brown's motion to dismiss defendant's counterclaim should be denied as untimely. Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure requires that a response to a counterclaim be flied within twenty (20) days after service. Russell-Brown's motion to dismiss was filed 379 days after service of the defendants' counterclaim and she has not requested leave to file her motion out of time. Russell-Brown's only explanation for filing the instant motion more than a year after service of defendants' counterclaim, is that it was filed pursuant to the Court's April 20, 2011 order. However, Russell-Brown misconstrues the Court's order. The Court directed her to file motions regarding the status of her complaint and the defendant's counterclaim to provide the defendants an opportunity to respond and give the Court a proper motion to address. The Court did not grant Russell-Brown leave to file an out-of-time motion to dismiss.

 Secondly, even assuming *arguendo* that Russell-Brown's motion to dismiss was not untimely it is still due to be denied because the counterclaim is not barred by Rule 13(a) of the Federal Rules of Civil Procedure.

 Rule 13(a), which governs compulsory counterclaims, provides that "[a] pleading

must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Thus, a compulsory counterclaim is barred if not pleaded. *See, e.g., Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n. 1, 94 S. Ct. 2504, 2506 n. 1 (1974).

Here the defendants have not disputed Russell-Brown's assertion that their counterclaim is compulsory. Instead, they contend that "Russell-Brown's filing of her Verified Complaint superseded and voided her prior pleading, negating any possible operation of Rule 13(a)." (Doc. 212 n. 4) (citing *Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 702, 102 S. Ct. 3304 (1982) ("once accepted, an amended complaint replaces the original")).

Russell-Brown's contention that her "March 23, 2010 Verified Complaint was a new complaint, instituting a new action in the Northern District of Florida, not an amended complaint" is erroneous. The instant action was filed in the District of New Jersey and transferred to the Northern District of Florida due to improper venue. As such, when Russell-Brown filed her amended complaint in this Court to reflect proper venue within the Northern District of Florida the filing constituted an amended complaint and not a new action. Indeed, the Court referred to this as an amended complaint and directed the defendants to respond by April 26, 2010. Russell-Brown offers no authority for her assertion that this is something other than an amended complaint.

 "Under the Federal Rules, an amended complaint supersedes the original

complaint." *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981); *Jefferson v. H. K. Porter Co.*, 485 F. Supp. 356, 359 (N.D. Ala.1980), *aff'd*, 648 F.2d 337 (5th Cir. 1981); *accord*, C. Wright & A. Miller, 6 *Federal Practice and Procedure* s 1476, at 389-90 (1971)); *see also Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint.  Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" (quoting *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir.2003))).  Accordingly, the undersigned concludes that Russell-Brown's verified complaint is an amended complaint, which superseded and voided her prior pleading.  As such, defendant's counterclaim was not barred by Rule 13(a) of the Federal Rules of Civil Procedure.

   Russell-Brown also argues that "since it has no basis in law, the Defendants' Counterclaim was filed in retaliation for Plaintiff exercising her rights under Title VII, and should be dismissed."  (Doc 200 at 6).  To establish that the counterclaim is retaliatory, Russell-Brown would need to prove that the defendants filed it with retaliatory motive and without any reasonable basis in fact or law. *See Kentish v. Madahcom,* 566 F. Supp. 2d 1243, (M.D. Fla. 2008) (citing *Darveau v. Detecon, Inc.,* 515 F.3d 334 (4th Cir. 2008)).  Here, Russell-Brown's motion to dismiss fails to carry her burden of showing that the defendants' counterclaim – which seeks to enforce the terms of a settlement agreement entered into by Russell-Brown – has been asserted in bad faith and with a retaliatory motive.  At a minimum, a fact issue exists as to whether the defendants'

counterclaim is retaliatory and, for that reason, Russell-Brown's motion should be denied.

### III.  Recommendation

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that plaintiff's motion to dismiss, or alternatively, for summary judgment, on defendants' counterclaim (doc.200) should be **DENIED** and Plaintiff should be directed to file an answer to the counterclaim within fourteen (14) days.

**IN CHAMBERS** this 21st  day of March 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:09-cv-00257-MP-GRJ*