UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

        Plaintiff,

v.                                               Case No. 1:09-cv-257-MCR-GRJ

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES, THE UNIVERSITY
OF FLORIDA LEVIN COLLEGE OF LAW,
and ROBERT H. JERRY, II in his
individual and official capacities as
Dean of the University of Florida, Levin
College of Law,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion To Disqualify Judges And To Reassign Case. (Doc. 288.) Defendants have filed a Response (Doc. 289) and therefore the motion is ripe for review. For the reasons discussed below the motion to disqualify, as it applies to the undersigned, is due to be denied.[1]

## DISCUSSION

Relying upon 28 U.S.C. § 455(a) Plaintiff requests that I recuse myself from this case because the University of Florida Defendants did not provide a response to Plaintiff's public records request for e-mails between the University of Florida Defendants and myself. According to Plaintiff, because the University of Florida

---

[1] On May 16, 2012 Chief Judge Casey Rodgers entered an order reassigning the case to her solely to effect the timely and efficient handling of all issues and claims in this case due to the unavailability of Senior District Judge Paul. Because of the reassignment of the case Judge Rodgers denied as moot the request for disqualification of Judge Paul and directed the undersigned to enter a separate order addressing the motion as it relates to the disqualification of the undersigned.

Defendants did not respond to her public records request, it heightened her concern that there has been unlawful, *ex-parte* contact between the University of Florida Defendants and myself. This is the sole reason offered by Plaintiff to disqualify me from this case. Plaintiff does not offer any other details nor any specific information in support of her request for disqualification.

Defendants represent in their response that both the University of Florida and the Florida Department of Education have now responded to Plaintiff's public records request and that none of the emails produced support Plaintiff's accusation of improper *ex parte* communications between the defendants and myself. (Doc. 289, p.4, ¶13.)

The standard for recusal under § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000). To satisfy the requirements of § 455(a) a party must offer facts, not merely allegations, that evidence partiality. *See, United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999)("[a] charge of partiality must be supported by some factual basis ... recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'"). A party should not be permitted to recuse a judge on unsupported, irrational or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986.) "[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

Plaintiff's motion is based upon conjecture and her subjective concern rather than upon any facts whatsoever. Notably, the motion does not point to any facts or

2

information suggesting that *ex-parte* communications have occurred between me and the University of Florida Defendants, the University of Florida Office of General Counsel, the attorneys representing the University of Florida Defendants or any attorneys involved in the case. Simply put, the motion is premised exclusively upon Plaintiff's conjecture that the University of Florida's response to her public records request means that the University of Florida Defendants have concealed *ex-parte* communications with the undersigned.

In the absence of any concrete, definite or particular facts that Plaintiff can point to in support of her request for recusal, Plaintiff's conjecture and subjective conclusions – based solely upon the University of Florida's response to her public records request – is legally insufficient to support recusal and falls well short of demonstrating that any reasonable individual could entertain significant doubt about the impartiality of the undersigned. The fact that the University of Florida did not respond – in the manner Plaintiff wanted – to her public records request is insufficient to cause any individual – let alone a well-informed, thoughtful and objective observer –  to entertain significant doubt about the judge's impartiality.

Accordingly, for these reasons, Plaintiff's Motion To Disqualify (Doc. 288) the undersigned is due to be **DENIED** summarily.[2]

**DONE AND ORDERED** in Gainesville, Florida, on May 16, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] Because there is no factual or good faith basis for Plaintiff's claim of judicial bias there is no good reason to support Plaintiff's request to conduct discovery.