UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

      Plaintiff/Counterclaim-Defendant,

v.                                                                    Case No.  1:09-cv-257-RS-GRJ

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES, THE UNIVERSITY
OF FLORIDA LEVIN COLLEGE OF LAW,
and ROBERT H. JERRY, II in his
individual and official capacities as
Dean of the University of Florida, Levin
College of Law,

      Defendants/Counterclaim-Plaintiffs
_____/

## <u>ORDER</u>

      Pending before the Court is Plaintiff/Counterclaim-Defendant's Emergency

Motion to Disqualify Magistrate Judge Gary R. Jones. (Doc. 500.)[1]

Defendants/Counterclaim-Plaintiffs have not filed a response and the time for doing so

has passed. The motion is, therefore, ripe for review.

      This is now the fourth time the Plaintiff has filed a motion to disqualify me from

this case. The first motion was filed in May 2012 (Doc. 288) and was based upon the

unsupported claim that I had engaged in *ex parte* contact with the Defendant's legal

representatives. The only support for the allegation was that the Defendants had not

responded to a public record request made by Plaintiff to the University of Florida and

---

[1] The motion was filed improperly as an emergency motion and ignores Judge Smoak's previous warnings to counsel not to file emergency motions unless there was good cause to do so. Even though there was no reason to file the motion as an emergency the Court has not stricken the motion but rather has considered the motion as one which would afford the Defendants with 14 days to file a response.

therefore must have been hiding something. No information or evidence was filed in support of the motion that I had engaged in any *ex parte* communications with the legal counsel for the Defendants or for that matter any information that I even knew any of the legal representatives for Defendants.  For good reason the Court denied the motion because the motion was based entirely upon unsupported speculation and because the emails that eventually were produced by the University of Florida did not contain one shred of evidence supporting Plaintiff's claim that there had been improper *ex parte* communications between the Defendants and myself. (Doc. 291.)

The next motion to disqualify me was filed in early June 2014. (Doc. 481.)  This motion was based upon the allegation that Chief Judge Rodgers had made public disclosures of confidential information concerning judicial conduct and disability proceedings concerning Plaintiff. I denied the motion because, according to Plaintiff, the public disclosure was made in a proceeding by a judge other than me. Therefore, because the grounds raised in the motion were insufficient as a matter of law to support recusal, the motion was denied. (Doc. 485.)

Undeterred the Plaintiff then filed yet another emergency motion this time for reconsideration of my order denying the emergency motion to disqualify me. (Doc. 486.) Plaintiff argued that I should reconsider my order denying Plaintiff's motion to disqualify me because I misunderstood the basis of Plaintiff's emergency motion to disqualify me. According to Plaintiff, I misunderstood that Plaintiff was claiming that I should disqualify myself even if the identify of a complainant had been revealed by me in private and not just in public orders or in public proceedings. I denied Plaintiff's motion for reconsideration pointing out that I did not misunderstand the basis of Plaintiff's

2

Emergency Motion and that the Court had fully considered, understood and rejected Plaintiff's argument. (Doc. 489.)  Accordingly, because Plaintiff failed to present any new facts, information or argument to disturb the Court's prior ruling denying the motion to disqualify, I denied the motion for reconsideration.

The latest motion to disqualify me raises again the same argument that I should disqualify myself because the identify of the Plaintiff (as a complainant) was disclosed to Chief Judge Rodgers. In addition, Plaintiff now alleges that I should also disqualify myself because I participated as a keynote speaker and as a panelist in an educational program held at the University of Florida.

As to the allegation that because Plaintiff's identity as a complainant was disclosed I should disqualify myself, I have addressed this issue and rejected it twice. There is nothing in the letter attached to the motion that requires disqualification or that changes my previous orders denying Plaintiff's motion to disqualify me.

As to Plaintiff's argument that I should recuse myself because I participated in an educational seminar conducted at the University of Florida, this is not a sufficient reason for a judge to recuse himself or herself nor is there a reasoned or sound legal argument to suggest that such activities support recusal.

As the brochures –  attached to Plaintiff's motion –  disclose, in 2013 I was the keynote speaker and a panelist in a conference held at the University of Florida Levin College of Law, which addressed electronic discovery issues for the small and medium cases.  As evidenced in the attachments to Plaintiff's motion the Conference was underwritten by the International Center for Automated Research at the University of Florida Levin College of Law as part of its public mission. I was on the steering

3

committee that organized the conference. The steering committee consisted of me, a retired Florida judge, two private attorneys and two experts in the technology of e-discovery. I served on a panel concerning the new rules on e-discovery and I gave the keynote speech at the luncheon on the issue of proportionality in conducting e-discovery.

Further, as disclosed in the attachments to Plaintiff's motion, I served on the steering committee again in 2014 for the e-discovery conference at the University of Florida Levin College of Law, this time participating as a panelist with a lawyer and a technology expert discussing the use of software to locate electronically stored documents and using the software to assist counsel in developing a theme to a case.

