## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SHERRI RUSSELL-BROWN,**
      **Plaintiff/ Counter-Defendant,**

**v.**                       **CASE NO. 1:09-cv-257-RS-GRJ**

**THE UNIVERSITY OF FLORIDA,**
**BOARD OF TRUSTEES, THE**
**UNIVERSITY OF FLORIDA, LEVIN**
**COLLEGE OF LAW, and ROBERT H.**
**JERRY, II, in his individual and official**
**capacities as Dean of the University of Florida,**
**Levin College of Law,**

      **Defendant/ Counter-Plaintiffs.**
_____/

### ORDER

Before me is Plaintiff's Motion to Set Aside Default (doc. 527).

Plaintiff contends that the March 31, 2014 Order (doc. 447) should be set aside for two reasons—first, because it is inappropriate to sanction her as a result of her counsel's inappropriate conduct, and second, because Judge Rodgers's subsequent recusal on grounds of avoiding the appearance of impropriety warrants vacating her substantive orders.

Plaintiff's first argument is in substance a motion for reconsideration of the merits of Judge Rodgers's decision. Having reconsidered the decision, I decline to modify it.

Plaintiffs second argument at least merits consideration. Judge Rodgers recused herself from this case on May 27, 2014 (doc. 473). This was the same day that Plaintiff filed an Emergency Motion to Disqualify Judge (doc. 470) on the grounds that Judge Rodgers had engaged in judicial misconduct by publicly revealing certain information her March 31, 2014, Order (doc. 447)—the same Order that Plaintiff is contesting today. The same day, Judge Rodgers sealed that Order to the public. (*See* doc. 472). Judge Rodgers stated that she recused herself "to avoid even an appearance of impropriety." (doc. 527-1).

Plaintiff relies on *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 2205, 100 L. Ed. 2d 855 (1988), where the Court laid out a test for whether the decisions of a judge who recused herself pursuant to 28 U.S.C. § 455(a) should be vacated. However, this case is inapposite to Plaintiff's contention that the March 31, 2014, Order should be vacated. Judge Rodgers did not recuse herself pursuant to § 455(a), which requires a situation in which ""impartiality might reasonably be questioned." Rather, she resigned to avoid impropriety arising over the release of certain information in the March 31, 2014, Order (doc. 447).

Furthermore, even if her recusal could be construed as being due to partiality, Judge Rodgers, at the time of the March 31, 2014, Order (doc. 447), did not have any reason at all for which "impartiality might reasonably be questioned."

The release of the information did not occur until the same moment that she issued the judgment and sanctions that Plaintiff is currently contesting. There is no evidence whatsoever that Judge Rodgers might have exhibited any appearance of impropriety or impartiality at the time she made the decision to issue sanctions and judgment against Plaintiff.

Furthermore, even if *Liljeberg* were the appropriate test, this case would not warrant vacatur. In deciding whether to vacate, courts should consider "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." <u>Liljeberg</u>, 486 U.S. at 864.

There is little risk of injustice to the parties in this case, since Judge Rodgers exhibited no impropriety or impartiality whatsoever at the time she made the decision. There is, however, "risk of injustice posed by the remedy of vacatur itself," *United States v. Cerceda*, 172 F.3d 806, 813 (11th Cir. 1999), because vacatur would require additional time and resources in this litigation which has already lasted more than five years.

There is likewise little risk that denial of relief will produce injustice in other cases, as the decision at issue is highly fact-specified and other parties are mostly unaware of its contents, since it was sealed. Vacatur would not deter judges in the

future from similar conduct, since the alleged impropriety did not even occur until the Order was already published.

Finally, there is no risk in undermining the public's confidence in the judicial process by denying vacatur. Rather, the public's confidence might be justifiably undermined if I were to grant Plaintiff's motion and consume more judicial resources in addressing this debacle of litigation.

This decision is final. If Plaintiff moves for reconsideration without stating a meaningful change in law or fact not presently available to this court, I will issue sanctions pursuant to Fed. R. Civ. P. 11(b). Defendant shall submit a proposed final judgment against the Plaintiff pursuant to the March 31, 2014 Order (doc. 447).

Plaintiff's Motion to Set Aside Default (Doc. 527) is **DENIED**. Defendants shall file, not later than September 24, 2014, a proposed order of final judgment against Plaintiff-Counter Defendant Sherri Russell-Brown .

**ORDERED** on September 10, 2014.

/s/ **Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**