IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**SHERRI RUSSELL-BROWN,**
    Plaintiff/ Counter-Defendant,

v.                                   CASE NO. 1:09-cv-257-RS-GRJ

**THE UNIVERSITY OF FLORIDA,**
**BOARD OF TRUSTEES, THE**
**UNIVERSITY OF FLORIDA, LEVIN**
**COLLEGE OF LAW, and ROBERT H.**
**JERRY, II, in his individual and official**
**capacities as Dean of the University of Florida,**
**Levin College of Law,**

    Defendant/ Counter-Plaintiffs.
_____/

## ORDER

Before me is Plaintiff's Response to Order to Show Cause (Doc. 537).

In my August 22, Order (Doc. 529), I ordered Attorney Lennox Hinds to show cause why he should not be sanctioned for filing Plaintiff's Emergency Motion to Stay (Doc. 524) even though he had been warned multiple times not to file emergency motions that are not truly exigent in nature.

The Federal Rules require an attorney to certify, upon filing any motion, that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). If after notice and an opportunity to respond a court determines that this

rule has been violated, the court may impose an appropriate sanction on the attorney. Fed. R. Civ. P. 11(c)(1). The court may impose sanctions on its own initiative. Fed. R. Civ. P. 11(c)(3).

Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (citations and quotations omitted). The purpose of sanctions is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thus avoiding unnecessary delay and expense in litigation." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (citations and quotations omitted). The rule incorporates an objective standard—whether a reasonable attorney in like circumstances could believe his actions were justified. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). However, when the court imposes sanctions on its own imitative, a more stringent "akin-to-contempt" standard applies. *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010).

Parties may file emergency motions with the court to ask it to "waive the time requirements of this rule and grant an immediate hearing on any matter

requiring such expedited procedure." N.D. Fla. Loc. R. 7.1(E). Any request must set forth in detail the reasons requiring this expedited procedure. *Id.*

Plaintiff, throughout the five-year course of this five-year litigation, has filed at least 32 emergency motions. (*See* Docs. 106, 107, 135, 158, 233, 285, 360 (subsequently withdrawn), 362, 369, 370 (corrected), 372, 375, 376, 377 (amended), 398 (by consent), 456, 463, 466, 467, 469, 470, 475, 481, 482, 483, 486, 490, 496, 498, 500, 505 (stricken), 524). This is several times greater than the combined number of emergency motions that I have seen in other cases throughout my entire career.

In responding to at least four of those emergency motions, I told Plaintiff not to file emergency motions that were not truly emergent in nature and that required my attention for some extraordinary reason that required the normal timing requirements to be set aside. *See* Doc. 487 ("Counsel shall not file emergency motions unless the fourteen day response deadline as allowed by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Florida would pose a substantial likelihood of irreparable or adverse consequences."); Doc. 502 ("If anymore motions are filed as emergencies that are not actually emergent in nature, counsel for Plaintiff will be sanctioned under Fed. R. Civ. Pro. 11(b)(1) for filing motions for an improper purpose."); Doc. 506 (striking Plaintiff's emergency motion as not actually being emergent in nature); Doc. 519 ("This is Plaintiff's

final warning. Plaintiff is prohibited from needlessly filing improper motions and notices in violation of the Federal Rules of Civil Procedure Rule 11(b).").

Nevertheless, despite four warnings, including a direct notice that I would issue sanctions the next time an emergency motion was improperly filed, Attorney Hinds filed an Emergency Motion to Stay (Doc. 524). On the eve of a deadline which had already been extended four times, Hines informed the court that Plaintiff was en route to the hospital due to a medical emergency and asked for proceedings to be stayed.

Attorney Hinds has failed to justify filing the motion in disregard of my previous warnings not to file emergency motions. Given the extremely generous amount of time he had to prepare his Response to Defendant's Notice of Filing (Doc. 503) and discuss the contents of the response with his client, her unfortunate absence on the eve of the deadline was not a reason that Plaintiff's Emergency Motion to Stay Proceedings needed to be brought to my attention immediately, rather than in accordance with the normal time limits this court has established. Counsel could have instead filed a non-emergency motion to extend time, which *he in fact did* later the same day (Doc. 526). His timely filing the proper motion severely undercuts any contentions that his motion needed immediate attention.

The filing of an improper emergency motion after being so specifically and emphatically warned not to do so is akin to contempt. The emergency status of the

motion served no purpose other than to unnecessarily consume this court's resources and further delay this delay this litigation in violation of Fed. R. Civ. P. 11(b)(1).

A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). The sanction may include a fine payable to the court. *Id*.

This is not the first time Mr. Hinds has been sanctioned. For his and his client's behavior throughout the course of this calamitous litigation, this court imposed one of the harshest sanctions imaginable—full default judgment and full attorneys' fees. (*See* Doc. 447). The amount of those fees was the subject the parties were debating when Plaintiff filed the emergency motion that is the basis of these sanctions. Defendants have already been awarded a significant amount of attorneys' fees. Further, Defendants spent a negligible amount of time and effort responding to Attorney Hinds's emergency motion, since it by design does not require a response. Rather, Hinds's conduct has undermined this court's direct orders and consumed this court's time and resources. A fine payable to this court is the most appropriate sanction. This fine is issued in order to deter Attorney Hinds from further disregarding the rules of this court and my direct orders.

There appears to be little guidance for determining the amount of such fine, since it is being awarded for the purposes of deterrence rather than to compensate

opposing counsel for wasted time. Generally, the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion. *Donaldson*, 819 F.2d at 1557. Attorneys' fees are most commonly imposed, *id.*, but are not appropriate in this case.

In an exercise of my discretion, considering Mr. Hinds's behavior throughout the duration of this litigation, Mr. Hinds's blatant disregard of the rules of this court, Mr. Hinds's blatant disregard of my orders not to file improper emergency motions, and the fact that sanctions have already failed to deter Mr. Hinds from respecting this court's rules, a fine of $250.00, payable to this court, is appropriate. Additionally, Mr. Hinds is warned that if he again files an emergency motion not in accordance with N.D. Fla. Loc. R. 7.1(E), I will pursue additional disciplinary measures against him pursuant to N.D. Fla. Loc. R. 11.1(E)(5), including prohibition from practice before this court.

Plaintiff's Response to Order to Show Cause (Doc. 537) is **DENIED**. Plaintiff's counsel Lennox Hinds shall pay a fine of $250.00 to this court not later than September 29, 2014.

**ORDERED** on September 15, 2014.

/s/ Richard Smoak
RICHARD SMOAK
UNITED STATES DISTRICT JUDGE