IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**SHERRI RUSSELL-BROWN,**
    Plaintiff/ Counter-Defendant,

v.                                         **CASE NO. 1:09-cv-257-RS-GRJ**

**THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES, THE
UNIVERSITY OF FLORIDA, LEVIN
COLLEGE OF LAW, and ROBERT H.
JERRY, II, in his individual and official
capacities as Dean of the University of Florida,
Levin College of Law,**

    Defendant/ Counter-Plaintiffs.
_____/

## ORDER

Before me is Plaintiff's Response to Order to Show Cause (Doc. 546).

In my September 4, 2014, Order (Doc. 536), I ordered Attorney Lennox Hinds to show cause why he should not be sanctioned for filing Plaintiff's Motion for Reconsideration (Doc. 535) even though I had already denied his first Motion for Reconsideration (Doc. 531) of the decision in question, my August 29, 2014 Order (Doc. 529).

The Federal Rules require an attorney to certify, upon filing any motion, that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P.

11(b)(1). If after notice and an opportunity to respond a court determines that this rule has been violated, the court may impose an appropriate sanction on the attorney. Fed. R. Civ. P. 11(c)(1). The court may impose sanctions on its own initiative. Fed. R. Civ. P. 11(c)(3).

Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (citations and quotations omitted). The purpose of sanctions is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thus avoiding unnecessary delay and expense in litigation." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (citations and quotations omitted). The rule incorporates an objective standard—whether a reasonable attorney in like circumstances could believe his actions were justified. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). However, when the court imposes sanctions on its own initiative, a more stringent "akin-to-contempt" standard applies. *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010).

A motion for reconsideration may be granted for six reasons. *See* Fed. R. Civ. P. 60(b). The only possible reason that could support Plaintiff's Motion for Reconsideration (Doc. 535) is "any other reason that justifies relief." Courts have interpreted this rule to generally require "extraordinary" circumstances to justify the reconsideration. *See Ackermann v. United States*, 340 U.S. 193, 202, 71 S. Ct. 209, 213, 95 L. Ed. 207 (1950). Further, a busy district court need not allow itself to be beset by the presentation of theories seriatim. *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citations and quotations omitted). Such motions are discouraged when "the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* Other courts have persuasively referred to the motion for reconsideration as an "extraordinary remedy, to be employed sparingly" and ruled that "only a change in the law, or the facts upon which a decision was based, justifies reconsideration of the Court's previous order." *Mannings v. Sch. Bd. of Hillsborough Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

For the reasons outlined in my September 4, 2014, Order (Doc. 536) denying Plaintiff's motion, I find the motion to have been filed for an improper purpose. The motion presented no new factual information and no legal theories that were not readily available to Plaintiff at the time of his first Motion for Reconsideration (Doc. 531). Moreover, this was a *second* motion for reconsideration of my August

22, 2014, Order (Doc. 529). Plaintiff had the opportunity to present all existing legal and factual information as to why this court should reconsider that Order in his first Motion to Reconsider (Doc. 531). I denied that Motion in my September 2, 2014, Order (Doc. 534), taking account of all the information that Plaintiff had presented, and I fully explained my reasons for doing so. By filing a second motion for reconsideration without presenting any information not available at the time of the first motion for reconsideration, and certainly no information rising anywhere near the "extraordinary" standard required to grant such motions, Attorney Hinds unnecessarily and frivolously consumed this court's resources and created further delay in this litigation, which has already lasted more than five years. This motion was therefore in violation of Fed. R. Civ. P. 11(b)(1). By filing this motion without presenting anything remotely resembling the "extraordinary" circumstances required by Rule 60(b), even after I had *already denied reconsideration* of the very same issue, Attorney Hinds undermined the authority of my September 2, 2014, Order (Doc. 534) and the authority of this court. His conduct was "akin to contempt."

    A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). The sanction may include a fine payable to the court. *Id.*

Defendants spent a negligible amount of time and effort responding to Attorney Hinds's motion for reconsideration, since it by design does not require a response. Rather, Hinds's conduct has undermined this court's authority and consumed this court's time and resources. A fine payable to this court is the most appropriate sanction. This fine is issued in order to deter Attorney Hinds from further undermining the authority of my orders.

There appears to be little guidance for determining the amount of such fine, since it is being awarded for the purposes of deterrence rather than to compensate opposing counsel for wasted time. Generally, the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion. *Donaldson*, 819 F.2d at 1557. Attorneys' fees are most commonly imposed, *id.*, but are not appropriate in this case.

This is not the first time Attorney Hinds has been sanctioned. Hinds and his client were sanctioned by an order of full default judgment and attorneys' fees (Doc. 447) for their conduct throughout the course of this litigation. In addition, I recently sanctioned Hinds in the amount of $250.00 (Doc. 543) for filing an emergency motion in blatant disregard of my orders not to do so.

In an exercise of my discretion, considering Mr. Hinds's behavior throughout the duration of this litigation, Mr. Hinds's blatant disregard of my orders, and the fact that sanctions have already failed to deter Mr. Hinds from

respecting this court's authority, a fine of $500.00, payable to this court, is appropriate. Additionally, Mr. Hinds is warned that if he again files a frivolous motion for reconsideration on an issue that I have already reconsidered, I will pursue additional disciplinary measures against him pursuant to N.D. Fla. Loc. R. 11.1(E)(5), including prohibition from practice before this court.

Plaintiff's Response to Order to Show Cause (Doc. 546) is **DENIED**. Plaintiff's counsel Lennox Hinds shall pay a fine of $500.00 to this court not later than October 2, 2014.

**ORDERED** on September 18, 2014.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**
