IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHERRIE RUSSELL-BROWN,

    Plaintiff,

v.                                CASE NO. 1:09cv257-RH/GRJ

THE UNIVERSITY OF FLORIDA,
BOARD OF TRUSTEES,
THE UNIVERSIY OF FLORIDA,
LEVIN COLLEGE OF LAW, and
ROBERT H. JERRY, II, in his individual
and official capacities as Dean of the University
of Florida, Levin College of Law,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE
## THE MOTION FOR AN INDICATIVE RULING

    This action included a claim and counterclaim. A final judgment was entered in favor of the defendants for damages and injunctive relief. The plaintiff appealed. Shortly before a scheduled oral argument, the parties apparently entered into a settlement agreement conditioned on this court's entry of an agreed order with specific terms. The Eleventh Circuit canceled the oral argument and stayed the appeal for this court's consideration of whether to enter an indicative ruling—that

is, for this court to indicate whether, if the case is remanded, the court will enter an order with the parties' agreed terms.

The plaintiff has filed a consented motion for an indicative ruling. The proposed indicative ruling is that, if the case is remanded, this court will enter an order that includes the terms to which the parties have agreed. But the motion for an indicative ruling does not set out the terms to which the parties have agreed. Without knowing what the proposed order will say, I cannot agree to enter the proposed order. This order thus denies the motion for an indicative ruling. The plaintiff may file a renewed motion setting out the terms of the proposed order.

One further matter deserves mention. Most settlements do not require court approval. It often happens that parties agree to settle on terms they do not wish to make public. I often order parties to comply with the terms of their settlement agreement. I do this even without knowing the terms of the settlement agreement. If the parties' settlement requires nothing more than vacatur of the prior money judgment and injunction, coupled, perhaps, with an order to comply with the settlement agreement, then I will enter an indicative ruling announcing my intention to take those steps if the case is remanded. But if the parties wish to have an order entered with additional terms, I need to know what the terms are, before entering an indicative ruling approving those terms.

For these reasons,

IT IS ORDERED:

The motion for an indicative ruling, ECF No. 594, is denied without prejudice.

SO ORDERED on September 17, 2016.

s/Robert L. Hinkle<br>United States District Judge