According to Plaintiff, my participation in these educational conferences violates Canon 2 of the Code of Conduct for United State Judges because my participation in the educational conferences creates an appearance of impropriety. While Plaintiff points to the fact that the Conference was held at the University of Florida Levin College of Law and the fact that the brochure of the presenters lists Dean Jerry as one of the presenters, Plaintiff fails to mention that the website materials do not include Dean Jerry as a panelist at either the 2013 or the 2014 Conference and only list him as a "presenter" during the introduction at the 2013 Conference.  Dean Jerry is not included as a panelist or on the agenda for the 2014 Conference because the materials disclose that he did not participate in any way.

Thus, in a nutshell Plaintiff's argument that I should disqualify myself is based upon the fact that the CLE educational conference in which I spoke as a panelist was located at the University of Florida and because Dean Jerry, a defendant in this case, is

4

listed as a presenter. The agenda, however, attached to Plaintiff's motion discloses only that Dean Jerry welcomed the attendees at the beginning of the program in 2013 and not during the program in 2014. Further, Dean Jerry is not listed as a panelist on the agenda for either the 2013 or 2014 program and there is no suggestion that I served with Dean Jerry on any panel or served with him as part of my participation on the steering committee for the conferences. Simply put, Plaintiff's argument that I should disqualify myself because of an appearance of impropriety is based upon nothing more than my presence in the lecture hall during Dean Jerry's 15 minute welcome to the attendees of the Conference in 2013, my photograph appearing in a website brochure with the photographs of twenty other individuals, one of whom is Dean Jerry, and because the CLE program was held at the University of Florida Levin College of Law. These facts do not require disqualification because a reasonable person knowing all the facts would not think that the judge's impartiality might reasonably be questioned because the judge participated in a CLE seminar dealing with a particular topic.  *See, e.g. United States v Pitera*, 5 F. 3d 624, 626-27 (2d Cir. 1992)(denial of motion to disqualify affirmed where judge gave lecture to Organized Crime Drug Enforcement Task Force); *Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees*, 332 F. Supp. 2d 667 (S.D. N.Y. 2004)(motion to disqualify denied based upon presentation by district judge at BNA seminar dealing with electronic records in discovery); *McBeth v. Nissan Motor Corp, U.S.A.*, 921 F. Supp. 1473 (D.S.C. 1996)(recusal motion filed by car manufacturer denied where district judge gave speech at Auto Torts Seminar); and *Jacobson v Petterson*, No. C06-1117

MJP, 2006 WL 3692622 (W.D. Wash. Dec. 12, 2006)(Motion for recusal denied where motion based upon statement made by district judge at CLE seminar).

Plaintiff's motion does not allege that the e-discovery conference I participated in dealt with any issues involved in this case, does not allege that I made any comments during the presentation that remotely concerned this case, does not allege that Dean Jerry participated in any presentation in which I was involved, does not allege that I had any personal contact or involvement with Dean Jerry in the organizing or presentation of the Conference, and does not point to any other facts suggesting an appearance of impropriety based upon my participation in the Conference. Merely pointing to a website brochure in which my picture and Dean Jerry's profile appears on a page with the profiles of twenty other individuals, is insufficient to demonstrate a basis for me to recuse myself in this case because these facts would not under any circumstance cause "an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt about a judge's impartiality."

Lastly – and unrelated to the fact that Plaintiff's motion fails to demonstrate any facts that would support recusal – the motion has been filed more than a year after I participated in the 2013 e-discovery conference, four month after I participated in the 2014 e-discovery conference and at a point in this case where I am no longer involved and have not been assigned by the presiding district judge with any further responsibilities or tasks. Final judgment of default on Defendants' counterclaim already has been entered with the only remaining issue the determination of the amount of damages, if any, and the amount of attorney's fees, if any, to which Defendants are entitled and the entry of final judgment thereafter. Thus, the timing of Plaintiff's motion

suggests that Plaintiff's motivation for moving to recuse me has very little to do with an appearance of impropriety and more to do with Plaintiff's *post hoc* strategy after Plaintiff has lost the case to attempt to challenge the Court's prior decisions. Indeed, the last substantive ruling I made in this case was in March of 2012 almost one year before I participated in the e-discovery conference, and thus Plaintiff's argument that my participation in the e-discovery conference creates an appearance of impropriety certainly cannot call into question decisions I made long before the facts upon which Plaintiff relies had even occurred. While this might not have anything to do with the merits of Plaintiff's motion it is, nonetheless, strongly suggestive that Plaintiff may be using the motion for a purpose other than to recuse me from the case.

In any event the Court need not speculate as to Plaintiff's strategy for filing the motion because as discussed above, Plaintiff's motion to disqualify me is due to be denied because Plaintiff has failed to demonstrate that I should recuse myself because of the disclosure made by Chief Judge Rodgers or because I participated in an educational program unrelated to this case conducted at the University of Florida.

Accordingly, for these reasons, it is **ORDERED**:

Plaintiff/Counterclaim-Defendant's Emergency Motion to Disqualify Magistrate Judge Gary R. Jones (Doc. 500) is **DENIED**.

**DONE AND ORDERED** in Gainesville, Florida, on July 7, 2014.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

7